STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 22-CVS-001507

FILED
2022 JUL -7 A 10: 04
NEW HANOVER CO., C.S.C.
BY_____

| | | |
|---|---|---|
| MARK EASTHAM and PETER SPARK | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | NOTICE OF HEARING |
| PORT CITY CONTRACTING SERVICES, INC., ROBERT P. SHARPE, STONE BAY TACTICAL, LLC, and SRS SUPPLY, LLC, | ) | |
| Defendants. | ) | |

PLEASE TAKE NOTICE that the undersigned will bring on for hearing the

Plaintiffs' Motion for Pre-judgement Attachment, at the July 7, 2022, Civil Session of the New

Hanover County Superior Court at 9:30 a.m. or as soon thereafter as the same may be heard.

RESPECTFULLY SUBMITTED, this the 23rd day of June, 2022.

Davis Hartman Wright LLP
P.O. Box 11320 (28404)
3819 Park Avenue, Suite B
Wilmington, NC 28403
Telephone and Facsimile: (910) 756-4070

By: _____

Thomas S. Babel
N.C. State Bar No. 35004
tsb@dhwlegal.com
*Counsel for Plaintiffs Mark Eastham
and Peter Spark*

NEW HANOVER COUNTY CLERK OF COURT

R162800 07/07/22 15:20:18

PAYOR: EASTHAM,MARK
PAYEE: NOH
CASE#: 22CVS001507 VCAP:Y
CITA#:

| | |
|---|---|
| 21450 MOTION FEE | 20.00 |
| TOTAL PAID | 20.00 |
| CO TENDERED | 20.00 |
| CHANGE | .00 |

8913 ID C64CAR

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **NOTICE OF HEARING** by the following means:

   ☑ By placing a copy, contained in a first-class, postage-paid wrapper, into a depository under the exclusive custody of the United States Postal Service, addressed to the parties as indicated below:

| | |
|---|---|
| Stone Bay Tactical, LLC | SRS Supply, LLC |
| 2017 Corporate Drive, Unit 4 | 245 Royal Fern Road |
| Wilmington, NC 28405 | Wilmington, NC 28412 |

   ☑ By causing to be delivered to the party(ies) via electronic mail to the electronic mail address indicated below:
      wcreiss@reissnutt.com

This the 23rd day of June, 2022.


Thomas S. Babel
*Counsel for Plaintiffs Mark Eastham and Peter Spark*

STATE OF NORTH CAROLINA       IN THE GENERAL COURT OF JUSTICE
         SUPERIOR COURT DIVISION
COUNTY OF NEW HANOVER       FILE NO.: 22-CVS-001507

2022 JUL -5 P 12: 01

| | |
|---|---|
| MARK EASTHAM And PETER SPARK, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| PORT CITY CONTRACTING SERVICES, INC., ROBERT P. SHARPE, STONE BAY TACTICAL, LLC, and SRS SUPPLY, LLC, | ) **AFFIDAVIT OF MICHAEL RUDNER** |
| | ) |
| Defendants. | ) |
| | ) |

NOW COMES Michael Rudner, Affiant, being first duly sworn, who deposes and states:

1.     I am above the age of eighteen years old, of sound mind, suffer from no legal disabilities, have personal knowledge of all matters herein asserted, and am otherwise competent to testify to the contents of this affidavit.

2.     I am President of Port City Contracting Services, Inc. ("PCCS").

3.     PCCS owns the firearms and equipment identified in Exhibit E to its response to the Plaintiffs' First Set of Interrogatories and Request for Production of Documents, which is attached and incorporated herein.

4.     None of those firearms and related equipment have ever been transferred to another business entity.

5.     All of the firearms and related equipment are stored pursuant to federal requirements and their ownership, transfer, and storage is governed by federal law.

**REISS & NUTT, PLLC**
1221 Floral Parkway, Suite 104 – Wilmington, North Carolina 28403

-2-

This the _1_ day of ___July___ 2022.

<div align="right">
MICHAEL RUDNER
</div>

Sworn to and subscribed before me this
the _1_ day of July 2022.

_____
NOTARY PUBLIC

My commission expires: _10·13-28_

Rose Shannon
Notary Public, Commonwealth of Massachusetts
My Commission Expires    October 13, 2028

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that the foregoing Affidavit was duly served on the following persons, pursuant to Rule 5 of the North Carolina Rules of Civil Procedure by facsimile:

Thomas Babel
Davis Hartman Wright, LLP
P.O. Box 11320 (28404)
Wilmington, NC 28403
Fax: (910) 756-4080
*Attorneys for Plaintiffs*

This the 1st day of July 2022.

REISS & NUTT, PLLC
*Attorneys for Defendants*

By:

W. Cory Reiss
N.C. State Bar No. 41549
Email: wcreiss@reissnutt.com
1221 Floral Parkway, Suite 104
Wilmington, NC 28403
Telephone: (910) 420-4674
Facsimile: (910) 420-4637

DEFENDANT'S
EXHIBIT
E

PCCS Assets: Firearms and related equipment

- 19 Suppressors with an approximate value of $17,000 located at PCCS
- 30 SIG pistols with an approximate value of $18,000 located at PCCS
- 20 Radical Shotguns with an approximate value of $10,000 located at PCCS
- Optics, knives and accessories with an approximate value of $50,000 located at PCCS
- 4 GO2 carbine rifles with an approximate value of $5,600 located at Osprey Training Facility
- 3 SIG demo carbine rifles with an approximate value of $6,000 located at Osprey Training Facility
- 5 GO2 demo carbine rifles with an approximate value of $7,000 located at Osprey Training Facility
- 4 Sig demo pistols with an approximate value of $2,400 located at the Osprey Training Facility
- 1 SIG demo pistol with an estimated value of $600 located with Cheryl Mihalik at PCCS
- 1 SIG demo pistol with an estimated value of $600 located with Andrew Layton at PCCS
- 1 SIG demo pistol with an estimated value of $600 located with David Grange at Osprey Training Facility
- 1 SIG demo pistol with an estimated value of $600 located with Tyson Dunkelberger at OTX Training & Consulting
- 1 GO2 demo carbine rifle with an approximate value of $1400 located at Mission Ridge Range & Academy (in transit to PCCS)
- 1 SIG pistol with an approximate value $600 located at located at Mission Ridge Range & Academy (in transit to PCCS)

Total approximate value: $ 120,400

Addresses:

PCCS: 2017 Corporate Drive, Unit 4, Wilmington NC 28405

Osprey Training Facility: 1000 Elwell Ferry Rd, Council NC 28434

OTX Training & Consulting: 4 Portofino Drive, Suite 1804, Pensacola Beach FL 32561

Mission Ridge Range & Academy: 4507 N Loop 1604 West, San Antonio TX 78249



# HAMLET
## — LAW —



FILED

H. Mark Hamlet
Nicole B. Slaughter
Jessica S. Humphries
Suzanne E. Brown
Christopher E. Faircloth
Sarah E. Morin-Gage
Kelly M. Barco
Brennan B. Ferguson

2022 JUN -3  P 12: 03

NEW HANOVER COUNTY, C.S.C.

**Reply To:**
H. Mark Hamlet
(910) 777-5995
mhamlet@hamlet-law.com

June 1, 2022

**VIA US MAIL**
Jan G. Kennedy
Clerk of Superior Court
PO Box 2023
Wilmington, NC 28402

> Re:  Mark Eastham and Peter Spark v Port City Contracting Services, Inc. and
> Robert P. Sharpe
> New Hanover County File No. 22 CVS 1507
> Our Case No.: 058134.0328

Dear Ms. Kennedy:

Please find enclosed the original and one copy of the Report of Mediator with regard to the above matter. Please file the original and forward me the filed stamped copy in the postage paid envelope provided.

If you have any questions or concerns about the enclosed Report of Mediator, please do not hesitate to call.

Very truly yours,

H. Mark Hamlet

HMH:or
Enclosures
cc:   All counsel with enclosure, Tonya Gilley

# STATE OF NORTH CAROLINA

| File No. |
| 22 CVS 001507 |

New Hanover _____ County

In The General Court Of Justice
Superior Court Division

*Name of Plaintiff(s)*
Mark Eastham and Peter Spark

**VERSUS**

2022 JUN -3 P 12: 03

*Name of Defendant(s)*
Port City Contracting Services, Inc. and Robert P. Sharpe NEW HANOVER COUNTY, C.S.C.

**REPORT OF
MEDIATOR IN SUPERIOR
COURT CIVIL ACTION**

G.S. 7A-38.1; Rule 6.B(4) of the Rules Implementing
Statewide Mediated Settlement Conferences and Other
Settlement Procedures in Superior Court Civil Actions

*Name And Address Of Mediator*
5215 Junction Park Circle
Suite 202
Wilmington, NC 28412

| *Telephone No. Of Mediator* 910-777-5995 | *Fax No. Of Mediator (If Applicable)* 910-399-4277 |

1. The undersigned mediator reports the following results of a mediation settlement conference either ☒ ordered   or
   ☐ voluntarily conducted in this case:
   a.   Conference   ☒ was held.   ☐ was not held.
   b.   If held, date conference was completed: _05/31/2022_
   c.   If not held, the reasons were: _____

2. If the case was reported settled prior to or during a recess of the conference, provide the name(s) of the person(s) who reported the case settled: _____

3. The parties reached an:   ☐ agreement on all issues.   ☒ impasse.

4. ☐ If the case was settled, then, as required by MSC Rule 6.B(4)(b), the mediator has advised the parties that MSC Rule 4.C requires that closing documents be filed with the court within 30 days of settlement (or 90 days if a State or political subdivision is involved) or before expiration of the mediation deadline, whichever is longer. The following closing document is to be filed:
   a.   ☐ consent judgment.   ☐ voluntary dismissal with prejudice.   ☐ voluntary dismissal without prejudice.
   b.   Name, address, email, and telephone number of party or attorney who is to file the closing document:
       Name: _____
       Address: _____
       Telephone number: (_____) _____ - _____   Email Address: _____

5. Names of those who attended the conference:

| Name | Affiliation (e.g., party, attorney, insurance company representative, lienholder, or other) |
|---|---|
| Thomas Babel | Attorney for Plaintiffs |
| Mark Eastham | Plaintiff |
| Peter Spark | Plaintiff |
| Addison Palanza | Attorney for Defendants |
| James Gillespie | Attorney for Defendants |
| Robert P. Sharpe | Defendant |
| | |
| | |
| | |
| | |

Original-File   Copy-Senior Resident Superior Court Judge or his/her designee   Copy-Plaintiff   Copy-Defendant
(Over)

AOC-CV-813, Rev. 7/14
© 2014 Administrative Office of the Courts

| Name | Affiliation (e.g., party, attorney, insurance company representative, lienholder, or other) |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

## MEDIATOR'S FEE

| | Court-Appointed Mediator | Party-Selected Mediator |
|---|---|---|
| ADMINISTRATIVE FEE (MSC RULE 7.B *or as privately agreed with party-selected mediator*) | $ | $ 250.00 |
| MEDIATION FEE (MSC RULE 7.B: *$150.00 per hour for time spent in conference for court-appointed mediator, billed in quarter hour segments, or privately set fee for party-selected mediator*) Total Time Spent in Mediated Settlement Conference(s): __2__ Hours __30__ Minutes | $ | $ 737.50 |
| POSTPONEMENT/CANCELLATION FEE (MSC RULE 7.E *or as privately agreed with party-selected mediator*) | $ | $ |
| **TOTAL FEE** ▶ | $ | $ 987.50 |

All fees of the mediator have been paid, except as follows:

| Name Of Party Owing Balance | Address Of Party | Amount Of Balance |
|---|---|---|
| Thomas Babel | 2819 Park Avenue, Suite B, Wilmington, NC 28403 | $ 493.75 |
| Addison Palanza | 314 Walnut Street, Suite 100, Wilmington, NC 28401 | $ 493.75 |
| | | $ |
| | | $ |

**Name of any party filing Petition For Relief From Obligation To Pay Mediator's Fee:** *(Please attach Petition For Relief.)*

_____

I have filed this report with the Court as required within ten (10) days after conclusion of the conference or within ten (10) days of being advised by a party that this case settled before the date scheduled for mediation or during a recess of the conference.

| Date | Name Of Mediator (Type Or Print) | Signature Of Mediator |
|---|---|---|
| 06/01/2022 | H. Mark Hamlet | *H. Mark Hamlet* |

STATE OF NORTH CAROLINA ⸬ ⸬ 〔 〕N THE GENERAL COURT OF JUSTICE
                                                    SUPERIOR COURT DIVISION
COUNTY OF NEW HANOVER ⸬⸬⸬ -1 ⊃ 3: 42            22-CVS-1507

MARK EASTHAM, and PETER ⸬⸬⸬⸬⸬⸬ CO.) C.S.C.
SPARK,
                          BY_____ ⸬⸬
                                  Plaintiffs,  )
                                               )
                                               )
vs.                                            )     **MOTION FOR ENLARGEMENT OF**
                                               )        **TIME TO ANSWER OR**
                                               )      **OTHERWISE RESPOND TO**
PORT CITY CONTRACTING                          )           **COMPLAINT**
SERVICES, INC., and ROBERT P.                  )
SHARPE,                                        )              NO    $6|2$
                                               )           Service
                          Defendants.          )          for D2 · $\tau \dot{s} \Delta$
_____                 )      Emailed attys

Pursuant to Rule 6(b) of the North Carolina Rules of Civil I

Port City Contracting Services, Inc., and Robert P. Sharpe (hereinafter "Defendants"), by

and through undersigned counsel, hereby move this Court for an extension of time of thirty

(30) days, through and including Wednesday, July 6, 2022, within which to answer or

otherwise respond to Plaintiffs' Complaint in this action.

In support of this motion, Defendants show unto the Court that:

1.    A Complaint was filed by Plaintiffs, and summons were issued to

Defendants, in this action on Wednesday, May 4, 2022;

2.    Defendants accepted service of the summons and Complaint as of Friday,

May 6, 2022;

3.    Defendants' deadline to answer or otherwise respond to Plaintiffs'

Complaint is Monday, June 6, 2022;

4.    The time within which Defendants must answer or otherwise respond to

Plaintiffs' Complaint has not yet expired; and

A **TRUE COPY**
CLERK OF SUPERIOR COURT
NEW HANOVER COUNTY
BY: *Jeanne M. Heckart*
Deputy Clerk of Superior Court

5.    Defendants request an extension of time of thirty (30) days, through and including **Wednesday, July 6, 2022**, in order to gather the necessary materials and records to be able to fully answer or otherwise respond to Plaintiffs' Complaint.

WHEREFORE, Defendants pray that the Court enter an Order allowing an additional thirty (30) days, through and including **Wednesday, July 6, 2022**, within which to answer or otherwise respond to Plaintiffs' Complaint.


Respectfully submitted, this the 1st day of June, 2022.

                                        ATLANTIC COAST LAW

By:    _____

                                        ADDISON T. PALANZA
                                        NC Bar No. 50918
                                        CONOR P. DEGNAN
                                        NC Bar No. 52105
                                        *Attorneys for Defendants*
                                        314 Walnut Street, Suite 100
                                        Wilmington, NC 28401-4160
                                        910 769 6884 - Office
                                        910 777 5867 - Facsimile
                                        addison@atlanticcoastlaw.com
                                        degnan@atlanticcoastlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, pursuant to the provisions of Rule 5(b) of the North Carolina Rules of Civil Procedure (G.S. § 1A-1, Rule 5(b)), I served a copy of the foregoing or attached **MOTION FOR ENLARGEMENT OF TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT** and **PROPOSED ORDER GRANTING ENLARGEMENT OF TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT** on each of the below-named parties and interested persons, if applicable, by mailing a copy thereof to the address(es) indicated below in an pre-paid envelope deposited in an official depository under the exclusive care and custody of the United States Postal Service in Wilmington or Wrightsville Beach, North Carolina and email, properly addressed as follows:

> Thomas S. Babel
> Davis Hartman Wright, LLP
> P.O. Box 11320
> Wilmington, NC 28404
> 2819 Park Avenue, Suite B
> Wilmington, NC 28403
> tsb@dhwlegal.com
> *Attorney for Plaintiffs*

This the 1st day of June, 2022.

ADDISON T. PALANZA
CONOR P. DEGNAN

# STATE OF NORTH CAROLINA

_____ New Hanover _____ County

File No.

22 CVS 001507

In The General Court Of Justice
Superior Court Division

| Name Of Plaintiff(s)<br>Mark Eastham and Peter Spark | **REPORT OF** |
| **VERSUS** | **MEDIATOR IN SUPERIOR** |
| Name Of Defendant(s)<br>Port City Contracting Services, Inc. and Robert P. Sharpe | **COURT CIVIL ACTION** |

2022 JUN -7 P 2: 42

**REPORT OF MEDIATOR IN SUPERIOR COURT CIVIL ACTION**

G.S. 7A-38.1; Rule 6.B(4) of the Rules Implementing Statewide Mediated Settlement Conferences and Other Settlement Procedures in Superior Court Civil Actions

| Name And Address Of Mediator<br>5215 Junction Park Circle<br>Suite 202<br>Wilmington, NC 28412 | Telephone No. Of Mediator<br>910-777-5995 | Fax No. Of Mediator (If Applicable)<br>910-399-4277 |

1. The undersigned mediator reports the following results of a mediation settlement conference either ☒ ordered or ☐ voluntarily conducted in this case:

   a. Conference ☒ was held. ☐ was not held.

   b. If held, date conference was completed: 05/31/2022 _____

   c. If not held, the reasons were: _____

2. If the case was reported settled prior to or during a recess of the conference, provide the name(s) of the person(s) who reported the case settled: _____

3. The parties reached an: ☐ agreement on all issues. ☒ impasse.

4. ☐ If the case was settled, then, as required by MSC Rule 6.B(4)(b), the mediator has advised the parties that MSC Rule 4.C requires that closing documents be filed with the court within 30 days of settlement (or 90 days if a State or political subdivision is involved) or before expiration of the mediation deadline, whichever is longer. The following closing document is to be filed:

   a. ☐ consent judgment.   ☐ voluntary dismissal with prejudice.   ☐ voluntary dismissal without prejudice.

   b. Name, address, email, and telephone number of party or attorney who is to file the closing document:

   Name: _____

   Address: _____

   Telephone number: (_____) _____ - _____   Email Address: _____

5. Names of those who attended the conference:

| Name | Affiliation (e.g., party, attorney, insurance company representative, lienholder, or other) |
| --- | --- |
| Thomas Babel | Attorney for Plaintiffs |
| Mark Eastham | Plaintiff |
| Peter Spark | Plaintiff |
| Addison Palanza | Attorney for Defendants |
| James Gillespie | Attorney for Defendants |
| Robert P. Sharpe | Defendant |
| | |
| | |
| | |
| | |

CLERK OF SUPERIOR COURT TRUE COPY
NEW HANOVER COUNTY
BY: Jeanne M. Heckart
Deputy Clerk of Superior Court

Original-File   Copy-Senior Resident Superior Court Judge or his/her designee   Copy-Plaintiff   Copy-Defendant
(Over)

AOC-CV-813, Rev. 7/14
© 2014 Administrative Office of the Courts

| Name | Affiliation (e.g., party, attorney, insurance company representative, lienholder, or other) |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

| MEDIATOR'S FEE | | Court-Appointed Mediator | Party-Selected Mediator |
|---|---|---|---|
| ADMINISTRATIVE FEE (MSC RULE 7.B *or as privately agreed with party-selected mediator*) | | $ | $ 250.00 |
| MEDIATION FEE (MSC RULE 7.B: *$150.00 per hour for time spent in conference for court-appointed mediator, billed in quarter hour segments, or privately set fee for party-selected mediator*) Total Time Spent in Mediated Settlement Conference(s): __2__ Hours __30__ Minutes | | $ | $ 737.50 |
| POSTPONEMENT/CANCELLATION FEE (MSC RULE 7.E *or as privately agreed with party-selected mediator*) | | $ | $ |
| **TOTAL FEE** | | $ | $ 987.50 |

All fees of the mediator have been paid, except as follows:

| Name Of Party Owing Balance | Address Of Party | Amount Of Balance |
|---|---|---|
| Thomas Babel | 2819 Park Avenue, Suite B, Wilmington, NC 28403 | $ 493.75 |
| Addison Palanza | 314 Walnut Street, Suite 100, Wilmington, NC 28401 | $ 493.75 |
| | | $ |
| | | $ |

**Name of any party filing Petition For Relief From Obligation To Pay Mediator's Fee:** *(Please attach Petition For Relief.)*

I have filed this report with the Court as required within ten (10) days after conclusion of the conference or within ten (10) days of being advised by a party that this case settled before the date scheduled for mediation or during a recess of the conference.

| Date | Name Of Mediator (Type Or Print) | Signature Of Mediator |
|---|---|---|
| 06/01/2022 | H. Mark Hamlet | |

STATE OF NORTH CAROLINA      **F I L E D**   IN THE GENERAL COURT OF JUSTICE
                    CLERK OF SUPERIOR COURT SUPERIOR COURT DIVISION
COUNTY OF NEW HANOVER NEW HANOVER COUNTY      FILE NO.: 22-CVS-001507

|  |  |
|---|---|
| MARK EASTHAM and PETER SPARK | ) )  ) Plaintiffs ) ) ) |
| v. | ) ) CONSENT ORDER EXTENDING ) TEMPORARY RESTRAINING ORDER |
| PORT CITY CONTRACTING SERVICES, INC. and ROBERT P. SHARPE Defendants. | ) ) ) ) ) |

JUN - 9 2022
at 10:44 am/pm
By Dep/Asst CSC

THIS MATTER came before this Court on Plaintiffs' and Defendants request to extend

the Temporary Restraining Order that was entered by the Court on May 4, 2022, and which was

further extended by Consent on May 12, 2022, and the Court based on the Consent of the parties

FINDS AND ORDERS that the Temporary Restraining Order is hereby extended to July 5,

2022, when at such time the hearing on Plaintiffs' Motion for Preliminary Injunction shall be

heard.

SO ORDERED, this the _9_ day of June 2022.

_____
Charles H. Henry
Superior Court Judge Presiding

A TRUE COPY
CLERK OF SUPERIOR COURT
NEW HANOVER COUNTY
BY: Jeanne M. Heckart
Deputy Clerk of Superior Court

CONSENTED TO:

Thomas S. Babel
N.C. State Bar No. 35004
tsb@dhwlegal.com
Davis Hartman Wright, LLP
P.O. Box 11320 (28404)
2819 Park Avenue, Suite B
Wilmington, NC 28403
Telephone: (910) 756-4070
*Counsel for Plaintiffs Mark Eastham and
Peter Spark*

Addison T. Palanza
N.C. State Bar No. 5098
Addison@atlanticcoastlaw.com
Atlantic Coast Law
314 Walnut Street, Suite 100
Wilmington, NC 28401
Telephone: (910) 769-6884
*Counsel for Defendant Port City Contracting Services, Inc.*

STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.:  22-CVS-001507

MARK EASTHAM and )
PETER SPARK )
     Plaintiffs, )
        )
     v. )
        )
PORT CITY CONTRACTING )
SERVICES, INC., ROBERT P. )
SHARPE, STONE BAY TACTICAL, )
LLC, and SRS SUPPLY, LLC, )
     Defendants. )

**NOTICE OF HEARING**

PLEASE TAKE NOTICE that the undersigned will bring on for hearing the Plaintiffs' Motion for Pre-judgement Attachment, at the July 7, 2022, Civil Session of the New Hanover County Superior Court at 9:30 a.m. or as soon thereafter as the same may be heard.

RESPECTFULLY SUBMITTED, this the 23rd day of June, 2022.

Davis Hartman Wright LLP
P.O. Box 11320 (28404)
3819 Park Avenue, Suite B
Wilmington, NC 28403
Telephone and Facsimile: (910) 756-4070

By: _____
Thomas S. Babel
N.C. State Bar No. 35004
tsb@dhwlegal.com
*Counsel for Plaintiffs Mark Eastham
and Peter Spark*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the foregoing **NOTICE OF HEARING** by the following means:

☑ By placing a copy, contained in a first-class, postage-paid wrapper, into a depository under the exclusive custody of the United States Postal Service, addressed to the parties as indicated below:

| | |
|---|---|
| Stone Bay Tactical, LLC | SRS Supply, LLC |
| 2017 Corporate Drive, Unit 4 | 245 Royal Fern Road |
| Wilmington, NC 28405 | Wilmington, NC 28412 |

☑ By causing to be delivered to the party(ies) via electronic mail to the electronic mail address indicated below:
wcreiss@reissnutt.com

This the 23rd day of June, 2022.

_____
Thomas S. Babel
*Counsel for Plaintiffs Mark Eastham and Peter Spark*

STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
22-CVS-1507

MARK EASTHAM, and PETER SPARK,

Plaintiffs,

vs.

PORT CITY CONTRACTING SERVICES, INC., and ROBERT P. SHARPE,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER GRANTING
ENLARGEMENT OF TIME TO
ANSWER OR OTHERWISE
RESPOND TO COMPLAINT**

*FILED*

2022 JUN 23 A 11: 15

NEW HANOVER CO., C.S.C.

BY: _____

**A TRUE COPY**
CLERK OF SUPERIOR COURT
NEW HANOVER COUNTY
BY: *Nathalie Lovell*
Asst. Clerk of Superior Court

THIS MATTER coming on before the undersigned Clerk of Superior Court for New Hanover County, or one of their Assistants, upon Motion of Defendants Port City Contracting Services, Inc., and Robert P. Sharpe (hereinafter "Defendants") for an extension of time within which they may serve their Answer or otherwise respond to Plaintiffs' Complaint pursuant to Rule 6(b) of the North Carolina Rules of Civil Procedure, and it appearing to the Court, for good cause shown, that Defendants should have additional time to serve their Answer or otherwise respond to Plaintiffs' Complaint.

NOW, THEREFORE, IT IS ORDERED that Defendants shall have to and including ~~Wednesday, July 6, 2022~~ Tues July 5, within which to serve their Answer or otherwise respond to the Plaintiffs' Complaint.

**SO ORDERED,** this the ___23___ day of ___June___, 2022.

_____
☐ Clerk of Superior Court
☒ Assistant Clerk of Superior Court
New Hanover County, North Carolina

STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

MARK EASTHAM, and PETER
SPARK,

                                        Plaintiffs,

        vs.

PORT CITY CONTRACTING
SERVICES, INC., and ROBERT P.
SHARPE,

                                        Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
22-CVS-1507

**ORDER GRANTING
ENLARGEMENT OF TIME TO
ANSWER OR OTHERWISE
RESPOND TO COMPLAINT**

*FILED*
2022 JUN 23 A 11:15
NEW HANOVER CO., C.S.C.
BY _____

A TRUE COPY
CLERK OF SUPERIOR COURT
NEW HANOVER COUNTY
BY: *Nathalie Lovell*
Asst. Clerk of Superior Court

        THIS MATTER coming on before the undersigned Clerk of Superior Court for
New Hanover County, or one of their Assistants, upon Motion of Defendants Port City
Contracting Services, Inc., and Robert P. Sharpe (hereinafter "Defendants") for an
extension of time within which they may serve their Answer or otherwise respond to
Plaintiffs' Complaint pursuant to Rule 6(b) of the North Carolina Rules of Civil Procedure,
and it appearing to the Court, for good cause shown, that Defendants should have additional
time to serve their Answer or otherwise respond to Plaintiffs' Complaint.

        NOW, THEREFORE, IT IS ORDERED that Defendants shall have to and
including ~~Wednesday,~~ Tues July 6, 2022, within which to serve their Answer or otherwise
respond to the Plaintiffs' Complaint.

        SO ORDERED, this the _23_ day of _June_, 2022.

                                        _____
                                        ☐ Clerk of Superior Court
                                        ☒ Assistant Clerk of Superior Court
                                        New Hanover County, North Carolina

STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
22-CVS-1507

MARK EASTHAM, and PETER SPARK,

Plaintiffs

vs.

PORT CITY CONTRACTING SERVICES, INC., and ROBERT P. SHARPE,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

ORDER GRANTING
ENLARGEMENT OF TIME TO
ANSWER OR OTHERWISE
RESPOND TO COMPLAINT

*FILED*
2022 JUN 23  A 11: 15
NEW HANOVER CO., C.S.C.
BY

*A TRUE COPY*
*CLERK OF SUPERIOR COURT*
*NEW HANOVER COUNTY*
*BY: Nathalie Lovell*
*Asst. Clerk of Superior Court*

THIS MATTER coming on before the undersigned Clerk of Superior Court for New Hanover County, or one of their Assistants, upon Motion of Defendants Port City Contracting Services, Inc., and Robert P. Sharpe (hereinafter "Defendants") for an extension of time within which they may serve their Answer or otherwise respond to Plaintiffs' Complaint pursuant to Rule 6(b) of the North Carolina Rules of Civil Procedure, and it appearing to the Court, for good cause shown, that Defendants should have additional time to serve their Answer or otherwise respond to Plaintiffs' Complaint.

NOW, THEREFORE, IT IS ORDERED that Defendants shall have to and including ~~Wednesday,~~ **Tues** July 8, 2022, within which to serve their Answer or otherwise respond to the Plaintiffs' Complaint.

SO ORDERED, this the ___23___ day of ___June___, 2022.

_____
☐ Clerk of Superior Court
☒ Assistant Clerk of Superior Court
New Hanover County, North Carolina



STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 22-CVS-001507

MARK EASTHAM
And PETER SPARK,

      Plaintiffs,

vs.

PORT CITY CONTRACTING
SERVICES, INC., ROBERT P. SHARPE,
STONE BAY TACTICAL, LLC, and SRS
SUPPLY, LLC,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**NOTICE OF APPEARANCE**

PLEASE TAKE NOTICE that the undersigned, W. Cory Reiss and Kyle J. Nutt, of the law firm Reiss & Nutt, PLLC, enter an appearance as counsel of record in the above-captioned matter for Defendants Port City Contracting Services, Inc. and Robert P. Sharpe. Copies of all pleadings, notices, calendars, or other documents should be directed to the address shown herein-below.

A TRUE COPY
CLERK OF SUPERIOR COURT
NEW HANOVER COUNTY
BY: _____ M. Cherigo
Deputy Clerk of Superior Court

-2-

Respectfully submitted this the 28th day of June 2022.

REISS & NUTT, PLLC
*Attorneys for Defendants Port City*
*Contracting Services, Inc., and*
*Robert P. Sharpe*

By:

W. Cory Reiss
N.C. State Bar No. 41549
Email: wcreiss@reissnutt.com
Kyle J. Nutt
N.C. State Bar No. 43469
Email: kjnutt@reissnutt.com
1221 Floral Parkway, Suite 104
Wilmington, NC 28403
Telephone: (910) 420-4674
Facsimile: (910) 420-4637

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that the foregoing document was duly served on the following persons, pursuant to Rule 5 of the North Carolina Rules of Civil Procedure by depositing the same in a postage-paid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service:

Thomas Babel
Davis Hartman Wright, LLP
P.O. Box 11320 (28404)
Wilmington, NC 28403
Fax: (910) 756-4080
*Attorneys for Plaintiffs*

This the 28th day of June 2022.

REISS & NUTT, PLLC
*Attorneys for Defendants*

By:

W. Cory Reiss

REISS & NUTT, PLLC
1221 Floral Parkway, Suite 104 – Wilmington, North Carolina 28403

KEVIN A. RUST, being first duly sworn, hereby deposes and says:

1.     I am Kevin A. Rust, an attorney at the law firm of Carruthers & Roth, P.A.

2.     This Affidavit is based upon my own personal knowledge, and I am competent to testify as to the matters herein contained.

3.     I am the attorney of record for Plaintiffs, DaVinci Company, LLC and DaVinci Aerospace, LLC ("Plaintiffs") in Guilford County File No. 22 CVS 2828.

4.     On April 26, 2022, the Guilford County Superior Court entered a judgment in favor of Plaintiffs. A true and accurate copy of the Judgment is attached as **Exhibit A**.

5.     On June 27, 2022, Detective Susan Albarran emailed me a copy of the Demand Upon Corporate, a true and accurate copy of which is attached as **Exhibit B**.

6.     Also on June 27, 2022, Detective Albarran emailed me a copy of a fax cover sheet from First National Bank of Pennsylvania, a true and accurate copy of which is attached as **Exhibit C**.

This 5th of July, 2022.

_____
Kevin A. Rust

STATE OF NORTH CAROLINA

COUNTY OF _Guilford_

    I certify that Kevin A. Rust personally appeared before me this day, acknowledging to me that he signed the attached Affidavit:

    This the 5ᵗʰ day of July, 2022.

[Official Seal]

_____
Official Signature of Notary

_Susan R. Hayes_ , Notary Public

My Commission Expires: _9-12-23_

SUSAN R. HAYES
Notary Public
Davidson County, NC



STATE OF NORTH CAROLINA

COUNTY OF GUILFORD

THE DAVINCI COMPANY, LLC ; ~~AND~~ FILED
DAVINCI AEROSPACE, LLC,

      Plaintiffs,

2022 APR 26 P 3: 24

v.

GUILFORD CO. C.S.C.

BY

PORT CITY CONTRACTING SERVICES,
INC; AND ROBERT P. SHARPE,

      Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
22 CVS 2828

**EXHIBIT**

A

**DEFAULT JUDGMENT**

This matter coming on to be heard before the undersigned Superior Court Judge Presiding, upon motion by Plaintiff, pursuant to the provisions of Rule 55 of the North Carolina Rules of Civil Procedure, for judgment by default against Defendant Port City Contract Services, Inc. ("PCCS"), the Court having reviewed the court file and the Affidavit of Daniel M. Shoaf and the verified Motion for Default Judgment, finds that the Defendant PCCS is in default for failure to appear or respond to Plaintiffs' Complaint and that Plaintiffs' have stated valid causes of action for fraud, breach of contract, interference with contract, punitive damages, and violations of Chapter 75.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Plaintiffs shall have and recover of Defendant PCCS and that Judgment shall be entered against the Defendant PCCS, for the principal sum of $20,616.00 on Plaintiff's breach of contract action, plus interest at the legal rate of 8% from the date of breach on January 18, 2022, and punitive damages in the amount of $250,000, as Defendant PCCS is deemed to have admitted the allegations of (1) fraud and (2) other aggravating conduct that occasioned the breach of contract, with interest accruing at the legal rate of 8%, plus an award of reasonable attorneys' fee in the amount of $ _14,000 °°_ as permitted under Chapter 75 and *United Labs., Inc., v. Keykendall*, 335 N.C. 183, 437 S.E.2d 374 (1992). The costs of this action in the amount of $$436.63 shall be taxed against the Defendant PCCS.

This the 25th day of April, 2022.

Hon. Mark E. Klass
Superior Court Judge Presiding





New Hanover County Sheriff's Office
Edward J. McMahon
300 Princess Street, Room 201
Wilmington, NC 28401

STATE OF NORTH CAROLINA
COUNTY OF   GUILFORD

File Number 22CVS002828
IN THE GENERAL COURT OF JUSTICE

DAVINCI CO LLC; DAVINCI AEROSPACE LLC

    PLAINTIFF

    VS

PORT CITY CONTRACTING SERVICES INC

    DEFENDANT(S)

DEMAND UPON CORPORATE
OFFICER OR AGENT

    WHEREAS, Judgment was issued on the 19 day of MAY 2022, in favor of the Plaintiff and against the Defendant in the above captioned case, for the principal sum of $295,265.33, plus additional interest and costs.

    WHEREAS, execution was issued by the Clerk of Superior Court of GUILFORD County in the action, directed to the Sheriff of New Hanover County, commanding him to execute the judgment;

    THEREFORE, I, Edward J. McMahon, Sheriff of New Hanover County, pursuant of North Carolina General Statute 1-324.2, hereby DEMAND that the officer or agent or persons having control of the property of the defendant corporation, upon whom this document is served, produce a certificate including any debts due or to become due, any share interest in any bank, insurance company or other joint stock company, and a schedule of all its property.

    TAKE NOTICE that refusal to comply with this demand for information is a CRIMINAL OFFENSE defined by North Carolina General Statute 1-324.5. This information must be returned to the Sheriff's Office within (7) business days of the date of service to avoid criminal prosecution.

    The service of this document does not preclude the Sheriff's Office from taking additional steps to satisfy the judgment at any time. This may include levying on property.

THIS THE 7th O DAY OF JUNE, 2022

Edward J. McMahon, Sheriff
New Hanover County
By: DETECTIVE ALBARRAN SC22

*I did not include the accounts already
Controlled by NACSD                6/13/22

STATE OF NORTH CAROLINA
COUNTY OF **GUILFORD**

IN THE GENERAL COURT OF JUSTICE
FILE NUMBER **22CVS002828**

**DAVINCI CO LLC; DAVINCI AEROSPACE LLC**
PLAINTIFF

VS

DEMAND UPON CORPORATE
OFFICER OR AGENT

**PORT CITY CONTRACTING SERVICES INC**
DEFENDANT

1.   A description of each depository, checking or other money account held by any
financial institution, including:

A. Account number:          003532237467

B. Name of financial institution: FiRST CiTiZEN's BANK

C. Address of local branch:     8219 Market St Wilmington, NC 28411

D. Authorized signer on account: Holly Grange

A. Account number:          _____

B. Name of financial institution: _____

C. Address of local branch:     _____

D. Authorized signer on account: _____

A. Account number:          _____

B. Name of financial institution: _____

C. Address of local branch:     _____

D. Authorized signer on account: _____

2. A description of any and all notes, accounts, contract payments due or payments of
indebtedness to the defendant including:

A. Year, make and model: _____

B. Vin/Serial number: _____

C. Amount of lien: _____

D. Address of real property: _____


A. Year, make and model: _____

B. Vin/Serial number: _____

C. Amount of lien: _____

D. Address of real property: _____


A. Year, make and model: _____

B. Vin/Serial number: _____

C. Amount of lien: _____

D. Address of real property: _____


A. Year, make and model: _____

B. Vin/Serial number: _____

C. Amount of lien: _____

D. Address of real property: _____


A. Year, make and model: _____

B. Vin/Serial number: _____

C. Amount of lien: _____

D. Address of real property: _____

A. Name of debtor:    US FEDERAL GOVT.

B. Amount of debt owed:    $172,608 (15k due to manufacturer)

C. Address of debtor:    810 VERMONT AVE NW NW   WASHINGTON DC

D. Evidence of indebtedness:    1449


A. Name of debtor:

B. Amount of debt owed:

C. Address of debtor:

D. Evidence of indebtedness:


A. Name of debtor:

B. Amount of debt owed:

C. Address of debtor:

D. Evidence of indebtedness:


3. A description of any and all vehicles, boats, trailers, equipment and real property with or
without liens that is own by the defendant:

A. Year, make and model:

B. Vin/Serial number:

C. Amount of lien:

D. Address of real property:


A. Year, make and model:

B. Vin/Serial number:

C. Amount of lien:

D. Address of real property:

 

# FIRST NATIONAL BANK OF PENNSYLVANIA
## FAX COVER SHEET

**Date:**     June 27, 2022

**To:**       Sheriff of New Hanover County
Attention: Detective S.M. Albarran

**Fax No:**   (910) 342-2564

**From:**     Justin Simeon, Paralegal
Legal Department

**Fax No:**   (724) 981-1725

---

**RE:**   *The Davinci Co, LLC vs. Port City Contracting Servicing Inc.*
and First National Bank of Pennsylvania, Garnishee
*Guilford County Court File No. 22CVS002828*

This letter will confirm that, relative to the above-captioned Garnishment, First National Bank of Pennsylvania has three deposit accounts in the name of Defendant, Port City Contracting Services, Inc., two of which have a current balance of $0.00, and one of which is currently overdrawn and has a negative balance of ($604.74), for a total combined negative balance of ($604.74), leaving no funds available to levy.

If you have any questions, please do not hesitate to contact me at (724) 551-1818.

Very truly yours,

*/s/ Justin Simeon*

Justin Simeon
Paralegal

STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 22-CVS-001507

FILED
2022 JUL -7  A 10: 03
NEW HANOVER CO., C.S.C.
BY _____

MARK EASTHAM and
PETER SPARK,
                              Plaintiffs,

v.

PORT CITY CONTRACTING
SERVICES, INC., ROBERT P.
SHARPE, STONE BAY TACTICAL,
LLC, and SRS SUPPLY, LLC,
                              Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

NOTICE OF HEARING

        PLEASE TAKE NOTICE that the undersigned will bring on for hearing the

Plaintiffs' Motion for Preliminary Injunction and Appointment of a Receiver, at the August 4,

2022, Civil Session of the New Hanover County Superior Court at 9:30 a.m. or as soon thereafter

as the same may be heard.



        RESPECTFULLY SUBMITTED, this the 7th day of July 2022.


                              Davis Hartman Wright LLP
                              P.O. Box 11320 (28404)
                              3819 Park Avenue, Suite B
                              Wilmington, NC 28403
                              Telephone and Facsimile: (910) 756-4070


                    By:    _____

                              Thomas S. Babel
                              N.C. State Bar No. 35004
                              tsb@dhwlegal.com
                              *Counsel for Plaintiffs Mark Eastham
                              and Peter Spark*

A TRUE COPY
CLERK OF SUPERIOR COURT
NEW HANOVER COUNTY
BY: *Patricia M. Cherigo*
Deputy Clerk of Superior Court

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **NOTICE OF HEARING** by the following means:

☑ By placing a copy, contained in a first-class, postage-paid wrapper, into a depository under the exclusive custody of the United States Postal Service, addressed to the parties as indicated below:

| | |
|---|---|
| Stone Bay Tactical, LLC | SRS Supply, LLC |
| 2017 Corporate Drive, Unit 4 | 245 Royal Fern Road |
| Wilmington, NC 28405 | Wilmington, NC 28412 |

☑ By causing to be delivered to the party(ies) via electronic mail to the electronic mail address indicated below:

wcreiss@reissnutt.com

This the 7th day of June 2022.

Thomas S. Babel
*Counsel for Plaintiffs Mark Eastham and Peter Spark*

STATE OF NORTH CAROLINA **FILED**                    IN THE GENERAL COURT OF JUSTICE
                                                                SUPERIOR COURT DIVISION
COUNTY OF NEW HANOVER                                      FILE NO.: 22-CVS-001507

MARK EASTHAM                          2022 JUL 18 ⊃ 2: 19
And PETER SPARK,
                                              NEW HANOVER CO., Ç.S.C.

       Plaintiffs,    BY_____

vs.

PORT CITY CONTRACTING
SERVICES, INC., ROBERT P. SHARPE,
STONE BAY TACTICAL, LLC, and SRS
SUPPLY, LLC,

       Defendants.

**OBJECTION TO RULE 30(b)(6)
TOPICS**

    NOW COMES Defendant Port City Contracting Services, Inc., by and through

counsel, pursuant to the Temporary Restraining Order and Rule 30 of the North

Carolina Rules of Civil Procedure and objects to the topics identified on Exhibit A to

the Plaintiffs' July 11, 2022, Notice of Deposition of this corporate Defendant to the

extent they differ from and are beyond the scope of the limited discovery permitted

by the Court in the TRO entered on May 4, 2022.

A TRUE COPY
CLERK OF SUPERIOR COURT
NEW HANOVER COUNTY
BY, *Charlotte A. Ramey*
Deputy Clerk of Superior Court

-2-

Respectfully submitted this the 18th day of July 2022.

REISS & NUTT, PLLC
*Attorneys for Defendants*

By: _____
W. Cory Reiss
N.C. State Bar No. 41549
Email: wcreiss@reissnutt.com
Kyle J. Nutt
N.C. State Bar No. 43469
Email: kjnutt@reissnutt.com
1221 Floral Parkway, Suite 104
Wilmington, NC 28403
Telephone: (910) 420-4674
Facsimile: (910) 420-4637

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that the foregoing document was duly served on the following persons, pursuant to Rule 5 of the North Carolina Rules of Civil Procedure by facsimile:

Thomas Babel
Davis Hartman Wright, LLP
P.O. Box 11320 (28404)
Wilmington, NC 28403
Fax: (910) 756-4080
*Attorneys for Plaintiffs*

This the 18th day of July 2022.

REISS & NUTT, PLLC
*Attorneys for Defendants*

By: _____
W. Cory Reiss

REISS & NUTT, PLLC
1221 Floral Parkway, Suite 104 – Wilmington, North Carolina 28403

STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

MARK EASTHAM
And PETER SPARK,

Plaintiffs,

vs.

PORT CITY CONTRACTING
SERVICES, INC., ROBERT P.
SHARPE, STONE BAY TACTICAL,
LLC, and SRS SUPPLY, LLC,

Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO: 21-CVS-003497

2022 JUL 19 P 2: 24

NEW HANOVER CO., C.S.C.

BY_____

MOTION FOR EXTENSION OF TIME

NOW COME the Defendants, PORT CITY CONTRACTING SERVICES, INC., ROBERT P. SHARPE, STONE BAY TACTICAL, LLC, and SRS SUPPLY, LLC. ("Defendants"), by and through undersigned counsel, and pursuant to Rule 6(b) of the North Carolina Rules of Civil Procedure, move the Court for the entry of an order extending the time within which they may serve a response to the Plaintiff's Complaint. In support hereof, Defendant's respectfully show the Court the following:

1. That the Defendants were served with the Complaint on June 22nd, 2022.

2. That the time for responding to the same has not expired.

3. That the Defendants are in need of an additional thirty (30) days to adequately investigate and prepare a response to the Complaint.

A TRUE COPY
CLERK OF SUPERIOR COURT
NEW HANOVER COUNTY
BY: *Patricia M. Cherigo*
Deputy Clerk of Superior Court

WHEREFORE, Defendants pray the Court for an extension of an additional thirty

(30) days to respond to the Complaint, up to and including the 21st day of August 2022

This the ⟍4 day of July 2022.

                              REISS & NUTT, PLLC
                              *Attorneys for Defendants*

        By:          W. Cory Reiss
                     N.C. State Bar No. 41549
                     Email: wcreiss@reissnutt.com
                     1221 Floral Parkway, Suite 104
                     Wilmington, NC 28403
                     Telephone: (910) 420-4674
                     Facsimile: (910) 420-4637

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing *MOTION FOR EXTENSION OF TIME* on all parties to this action by US Mail:

> Thomas Babel
> Davis Hartman Wright, LLP
> P.O. Box 11320 (28404)
> Wilmington, NC 28403
> Fax: (910) 756-4080
> *Attorneys for Plaintiffs*

This the 19th day of July 2022

REISS & NUTT, PLLC
*Attorneys for Defendants*

By: _____

W. Cory Reiss
N.C. State Bar No. 41549
Email: wcreiss@reissnutt.com
1221 Floral Parkway, Suite 104
Wilmington, NC 28403
Telephone: (910) 420-4674
Facsimile: (910) 420-4637

STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 22-CVS-001507

MARK EASTHAM
And PETER SPARK,

      Plaintiffs,

vs.

PORT CITY CONTRACTING
SERVICES, INC., ROBERT P. SHARPE,
STONE BAY TACTICAL, LLC, and SRS
SUPPLY, LLC,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER**

THIS CAUSE came on to be heard by the undersigned Superior Court judge upon a request by the parties to resolve a dispute on July 19, 2022, about the scope of depositions to be taken of Port City Contracting Services, Inc. and Robert P. Sharpe pursuant to the terms of a Temporary Restraining Order entered on May 4, 2022. The Court heard arguments of counsel in chambers via telephone, in which counsel for both parties informed the Court that the depositions had been postponed to this date by consent and that a hearing on the Plaintiffs' request for a Preliminary Injunction had likewise been continued until August 4, 2022.   Counsel for the Plaintiffs contended that the questions were within the scope of expedited discovery granted in the TRO. Counsel for the Defendants contended that the Plaintiffs were exceeding the scope of the testimony the TRO ordered them to provide.  Counsel for the Plaintiffs contended that because the Preliminary Injunction hearing in this matter had been continued until August 4, and consequently the relevant facts

-2-

related to the TRO and Preliminary Injunction had changed in scope, Plaintiffs had the right to examine the Defendants on issues outside the original limitations set forth in the TRO.  Counsel for the Defendants contended the deponents were not prepared to answer questions beyond the scope of the expedited discovery order to address the case generally.

AND THE COURT, having heard the arguments of counsel, in its discretion instructed counsel to identify a mutually agreeable date prior to the Preliminary Injunction hearing to hold depositions of Port City Contracting Services, Inc. and Sharpe and ordered counsel for those Defendants to prepare them for all relevant issues pursuant to Rule 30 of the North Carolina Rules of Civil Procedure.

NOW, THEREFORE, it is Ordered that the Depositions of Port City Contracting Services, Inc. and Sharpe are postponed until 10 a.m. on July 26, 2022, at which time the Plaintiffs will depose them for purposes of the Motion for Preliminary Injunction and the hearing on such Motion on any substantive issues in the case, subject to the timely identification of issues for corporate designation purposes under Rule 30(b)(6).  Notwithstanding the foregoing, Defendants' right to file a motion for protective order to limit or prevent an additional deposition of Port City Contracting Services, Inc. and/or Sharpe is hereby preserved.

This the 20 day of July 2022.

_____
Hon. G. Frank Jones

STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

MARK EASTHAM
And PETER SPARK,

   Plaintiffs,

vs.

PORT CITY CONTRACTING
SERVICES, INC., ROBERT P. SHARPE,
STONE BAY TACTICAL, LLC, and SRS
SUPPLY, LLC,

   Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 22-CVS-001507

2022 JUL 21  P 1: 50

**CERTIFICATE OF SERVICE**

  I, the undersigned attorney, hereby certify that the **ORDER ON MOTION FOR EXTENTION OF TIME** was duly served on the following persons, pursuant to Rule 5 of the North Carolina Rules of Civil Procedure by depositing the same in a postage-paid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service:

   Thomas Babel
   Davis Hartman Wright, LLP
   P.O. Box 11320 (28404)
   Wilmington, NC 28403
   Fax: (910) 756-4080
   *Attorneys for Plaintiffs*

A TRUE COPY
CLERK OF SUPERIOR COURT
NEW HANOVER COUNTY
BY: *Summer S. Rice*
Deputy Clerk of Superior Court

**REISS & NUTT, PLLC**
1221 Floral Parkway, Suite 104 – Wilmington, North Carolina 28403

-2-

This the 20th day of July 2022.

REISS & NUTT, PLLC
*Attorneys for Defendants*

By:

W. Cory Reiss
N.C. State Bar No. 41549
Email: wcreiss@reissnutt.com
Kyle J. Nutt
N.C. State Bar No. 43469
Email: kjnutt@reissnutt.com
1221 Floral Parkway, Suite 104
Wilmington, NC 28403
Telephone: (910) 420-4674
Facsimile: (910) 420-4637

FILED

STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER 2022 JUL 29  P 1: 38

NEW HANOVER CO., C.S.C.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 22-CVS-001507

BY _____

MARK EASTHAM
and PETER SPARK
   Plaintiffs

     v.

PORT CITY CONTRACTING
SERVICES, INC., ROBERT P.
SHARPE, STONE BAY TACTICAL,
LLC, and SRS SUPPLY, LLC
   Defendants.

)
)
)
)
)
)
)
)
)
)
)

**NOTICE OF FILING AFFIDAVIT**

PLEASE TAKE NOTICE that Plaintiffs have filed the following Affidavits:

Affidavits of Ryan Albert
Affidavit of David Daniel
Affidavit of Mark Eastham
Affidavit of Kevin Rust

RESPECTFULLY SUBMITTED, this the 29th day of July 2022.

Davis Hartman Wright PLLC
P.O. Box 11320 (28404)
3819 Park Ave, Suite B
Wilmington, NC 28403
Telephone and Facsimile: (910) 756-4070

By:

Thomas S. Babel
N.C. State Bar No. 35004
tsb@dhwlegal.com
*Counsel for Plaintiffs Mark Eastham and
Peter Spark*

A TRUE COPY
CLERK OF SUPERIOR COURT
NEW HANOVER COUNTY
BY: *Summer S. Rice*
Deputy Clerk of Superior Court

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **PLAINTIFFS' NOTICE OF FILING AFFIDAVIT** by the following means:

☐ By placing a copy, contained in a first-class, postage-paid wrapper, into a depository under the exclusive custody of the United States Postal Service, addressed to the parties as indicated below:

☐ by causing to be delivered to the following party(ies) via telefacsimile to the number indicated below:

☑ by causing to be delivered to the party(ies) via electronic mail to the electronic mail address indicated below:

wcreiss@reissnutt.com

This the 28th day of July 2022.

Thomas S. Babel
*Counsel for Plaintiffs Mark Eastham and Peter Spark*

STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 22-CVS-001507

MARK EASTHAM                              ))
and PETER SPARK                           ))
      Plaintiffs                       ))
                                          )
        v.                            )
                                          )
PORT CITY CONTRACTING SERVICES,           )
INC., ROBERT P. SHARPE, STONE BAY         )
TACTICAL, LLC, and SRS SUPPLY, LLC        )
      Defendants.

**AFFIDAVIT OF MARK EASTHAM**

NOW COMES MARK EASTHAM, having first been duly sworn, and testifies as follows:

    1.      I am over the age of eighteen, I have personal knowledge of the information contained in this affidavit, and the statements are true to the best of my knowledge.

    2.      Attached hereto is a true and accurate copy of an email that was sent to me by Ryan Albert.

Further Affiant sayeth not.

This the 29 day of July 2022.

_____
Mark Eastham

STATE OF MINNESOTA

COUNTY OF Ramsey

    I certify that Mark Eastham personally appeared before me this day, acknowledging to me under oath that he signed the attached Affidavit.

    This the 29 day of July 2022.

SWORN TO AND SUBSCRIBED

Notary Public

_____

Printed/typed name of Notary Public
Caroline M. Ziak

My commission expires: 01/31/2026    (Seal)

CAROLINE M ZIAK
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2026

# Exhibit A

———— Forwarded message ————
From: **Ryan Albert** <ryanthebull54@gmail.com>
Date: Fri, Mar 25, 2022 at 8:07 PM
Subject: Fwd: PCCS President
To: Peter Spark <sparkpete@gmail.com>, <measthamn92@gmail.com>

For your viewing pleasure

Ryan M. Albert

Begin forwarded message:

> **From:** Ryan Albert <ryan@pccsmedical.com>
> **Date:** March 25, 2022 at 9:02:08 PM EDT
> **To:** Ryan Albert <ryanthebull54@gmail.com>
> **Subject: Fwd: PCCS President**

> Ryan M. Albert, Pharm.D.
> VP Pharmacy, PCCS Medical
> 910-833-4297
> www.pccsmedical.com

> *This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error, please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee, you should not disseminate, distribute or copy this email. Please notify the sender immediately by email if you have received this email by mistake and delete this email from your system. If you are not the intended recipient, you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.*

> **From:** David Danel <David.Danel@pccsmedical.com>
> **Sent:** Friday, March 25, 2022 8:55:21 PM
> **To:** Jay Graves <jay@pccsmedical.com>; Ryan Albert <Ryan@pccsmedical.com>; Michael Rudner

<Michael.Rudner@pccsmedical.com>
**Subject:** PCCS President

Team,

Today has been a rough day for all involved, and I appreciate all of your time on such short notice. It is even more difficult out here with the current situation with Trey. I think we can all agree we want to move forward into a strong, healthy company, but there is something I want to address.

Over the past several days, Trey has repeatedly said verbally he has given up control of PCCS. I watched him verbally tell high-ranking military officials at the U.S. Embassy in Poland he resigned his position to work as a foreign agent. Trey has stated in an email he officially resigned, and that letter was sent to family and friends.

Trey has resigned as CEO and given up his verbal and written decision-making authority. According to PCCS Bylaws, that authority transfers to the President. When Trey asked Adrianne to leave the company, he had no power to do so and did not seek advice from partners or anyone in PCCS. I understand I have no decision-making authority or voting stock in PCCS, but I know one thing: how to run an organization effectively.

Trey's days of bullying people to get what he wants are over.

PCCS needs leadership more than ever with our current crisis, and Adrianne is the one to lead us through this. So as another SDV of this company, I recommend she remains as our President.

Sincerely,

David Danel

Business Development Lead, PCCS Medical

Mobile 210.347.6714

www.pccsmedical.com

 

KEVIN A. RUST, being first duly sworn, hereby deposes and says:

1.     I am Kevin A. Rust, an attorney at the law firm of Carruthers & Roth, P.A.

2.     This Affidavit is based upon my own personal knowledge, and I am competent to testify as to the matters herein contained.

3.     I am the attorney of record for Plaintiffs, DaVinci Company, LLC and DaVinci Aerospace, LLC ("Plaintiffs") in Guilford County File No. 22 CVS 2828.

4.     On April 26, 2022, the Guilford County Superior Court entered a judgment in favor of Plaintiffs. A true and accurate copy of the Judgment is attached as **Exhibit A.**

5.     On June 27, 2022, Detective Susan Albarran emailed me a copy of the Demand Upon Corporate, a true and accurate copy of which is attached as **Exhibit B**.

6.     Also on June 27, 2022, Detective Albarran emailed me a copy of a fax cover sheet from First National Bank of Pennsylvania, a true and accurate copy of which is attached as **Exhibit C**.

This $\underline{5^{th}}$ of July, 2022.

Kevin A. Rust

STATE OF NORTH CAROLINA

COUNTY OF Guilford

    I certify that Kevin A. Rust personally appeared before me this day, acknowledging to me that he signed the attached Affidavit:

    This the 5ᵗʰ day of July, 2022.

[Official Seal]

Official Signature of Notary

Susan R. Hayes _____, Notary Public

My Commission Expires: 9-12-23

SUSAN R. HAYES
Notary Public
Davidson County, NC

STATE OF NORTH CAROLINA

COUNTY OF GUILFORD

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
22 CVS 2828

THE DAVINCI COMPANY, LLC; AND
DAVINCI AEROSPACE, LLC,

**EXHIBIT**

A

       Plaintiffs,

FILED

2022 APR 26  P 3: 24

GUILFORD CO. C.S.C.

v.

BY

PORT CITY CONTRACTING SERVICES,
INC; AND ROBERT P. SHARPE,

       Defendants.

**DEFAULT JUDGMENT**

This matter coming on to be heard before the undersigned Superior Court Judge Presiding, upon motion by Plaintiff, pursuant to the provisions of Rule 55 of the North Carolina Rules of Civil Procedure, for judgment by default against Defendant Port City Contract Services, Inc. ("PCCS"), the Court having reviewed the court file and the Affidavit of Daniel M. Shoaf and the verified Motion for Default Judgment, finds that the Defendant PCCS is in default for failure to appear or respond to Plaintiffs' Complaint and that Plaintiffs' have stated valid causes of action for fraud, breach of contract, interference with contract, punitive damages, and violations of Chapter 75.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Plaintiffs shall have and recover of Defendant PCCS and that Judgment shall be entered against the Defendant PCCS, for the principal sum of $20,616.00 on Plaintiff's breach of contract action, plus interest at the legal rate of 8% from the date of breach on January 18, 2022, and punitive damages in the amount of $250,000, as Defendant PCCS is deemed to have admitted the allegations of (1) fraud and (2) other aggravating conduct that occasioned the breach of contract, with interest accruing at the legal rate of 8%, plus an award of reasonable attorneys' fee in the amount of $ _14,000.__ as permitted under Chapter 75 and *United Labs., Inc., v. Keykendall*, 335 N.C. 183, 437 S.E.2d 374 (1992). The costs of this action in the amount of $$436.63 shall be taxed against the Defendant PCCS.

This the 25th day of April, 2022.

Hon. Mark E. Klass
Superior Court Judge Presiding





New Hanover County Sheriff's Office
Edward J. McMahon
300 Princess Street, Room 201
Wilmington, NC 28401

STATE OF NORTH CAROLINA
COUNTY OF   GUILFORD

File Number 22CVS002828
IN THE GENERAL COURT OF JUSTICE

DAVINCI CO LLC; DAVINCI AEROSPACE LLC

   PLAINTIFF

   VS

DEMAND UPON CORPORATE
OFFICER OR AGENT

PORT CITY CONTRACTING SERVICES INC

   DEFENDANT(S)

WHEREAS, Judgment was issued on the 19 day of MAY 2022, in favor of the Plaintiff and against the Defendant in the above captioned case, for the principal sum of $295,265.33, plus additional interest and costs.

WHEREAS, execution was issued by the Clerk of Superior Court of GUILFORD County in the action, directed to the Sheriff of New Hanover County, commanding him to execute the judgment;

THEREFORE, I, Edward J. McMahon, Sheriff of New Hanover County, pursuant of North Carolina General Statute 1-324.2, hereby DEMAND that the officer or agent or persons having control of the property of the defendant corporation, upon whom this document is served, produce a certificate including any debts due or to become due, any share interest in any bank, insurance company or other joint stock company, and a schedule of all its property.

TAKE NOTICE that refusal to comply with this demand for information is a CRIMINAL OFFENSE defined by North Carolina General Statute 1-324.5. This information must be returned to the Sheriff's Office within (7) business days of the date of service to avoid criminal prosecution.

The service of this document does not preclude the Sheriff's Office from taking additional steps to satisfy the judgment at any time. This may include levying on property.

THIS THE 7th DAY OF JUNE, 2022

Edward J. McMahon, Sheriff
New Hanover County
By:  DETECTIVE ALBARRAN SC22

*I did not include the accounts already
Controlled by NHCSD                    6/13/22

STATE OF NORTH CAROLINA
COUNTY OF **GUILFORD**

IN THE GENERAL COURT OF JUSTICE
FILE NUMBER **22CVS002828**

**DAVINCI CO LLC; DAVINCI AEROSPACE LLC**
PLAINTIFF

VS

DEMAND UPON CORPORATE
OFFICER OR AGENT

**PORT CITY CONTRACTING SERVICES INC**
DEFENDANT

1. A description of each depository, checking or other money account held by any
financial institution, including:

A. Account number: 003532237467

B. Name of financial institution: First Citizen's Bank

C. Address of local branch: 8219 Market St Wilmington, NC 28411

D. Authorized signer on account: Holly Grange

A. Account number: _____

B. Name of financial institution: _____

C. Address of local branch: _____

D. Authorized signer on account: _____

A. Account number: _____

B. Name of financial institution: _____

C. Address of local branch: _____

D. Authorized signer on account: _____

2. A description of any and all notes, accounts, contract payments due or payments of
indebtedness to the defendant including:

A. Year, make and model: _____

B. Vin/Serial number: _____

C. Amount of lien: _____

D. Address of real property: _____


A. Year, make and model: _____

B. Vin/Serial number: _____

C. Amount of lien: _____

D. Address of real property: _____


A. Year, make and model: _____

B. Vin/Serial number: _____

C. Amount of lien: _____

D. Address of real property: _____


A. Year, make and model: _____

B. Vin/Serial number: _____

C. Amount of lien: _____

D. Address of real property: _____


A. Year, make and model: _____

B. Vin/Serial number: _____

C. Amount of lien: _____

D. Address of real property: _____

A. Name of debtor: US FEDERAL GOVT.

B. Amount of debt owed: #172,008 (11% due to manufacturer)

C. Address of debtor: 810 VEEMONT AVE NW NW WASHINGTON DC

D. Evidence of indebtedness: 1449

A. Name of debtor: _____

B. Amount of debt owed: _____

C. Address of debtor: _____

D. Evidence of indebtedness: _____

A. Name of debtor: _____

B. Amount of debt owed: _____

C. Address of debtor: _____

D. Evidence of indebtedness: _____

3. A description of any and all vehicles, boats, trailers, equipment and real property with or
without liens that is own by the defendant:

A. Year, make and model: _____

B. Vin/Serial number: _____

C. Amount of lien: _____

D. Address of real property: _____

A. Year, make and model: _____

B. Vin/Serial number: _____

C. Amount of lien: _____

D. Address of real property: _____

7249811725          Legal Department                                    10:58:31 a.m.    06-27-2022        1/1

     

# FIRST NATIONAL BANK OF PENNSYLVANIA
## FAX COVER SHEET

Date:        June 27, 2022

To:          Sheriff of New Hanover County
             Attention: Detective S.M. Albarran

Fax No:      (910) 342-2564

From:        Justin Simeon, Paralegal
             Legal Department

Fax No:      (724) 981-1725

---

**RE:**    *The Davinci Co, LLC vs. Port City Contracting Servicing Inc.*
*and First National Bank of Pennsylvania, Garnishee*
*Guilford County Court File No. 22CVS002828*

This letter will confirm that, relative to the above-captioned Garnishment, First National Bank of Pennsylvania has three deposit accounts in the name of Defendant, Port City Contracting Services, Inc., two of which have a current balance of $0.00, and one of which is currently overdrawn and has a negative balance of ($604.74), for a total combined negative balance of ($604.74), leaving no funds available to levy.

If you have any questions, please do not hesitate to contact me at (724) 551-1818.

Very truly yours,

*/s/ Justin Simeon*

Justin Simeon
Paralegal

STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 22-CVS-001507

MARK EASTHAM )
and PETER SPARK )
   Plaintiffs )
           )
           )
           )
    v.        )   **AFFIDAVIT OF RYAN ALBERT**
           )
PORT CITY CONTRACTING )
SERVICES, INC., ROBERT P. )
SHARPE, STONE BAY TACTICAL, )
LLC, and SRS SUPPLY, LLC )
   Defendants. )

NOW COMES RYAN ALBERT, having first been duly sworn, and testifies as follows:

1. I am over the age of eighteen, I have personal knowledge of the information contained in this affidavit, and the statements are true to the best of my knowledge.

2. I was present at a December 10, 2021, meeting at Port City Contracting Services, Inc. wherein deferred compensation was discussed.

3. Robert P. Sharpe, Adrianne George, Mark Eastham, and Peter Spark were also present during this meeting.

4. During the meeting, Mr. Sharpe admitted that he was owed deferred compensation.

5. During the meeting, Mr. Sharpe admitted that he was owed $170,000.00 in deferred compensation, and that he was going to pay himself a bonus of $100,000.00 because of the amount of deferred compensation owed to him.

6. In response, the group told Mr. Sharpe that if he was going to pay himself, then all of the employees who were owed deferred compensation should also be paid. Mr. Sharpe disagreed with this decision but didn't refute that deferred compensation was owed to other employees of Port City Contracting Services, Inc.

Further Affiant sayeth not.

This the 27ᵗʰ day of July 2022.

Ryan Albert

STATE OF NORTH CAROLINA
COUNTY OF NEW HANOVER

    I certify that Ryan Albert personally appeared before me this day, acknowledging to me under oath that he signed the attached Affidavit.

This the 21ᵗʰ day of July 2022.

SWORN TO AND SUBSCRIBED

Notary Public Patricia Babel

Patricia LBabel
Printed/typed name of Notary Public

My commission expires: 02·03·2027
(Seal)



STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 22-CVS-001507

MARK EASTHAM
and PETER SPARK
        Plaintiffs

             v.

PORT CITY CONTRACTING
SERVICES, INC., ROBERT P.
SHARPE, STONE BAY TACTICAL,
LLC, and SRS SUPPLY, LLC
           Defendants.

)
)
)
)
)
)
)
)
)
)
)

**AFFIDAVIT OF DAVID DANEL**

NOW COMES DAVID DANEL, having first been duly sworn, and testifies as follows:

1.     I am over the age of eighteen, I have personal knowledge of the information contained in this affidavit, and the statements are true to the best of my knowledge.

2.     I am a veteran, and I am the owner of Broadsword Defense, Inc.

3.     I was an employee of Port City Contracting Services, Inc. ("PCCS") from December 6, 2021 to April 6, 2022.

4.     I was hired by Robert P. Sharpe. When I was hired, I was told I would be working for Stone Bay Tactical, LLC as the President. All of my paychecks were issued by PCCS.

5.     When I was first hired at PCCS, for purposes of the Federal Firearms License, Stone Bay Tactical, LLC was a DBA of PCCS.

6.     Part of my responsibilities was to open a bank account for Stone Bay Tactical, LLC so that it could qualify for a Federal Firearms License. I was unable to open a bank account in the name of Stone Bay Tactical, LLC because of the poor credit rating of Sharpe.

7.     As a result, Stone Bay Tactical, LLC could not qualify for a Federal Firearms License and the license stayed in the name of PCCS.

8.     Sharpe used PCCS funds to purchase weapons and other goods that were to be sold by Stone Bay Tactical, LLC. Stone Bay Tactical had no operating expenses or investors.

9.     All of the weapons and inventory of Stone Bay Tactical, LLC were stored in the warehouse of PCCS and the business of Stone Bay Tactical, LLC was run out of PCCS' warehouse office.

10.     In April 2022, PCCS reimbursed Broadsword Defense, Inc. for suppressors that Broadsword Defense had purchased for Stone Bay Tactical, LLC. The purchase was for Stone Bay Tactical online sales.

11.     In March 2022, I traveled to the Ukraine with Sharpe. My company provided security protection for Mr. Sharp. Initially, Mr. Sharpe wanted to travel to the Ukraine to help Stone Bay Tactical sell body armor and other materials to the Ukrainian government.

12.     My company was paid $25,000.00 from ISP LLC to provide travel expenses & protection for Mr. Sharpe. Broadsword Defense paid PCCS Medical $10,000 for Sharp's travel expenses to Ukraine.

13.     While in the Ukraine, Sharpe used the PCCS credit cards to finance and pay for his expenses while in the Ukraine.

14.     I left the Ukraine in April 2022. At the time, I decided that I needed to separate myself from Mr. Sharpe because of his activities in the Ukraine. I was concerned that Sharpe's activities were in violation of Federal Law and my association with Sharpe would jeopardize Broadsword Defense LLC's ability to do business with the United States government.

15.     While in Ukraine, I found out that Sharpe has fired the president of PCCS, Adrian George. As a result, there was not really any person running PCCS and no one willing to do so.

16.     While in the Ukraine, Sharpe informed the officers and directors of PCCS that he was resigning as CEO of PCCS in order to fight for the Ukrainian people. I attempted to bring some order to the company and that was seen by Trey as stealing his medical and tactical business.

17.     While Sharp was still in Ukraine, and when I arrived in Ukraine a second time, Sharpe's wife informed me that he was suicidal. As a result I attempted to try to convince Sharpe to return to the United States and seek treatment.

18.     Eventually, Sharpe returned to the United States in April 2022. When he returned he terminated my employment.

19.     During my tenure at PCCS, Sharpe did not follow any corporate governance and ran PCCS as if he was the only shareholder. Sharpe also used PCCS, and its bank accounts, as his own personal bank account using PCCS funds for any purpose that Sharpe deemed necessary, even if these purposes had nothing to do with PCCS' business. Sharpe routinely placed orders for weapons and products for Stone Bay Tactical without consulting me.

20.     Attached hereto as Exhibit A is a text message that Sharpe sent me.

Further Affiant sayeth not.

This the /9th day of July 2022.

_David Danel_

STATE OF NORTH CAROLINA
COUNTY OF NEW HANOVER

    I certify that David Danel personally appeared before me this day, acknowledging to me under oath that he signed the attached Affidavit.

    This the 19th day of July 2022.

SWORN TO AND SUBSCRIBED

Notary Public

MEHR AFARIN EDWARDS
Notary Public, State of Texas
Comm. Expires 03-01-2024
Notary ID 130562229

Mehr Afarin Edwards
Printed/typed name of Notary Public

My commission expires: 03 | 01 | 2024
(Seal)

**Exhibit A**

4:08



Trey

Today 4:04 PM

Mark and Pete included your correspondence in the lawsuit. Your desire to harm myself and PCCS is clear. James will be in contact.

I was planning to let your betrayals go and move on. Not anymore.



STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 22-CVS-001507

MARK EASTHAM )
and PETER SPARK )
          Plaintiffs )
)
          v. )
)
PORT CITY CONTRACTING )
SERVICES, INC., ROBERT P. )
SHARPE, STONE BAY TACTICAL, )
LLC, and SRS SUPPLY, LLC )
          Defendants. )

**AFFIDAVIT OF RYAN ALBERT**

NOW COMES RYAN ALBERT, having first been duly sworn, and testifies as follows:

1.     I am over the age of eighteen, I have personal knowledge of the information contained in this affidavit, and the statements are true to the best of my knowledge.

2.     I was the Vice President of Pharmacy for Port City Contracting Services, Inc. ("PCCS") form February 2019 to March 25, 2022.

3.     I am a shareholder of PCCS.

4.     I am owed deferred compensation from PCCS in the amount of $22,5000.00.

5.     On December 10, 2021, I was present at a meeting of the shareholders and officers of PCCS. Mark Eastham and Peter Spark were also present at this meeting.

6.     During this meeting Robert Sharpe ("Sharpe") announced that he was unilaterally giving himself a significant increase in salary, an annual bonus of $100,000.00, and was not going to pay any of the other deferred compensation owed to the other employees of PCCS.

7.     I, and Mark Eastham and Peter Spark, objected to Sharpe paying himself a bonus of $100,000.00 and refusing to pay the other employees of PCCS. Despite these objections, Sharpe stated that he was going to go through with his plan to pay himself.

8.     Shortly after the December 10, 2021, meeting, Sharpe terminated Mark Eastham and Peter Spark.

9.     While I was employed at PCCS, Sharpe unilaterally decided that he wanted to form a company to sell weapons. Initially, Stone Bay Tactical, LLC was a DBA of PCCS.

However, myself and other directors, officers, and shareholders of PCCS, expressed our concern to Sharpe that we were uncomfortable with PCCS being in the gun dealer business because it had no relationship to PCCS's business.

10.     Sharpe used PCCS funds to purchase weapons and other goods that were to be sold by Stone Bay Tactical, LLC.

11.     At some point after numerous conversations, Sharpe agreed to form a new entity to run Stone Bay Tactical, LLC's business and to separate it from the business of PCCS.

12.     SRS Supply, LLC was formed by Sharpe to sell PPE and other related products on Ebay.  Sharpe used the funds of PCCS to purchase the inventory that SRS Supply, LLC sold on Ebay.

13.     The inventory and other assets of Stone Bay Tactical, LLC and SRS Supply, LLC were stored in the warehouse of PCCS.

14.     In March 2022, Sharpe left the United States and traveled to the Ukraine. Initially, Sharpe stated that he was going sell body armor and other materials to the Ukraine government.  Sharpe's activities in the Ukraine had nothing to do with the business of PCCS.

15.     While in the Ukraine, Sharpe informed the officers and directors of PCCS that he was resigning as CEO of PCCS in order to fight for the Ukrainian people.

16.     Before Sharpe returned from the Ukraine in April 2022, he fired then president of PCCS, Adrian George, on March 25, 2022.  Sharpe did not provide any reason why he fired Mrs. George.

17.     On March 25, 2022, in response to the termination of Mrs. George, and the other actions of Sharpe, I resigned from PCCS.

18.     During my tenure at PCCS, Sharpe, as the majority and controlling shareholder, did not follow any corporate governance and ran PCCS as if he was the only shareholder. Sharpe also used PCCS, and its bank accounts, as his own personal bank account using PCCS funds for any purpose that Sharpe deemed necessary, even if these purposes had nothing to do with PCCS' business.

Further Affiant sayeth not.

This the 20th day of July 2022.

Ryan Albert

STATE OF NORTH CAROLINA
COUNTY OF NEW HANOVER

    I certify that Ryan Albert personally appeared before me this day, acknowledging to me under oath that he signed the attached Affidavit.

This the 20ᵗʰ day of July 2022.

SWORN TO AND SUBSCRIBED

Notary Public _Patricia L Babel_

Patricia L Babel

Printed/typed name of Notary Public

My commission expires: 2·3 2027

(Seal)

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
|---|---|

STATE OF NORTH CAROLINA

FILED

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

COUNTY OF NEW HANOVER

FILE NO.: 22-CVS-001507

2022 AUG -5 P 4: 15

NEW HANOVER OTY.. C.S.C.

BY_____

MARK EASTHAM
And PETER SPARK,

      Plaintiffs,

vs.

PORT CITY CONTRACTING
SERVICES, INC., ROBERT P. SHARPE,
STONE BAY TACTICAL, LLC, and SRS
SUPPLY, LLC,

      Defendants.

                        **AMENDED ANSWER AND
COUNTERCLAIMS**

**NOW COME** Defendants Port City Contracting Services, Inc. and Robert P.

Sharpe, by and through undersigned counsel, and Answer the Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim—Rule (12)(b)(6))

The Plaintiffs' claims should be dismissed on the grounds that they fail to state

claims for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

The Plaintiffs' contract-based claims are barred on the grounds that they failed

to mitigate their damages.

**A TRUE COPY**
CLERK OF SUPERIOR COURT
NEW HANOVER COUNTY
BY: *Patricia M. Cherigo*
Deputy Clerk of Superior Court

REISS & NUTT, PLLC
1221 Floral Parkway, Suite 104 – Wilmington, North Carolina 28403

-2-

### THIRD AFFIRMATIVE DEFENSE
(Breach of Contract)

The Plaintiffs' contract-based claims are barred because the Plaintiffs first breached their contractual obligations, relieving the Defendants of any obligation to perform.

### FOURTH AFFIRMATIVE DEFENSE
(Unclean Hands)

The Plaintiffs' claims for equitable relief are barred by to their own inequitable conduct.

### FIFTH AFFIRMATIVE DEFENSE
(Not Employees/Exemptions)

The Plaintiffs' Wage and Hour Act claims are barred on the grounds that the Plaintiffs were not employees and/or were exempt from the Act at all relevant times.

### SIXTH AFFIRMATIVE DEFENSE
(Good Faith)

The Plaintiffs' Wage and Hour Act claims are barred in part on the grounds that the Defendants had a good faith belief that the Plaintiffs were exempt from the Act.

### SEVENTH AFFIRMATIVE DEFENSE
(Exempt Employees)

The Plaintiffs' claims are barred by the applicable statutes of limitations for each claim.

-3-

### EIGHTH AFFIRMATIVE DEFENSE
(Truth)

The Plaintiff's defamation claim is barred on the grounds that the statements alleged to be defamatory were truthful.

### NINTH AFFIRMATIVE DEFENSE
(Waiver, Estoppel, and/or Accord and Satisfaction)

The Plaintiffs' claims arising from alleged failure to pay "back pay" are barred by the doctrines of waiver and estoppel in that they offered their services in exchange for equity in the company at a later date and received that equity.

### TENTH AFFIRMATIVE DEFENSE
(Indemnification)

Sharpe is entitled to indemnification by the company for defense of this action and any monetary award that might result.

### ELEVENTH AFFIRMATIVE DEFENSE
(Setoff)

To the extent that the Plaintiffs are awarded payment for unpaid services, said amounts must be offset by the value of shares in PCCS that they received as compensation for those services.

### TWELFTH AFFIRMATIVE DEFENSE
(Business Judgment Rule)

The Plaintiffs' claims are barred in whole or part by the business judgment rule.

-4-

## PARTIES

1.   Admitted.

2.   Admitted that Peter Spark is a resident of New Hanover County, North

Carolina. It is denied that Spark is a citizen of New Hanover County, North Carolina.

3.   Admitted.

4.   Admitted.

5.   Admitted as to Stone Bay Tactical, LLC.

6.   Admitted as to SRS Supply, LLC.

7.   Admitted.

## JURISDICTION AND VENUE

8.   Admitted.

9.   Admitted.

10.  Admitted.

## FACTS

11.   Admitted that one of the business activities conducted by Defendant

PCCS is supplying diabetes testing strips, for which its primary customer is the U.S.

Department of Veterans Affairs. Except as expressly admitted, denied.

12.   Admitted.

13.   Admitted.

14.   The allegations in Paragraph 14 reference a written document and legal

instrument, which is the best evidence of its contents and therefore no response is

-5-

required. To the extent the allegations in Paragraph 14 are inconsistent with the referenced instrument, they are denied.

15.     Admitted that Sharpe is the largest shareholder of Class B stock in PCCS and is the majority shareholder of Class A stock. Admitted that PCCS shareholders include the Plaintiffs and that they are minority shareholders. The remainder of the allegations in Paragraph 15 are legal conclusions to which no response is required; however, to the extent a response is required, they are denied.

16.     Admitted.

17.     Admitted.

18.     Admitted.

19.     Admitted.

20.     Admitted.

21.     Admitted.

22.     The allegations in Paragraph 22 reference a written document and legal instrument, which is the best evidence of its contents and therefore no response is required. To the extent the allegations in Paragraph 22 are inconsistent with the referenced instrument, they are denied.

23.     Admitted that Sharpe agreed in September of 2021 that PCCS should make a 50% payment of the Stock Redemption and Release Agreement to Spark but that Spark failed to conduct that transaction in the course of his job responsibilities and authority as Chief Financial Officer, and that Eastham made no effort to compel that transaction. Except as expressly admitted, denied.

-6-

24.     It is admitted that Eastham was terminated on or about December 14,

2021. Except as expressly admitted, denied.

      25.     Admitted.

      26.     Admitted.

      27.     Admitted.

      28.     Denied.

      29.     Denied.

      30.     Denied.

      31.     Admitted that the Plaintiffs added deferred compensation to PCCS's

financial records in late 2020 for the purpose of valuation and later to be converted

to equity, but the Plaintiffs maintained those amounts on the books without

authorization of the Defendants after issuance of new shares.  Except as expressly

admitted, denied.

      32.     Admitted.

      33.     Admitted.

      34.     Admitted.

      35.     It is admitted that Sharpe proposed a bonus of $100,000 pursuant to his

and PCCS's existing policy of paying a commission on employee-generated revenues

and, in fact, was less than the amount the commission other employees would expect

to receive from the amount of revenues generated by Sharpe.  It is admitted that

commissions encourage employees to generate revenues for PCCS and therefore

benefit them and the company.  Except as expressly admitted, denied.

-7-

36.    It is admitted that PCCS leased a car for Sharpe's use as an officer and employee.  Except as expressly admitted, denied.

37.    Denied.

38.    It is admitted that the Plaintiffs initially objected to the commission but that Eastham later agreed to its appropriateness.  It is denied that deferred compensation was owed or promised to be paid from revenues.  Except as expressly admitted, denied.

39.    Denied.

40.    It is admitted that the Plaintiffs requested payment of purported deferred compensation.  It is expressly denied that deferred compensation was promised to be paid from operating revenues of PCCS.  Except as expressly admitted, denied.

41.    Admitted that an email was sent on the referenced date.  This paragraph references a written document that is the best evidence of its contents.  To the extent the allegations in Paragraph 41 are inconsistent with the referenced document, they are denied.

42.    Admitted.

43.    Denied.

44.    Denied that Sharpe made any threats.  Admitted that Sharpe reasonably believes that Eastham violated federal law.  Except as expressly admitted, denied.

-8-

45.     Denied that Sharpe made any threats.  Admitted that embezzlement or theft could be grounds for deportation.  Except as expressly admitted, denied.

46.     Admitted that Sharpe lodged a criminal complaint against Spark for embezzlement from PCCS.  Except as expressly admitted, denied.

47.     Admitted that the Plaintiffs were not owed deferred compensation from PCCS's operating revenues and therefore were not paid such compensation.  Except as expressly admitted, denied.

48.     Admitted the referenced correspondence was sent to the Defendants on or about the referenced date.  Except as expressly admitted, denied.

49.     Admitted that the Plaintiffs were not owed deferred compensation from PCCS's operating revenues and therefore were not paid such compensation. Admitted that the Defendants did not respond to Exhibit C.  Except as expressly admitted, denied.

50.     Admitted.

51.     Denied.

52.     It is admitted that Sharpe is the only voting shareholder.  It is denied that he exercises complete control over PCCS.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

-9-

58.    Denied.

59.    Admitted that Sharpe traveled to Las Vegas for an industry show as a
representative of PCCS d/b/a Stone Bay Tactical.  Except as expressly admitted,
denied.

60.    Admitted that "Stone Bay Tactical" is an assumed name for PCCS and
therefore all use of the warehouse to store inventory and other materials of "Stone
Bay Tactical" was in fact use by PCCS.  Similarly admitted, and for the same reasons,
all work by PCCS employees for "Stone Bay Tactical" was for PCCS.  Except as
expressly admitted, denied.

61.    Denied.

62.    Denied as to Stone Bay Tactical, LLC.  Except as expressly admitted,
denied.

63.    Admitted that prior to January of 2022, SRS Supply, LLC used the
warehouse to store inventory, the sale of which generated income for PCCS.  Except
as expressly admitted, denied.

64.    Admitted that PCCS employees were paid by SRS for their work for
SRS.  Admitted that some SRS employees also were employed and paid by PCCS.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Admitted.

-10-

69.    Admitted that Sharpe traveled to Ukraine for business purposes on behalf of PCCS, including the potential sale of military supplies. Except as expressly admitted, denied.

70.    Admitted.

71.    Admitted that PCCS paid business-related expenses and that Sharpe paid expenses associated with his personal mission in Ukraine. Except as expressly admitted, denied.

72.    Denied.

73.    Denied.

74.    Admitted that weapons owned by PCCS are stored in the warehouse leased by PCCS consistent with PCCS d/b/a Stone Bay Tactical's Federal Firearms Licenses ("FFLs").

75.    Denied.

76.    Denied.

77.    Denied.

78.    Admitted that Sharpe sent a draft email to a confidante, whom he trusted not to disclose said email. The allegations in Paragraph 78 reference a written document, which is the best evidence of its contents. Except as expressly admitted, denied.

79.    Denied.

80.    Denied.

-11-

81.     The allegations in Paragraph 81 reference a written document, which is the best evidence of its contents. To the extent that the allegations are inconsistent with the document, they are denied.

82.     Admitted that Sharpe remained a signatory on the bank accounts of PCCS and continued to control debits and withdraw from the company bank account for business purposes. Except as expressly admitted, denied.

83.     Admitted that PCCS has terminated employees for cause. Except as expressly admitted, denied.

84.     Admitted that the conduct of the Plaintiffs caused Sharpe significant emotional distress which exacerbated his PTSD while he was fighting a war. Except as expressly admitted, denied.

85.     Admitted that Sharpe has returned from Ukraine. Except as expressly admitted, denied.

86.     Denied.

87.     Admitted that Exhibit F was sent and that it is the best evidence of its contents. To the extent that the allegations in Paragraph 87 are inconsistent with the referenced document, they are denied.

88.     Admitted.

89.     Denied.

90.     The Defendants lack information sufficient to admit or deny the allegations in Paragraph 90 and therefore denies them.

-12-

## FIRST CLAIM FOR RELIEF
(Breach of Fiduciary Duty—Sharpe)

91.    The Defendant reasserts and incorporates by reference his answers in the previous paragraphs as if fully set forth.

92.    Admitted that Sharpe is the largest shareholder of Class B stock and is the sole shareholder of Class A stock in PCCS.

93.    Admitted.

94.    Admitted.

95.    Admitted that Sharpe is not an attorney.  The allegations in Paragraph 95 consist of legal conclusions to which no response is required.  To the extent a response is required, denied.

96.    Admitted that Sharpe is not an attorney.  The allegations in Paragraph 96 consist of legal conclusions to which no response is required.  To the extent a response is required, denied.

97.    Denied.

98.    Denied.

## SECOND CLAIM FOR RELIEF
(Constructive Fraud—Sharpe)

99.    The Defendant reasserts and incorporates by reference his answers in the previous paragraphs as if fully set forth.

100.    Admitted that Sharpe is not an attorney.  The allegations in Paragraph 100 consist of legal conclusions to which no response is required.  To the extent a response is required, denied.

-13-

101.  Denied.

102.  Denied.

103.  Denied.

## THIRD CLAIM FOR RELIEF
(Production of Corporate Records—PCCS)

104.    The Defendant reasserts and incorporates by reference his answers in
the previous paragraphs as if fully set forth.

105.  Admitted.

106.  Admitted.

107.  Denied upon information and belief that as of the date of the Complaint
Defendant PCCS had not responded.  Admitted that since the filing of the Complaint,
PCCS again responded by providing the requested records and therefore this claim is
moot.

108.  Denied.

## FOURTH CLAIM FOR RELIEF
(Dissolution and Appointment of Receiver—PCCS)

109.    The Defendant reasserts and incorporates by reference his answers in
the previous paragraphs as if fully set forth.

110.  Admitted.

111.  Denied.

112.  Denied.

113.    Admitted that in accordance with federal regulations, a service-disabled
veteran-owned business ("SDVOB") must be controlled by a service-disabled veteran

-14-

to do business under the government's SDVOB program, and that neither Plaintiff is a service-disabled veteran. Admitted that the Plaintiffs do not have control over PCCS or Sharpe. Except as expressly admitted, denied.

      114.   Denied.

      115.   Denied.

      116.   Denied.

      117.   Denied.

## FIFTH CLAIM FOR RELIEF
### (Preliminary Restraining Order—Defendants)

      118.   The Defendants reassert and incorporate by reference the answers in the previous paragraphs as if fully set forth.

      119.   Admitted that some PCCS assets have been used by Defendants for the benefit of PCCS and/or for compensation to PCCS. Except as expressly admitted, denied.

      120.   Denied.

      121.   Denied.

      122.   Admitted that Sharpe struggles with PTSD and depression because of his service. Admitted that the SDVOB program is specifically designed to prefer government contracting with veterans disabled by service to their country and it is only because of that service, and Sharpe's resulting PTSD, that PCCS has been able to do business benefiting its shareholders, including the Plaintiffs. Except as expressly admitted, denied.

      123.   Denied.

-15-

124.   Denied.

125.   Denied.

126.   Denied.

## SIXTH CLAIM FOR RELIEF
(Breach of Contract—Sharpe)

127.   The Defendant reasserts and incorporates by reference the answers in the previous paragraphs as if fully set forth.

128.   Admitted.

129.   Admitted.

130.   Admitted that the Plaintiffs and other executives, including Sharpe, agreed not to receive compensation during PCCS's formative period until they could be issued equity shares. Admitted that following the initial formative period, when revenues stabilized, the Plaintiffs and others were hired as employees and paid wages. Admitted that as agreed, the Plaintiffs received equity shares, which they accepted. Except as expressly admitted, denied.

131.   Admitted.

132.   Denied.

133.   Denied.

134.   Denied.

135.   Denied.

136.   Denied.

-16-

## SEVENTH CLAIM FOR RELIEF
(Breach of Wage and Hour Act—Defendants)

137.    The Defendants reassert and incorporate by reference the answers in the previous paragraphs as if fully set forth.

138.    Admitted the Plaintiffs were salaried employees beginning in or about June of 2020. Except as expressly admitted, denied.

139.    Denied.

140.    Admitted that Eastham was not employed by or paid a salary during the referenced period as an investment in PCCS from October 2019 until May of 2020 and was then a 20% interest holder. Except as expressly admitted, denied.

141.    Admitted that Spark was not employed by or paid during the referenced period as an investment in PCCS from October 2019 until May of 2020. Except as expressly admitted, denied.

142.    The allegations set forth in Paragraph 142 reference a written document that is the best evidence of its contents. To the extent the allegations in Paragraph 142 are inconsistent with the referenced document, they are denied.

143.    Admitted that PCCS did not owe deferred compensation from operating revenues. Except as expressly admitted, denied.

144.    Denied.

145.    Admitted that PCCS declined a second demand for cash payments that was contrary to prior agreement of the parties. Except as expressly admitted, denied.

146.    Admitted that Sharpe in consultation with other PCCS officers rendered PCCS's decision not to make cash payment of purported deferred compensation and:

-17-

    a.  Denied;

    b.  Admitted the Plaintiffs were terminated for reasons unrelated to the deferred payment requests.  Except as expressly admitted, denied;

    c.  Admitted that Sharpe proposed an earned commission, which the Plaintiffs agreed he deserved.  Except as expressly admitted, denied.

147.   Admitted that the Plaintiffs received equity shares in 2020 as compensation for their invested time and effort from 2019 until June of 2020.  Except as expressly admitted, denied.

148.   Denied.

## EIGHTH CLAIM FOR RELIEF
(Defamation—Sharpe)

149.   The Defendant reasserts and incorporates by reference the answers in the previous paragraphs as if fully set forth.

150.   Admitted that Eastham is a private citizen of the United States.  Admitted that Spark is a private citizen of a foreign country.  Except as expressly admitted, denied.

151.   Denied.

152.   Admitted that the referenced draft correspondence was sent to the person referenced on the document and was not for distribution.  To the extent the question calls for privileged matters, Sharpe invokes that privilege.  Except as expressly admitted, denied.

153.   The allegations in Paragraph 153 constitute legal conclusions to which no response is required.  To the extent a response is required, denied.

-18-

154.    The allegations in Paragraph 154 constitute legal conclusions to which no response is required.  To the extent a response is required, denied.

155.    Denied.

156.    Denied.

## NINTH CLAIM FOR RELIEF
(Breach of Stock Redemption and Release Agreement—PCCS)

157.    The Defendant reasserts and incorporates by reference the answers in the previous paragraphs as if fully set forth.

158.    Admitted.

159.    Denied.

160.    Admitted that payment was offered by Spark, approved by Sharpe, and refused by Eastham.  Except as expressly admitted, denied.

161.    Denied.

## TENTH CLAIM FOR RELIEF
(N.C. Gen. Stat. §§ 55-7-42—Sharpe)

162.    The Defendant reasserts and incorporates by reference the answers in the previous paragraphs as if fully set forth.

163.    Admitted.

164.    The allegations set forth in Paragraph 164 reference a written document that is the best evidence of its contents.  To the extent the allegations in Paragraph 164 are inconsistent with the referenced document, they are denied.

165.    Admitted.

-19-

166.   The factual allegations contained in Paragraph 166 are denied.  The allegations in Paragraph 166 contain legal conclusions to which no response is required.  To the extent a response to legal conclusions is required, denied.

167.   Denied.

168.   Denied.

169.   Denied.

## ELEVENTH CLAIM FOR RELIEF
(Fraudulent Transfer—Defendants)

170.   The Defendants reassert and incorporate by reference the answers in the previous paragraphs as if fully set forth.

171.   Admitted that the Plaintiffs are investors in PCCS.  Except as expressly admitted, denied.

172.   Denied.

173.   Denied.

174.   Denied.

175.   Denied.

176.   Denied.

177.   Denied.

178.   Denied.

179.   Denied.

-20-

## TWELFTH CLAIM FOR RELIEF
(Pre-Judgment Attachment—Defendants)

180.    The Defendants reassert and incorporate by reference the answers in the previous paragraphs as if fully set forth.

181.    Denied.

182.    Denied.

183.    Admitted to the extent that assets of PCCS have been delivered.

184.    Denied.

185.    Denied.

## COUNTERCLAIMS

**NOW COME** Defendants/Counterclaim Plaintiffs Port City Contracting Services, Inc., and Robert P. Sharpe, complaining of the Plaintiffs/Counterclaim Defendants as follows:

## FACTS

1.    As of the filing of the Complaint, PCCS was a Service-Disabled Veteran Owned Business ("SDVOB") within the meaning of a program offered by the United States.    As a SDVOB, PCCS received preferential treatment in government contracting and procurement processes.

2.    Sharpe is a service-disabled veteran by reason of post-traumatic stress disorder ("PTSD") caused by his military service.

3.    To qualify as a SDVOB, a business must be majority owned and controlled by one or more service-disabled veterans.

-21-

4.      As Chief Financial Officer, Spark was responsible for keeping the books of PCCS, ensuring that payments to creditors were timely made, ensuring payroll was properly administered, and ensuring that officers and employees were compensated as agreed by the officers of PCCS.  Spark is not a service-disabled veteran.

5.      As Chief Operating Officer and President of PCCS, Eastham was responsible for day-to-day operations, including tasks he specifically agreed to oversee or handle directly.  Eastham is not a service-disabled veteran.

6.      In December of 2020, Eastham, Spark, and Sharpe agreed to recognize the taxable value of new equity shares issued to them that month.  For accounting and tax purposes, Spark recorded those equity values as "Manual Check" entries in the company's ledgers for amounts corresponding to those assigned as values to each shareholder's newly issued stock as follows:

  a.  Sharpe, no new shares issued;

  b.  Eastham, 1,204 shares issued at a value per share of $15.19 for a total book value of $18,280.04;

  c.  Spark, 1,916 shares issued at a value per share of $15.19 for a total book value of $29,100;

  d.  Jay Graves, 1,405 shares issued at a value per share of $15.19 for a total book value of $21,340;

  e.  Ryan Albert, 1,150 shares issued at a value per share of $15.19 for a total book value of $17,460.

-22-

7.    The shareholders had agreed that issued stock would compensate them for any invested work they had performed during the company's formative period, when it was unable to hire employees.

8.    On December 31, 2020, Spark made manual check entries in all the above-cited amounts but also made an actual payment to Eastham in the amount of $21,940.17, which he categorized as "Misc. pay."

9.    The Plaintiffs knew at all times that a threshold requirement for a business to qualify as a SDVOB by the United States Department of Veterans Affairs is that a service-disabled veteran must maintain not only equitable majority ownership but control over the company.

10.    The Plaintiffs knew at all times that one measure of "control" used by the United States is whether a service-disabled veteran owner is the highest compensated employee in the company.

11.    By Spark giving, and Eastham receiving, a payment of $21,940.17 without Sharpe's knowledge, they increased Eastham's income for 2020 above Sharpe's income in violation of SDVOB regulations.

12.    PCCS, therefore, was presumptively disqualified to do business as a SDVOB, which is its predominant business function.  The surreptitious payment opens PCCS to liability to the United States and may disqualify it from receiving contracts as a SDVOB.

-23-

13.    Whether or not the payment was legitimate, Spark and Eastham had a duty to inform the company that Sharpe's compensation for 2020 must be increased to ensure compliance with SDVOB regulations, but they did not do so.

14.    The Defendants are informed and believe, and therefore allege, that the Plaintiffs conspired to use their positions of trust and confidence as officers of PCCS to cause it to issue unauthorized payment to Eastham and damage PCCS.

15.    Their misapplication of PCCS funds on December 31, 2020, and omission to PCCS also was designed to ensure Sharpe would not easily discover the payment because, as the Plaintiffs well knew, PCCS would use a different payroll processing company beginning January 1, 2021. PCCS's pre-2021 payroll records would become inaccessible to Sharpe without elevated efforts he would only take if provoked by suspicion that his trusted partners in charge of the books, records, and operations of the company had misapplied company funds and/or failed to disclose the federal regulatory violation it caused.

16.    Sharpe did not have reason to suspect wrongdoing on the part of the Plaintiffs until winter of 2021.

17.    Sharpe, who had delegated the routine financial and taxation aspects of PCCS to Spark, did not inspect financial records pertaining to individual employee payments unless prompted by Spark or some other circumstance requiring his attention as CEO.

18.    In or about December of 2021, Sharpe reviewed internal corporate communications and discovered Eastham and Spark had been operating against him

-24-

in many respects, and against the interests of PCCS. He made it clear to both of them that their conduct was unacceptable and then terminated them as employees on December 14, 2021.

19.     Spark contacted PCCS's telecommunications service provider, Verizon, and transferred business lines and payment plans for company property to himself on the day of his termination.

20.     Spark had been issued two phones, two iPad tablets, and a laptop, all of which were owned by PCCS under payment plans with Verizon.   After his termination, Spark kept the company's property.

21.     Data constituting business opportunities, plans, and contacts developed by Eastham, Spark, and Sharpe concerning PCCS's entry into pharmaceutical distribution was stored on those devices.  The data did not exist on any other PCCS-owned devices or storage services under its control once Spark converted PCCS's equipment.

22.     Spark's conversion of the devices to his own use, and to the exclusion of PCCS's ownership rights, thus also constituted misappropriation of PCCS's proprietary information.

23.     A SDVOB must periodically apply for re-certification of its status, which PCCS was required to do in May of 2022.

24.     A threshold requirement for recertification is the execution of a form by each owner of the SDVOB affirming his or her ownership interest and status as a

-25-

service-disabled veteran or not. The SDVOB cannot submit an application to the United States for recertification without the required signatures.

25.    The United States' requirement that each equity owner in a business that intends to operate as a SDVOB execute an affirmation of the type required by the United States creates a special relationship of trust and confidence between all shareholders and between each shareholder and the company. Where any owner could cripple the company's ability to function as intended by all shareholders by refusing to execute a statement accurately reflecting his or her ownership interest in that company, the shareholders and the company have entrusted each other with exercising duties of good faith, fair dealing, and loyalty, and thus created fiduciary relationships among them.

26.    Additionally, consistent with the principle that fiduciary relationships may be created by contract, the relationships between shareholders and the company are contractual in nature. A party to a contract has a duty to exercise any discretion in performance of that contract with good faith.

27.    The Defendants asked Spark and Eastham to execute accurate affirmations of their ownership interests in PCCS in the form required by the United States in May and June of 2022, but acting in concert they refused.

28.    By refusing to execute VA Form 877 accurately showing the existing shareholder interests in PCCS, the Plaintiffs breached their fiduciary obligations to other shareholders and PCCS.

-26-

29.     The Plaintiffs' refusal to execute VA Form 877 accurately showing the
existing shareholder interests in PCCS was in bad faith and therefore breached their
contractual duties.

30.     As a result of the Plaintiffs' breaches of duty, PCCS lost its certification
as a SDVOB, which was a lucrative line of business for the company.

31.     Although the December 31, 2021, payment to Eastham created a
presumption that PCCS was disqualified from recertification, the United States
provides grounds for qualification even when the service-disabled veteran is not the
highest compensated employee. The Plaintiffs' refusal to execute VA Form 877
prevented PCCS from obtaining recertification under an exception despite the effect
of the payment to Eastham.

32.     The Defendants are informed and believe, and therefore allege, that
evidence of breach of fiduciary and contractual duties on the part of employees and
officers in making and accepting the payment would permit PCCS to qualify as a
SDVOB.

33.     The Plaintiffs' refusal to execute Form 877, however, constitutes a
willful and intentional breach of their duties to other shareholders and PCCS.

34.     As set forth herein, the Plaintiffs agreed to do unlawful acts or to
perform lawful acts unlawfully, which caused injury to PCCS and Sharpe; therefore,
by virtue of their civil conspiracy, the Plaintiffs are jointly and severally liable.

-27-

### FIRST COUNTERCLAIM
(Breach of Fiduciary Duties)

35.     The Defendants reassert and incorporate by reference the allegations in the previous paragraphs as if fully set forth.

36.     As corporate officers, Eastham and Spark were *de jure* fiduciaries of PCCS.

37.     Additionally, Eastham and Spark owed fiduciary duties to PCCS and the other shareholders due to their special relationship of trust and confidence.

38.     Because of the unique requirements established by the United States for SDVOBs, such a company, here PCCS, and its shareholders necessarily trusted each other to take the steps necessary to ensure the company's continued qualification to do business as a SDVOB.  Without such a special relationship, the promise of continued operation as a SDVOB would be illusory; therefore, the shareholders and PCCS were in a *de facto* fiduciary relationship.

39.     The December 31, 2020, payment to Eastham caused PCCS to violate the terms of the SDVOB Program and therefore was at the time taken known or should have been known or believed by the Plaintiffs to be clearly in conflict with the best interests of the corporation.

40.     Making and accepting that payment breached the Plaintiffs' fiduciary duties to PCCS.

41.     The Plaintiffs also were asked to execute a truthful statement of their ownership interests in PCCS, which they refused to do, knowing that refusal was contrary to the interests of PCCS.

-28-

42.    Filing that statement, VA Form 877, was a prerequisite for PCCS to be re-certified as a SDVOB and was a required element of its application.

43.    Without a fully executed Form 877, PCCS could not apply to continue doing business as a SDVOB.

44.    Were PCCS able to apply, it would have sought, and likely received, certification despite the misapplication of funds that presumptively disqualified it.

45.    The Plaintiffs' breach of fiduciary duties to PCCS and Sharpe, who as a shareholder was owed *de facto* fiduciary duties set forth herein, caused PCCS to lose millions of dollars in government contracts that it would have been awarded as part of its ongoing business relationships with government agencies, and Sharpe lost employment income from the company's resulting failure.

46.    As a direct and proximate result of the Plaintiffs' breach of fiduciary duties, PCCS and Sharpe have suffered direct and consequential damages in an amount exceeding twenty-five thousand dollars ($25,000).

47.    The Plaintiffs' breach of fiduciary duties was willful and wanton and in reckless disregard of the rights of PCCS and Sharpe, warranting punitive damages in an amount to be determined by the jury.

### SECOND COUNTERCLAIM
(Breach of Contract)

48.    The Defendants reassert and incorporate by reference the allegations in the previous paragraphs as if fully set forth.

49.    Sharpe, PCCS, and the Plaintiffs were in a contractual relationship.

-29-

50.    The Plaintiffs owed a duty to Sharpe and PCCS as a shareholder to act in good faith when exercising discretion in their performance of the contract.

51.    The Plaintiffs' refusal to execute Form 877 was in bad faith in a willful effort to further injure Sharpe and PCCS.

52.    The Plaintiffs' breach of contract caused PCCS to lose millions of dollars in government contracts that it would have been awarded as part of its ongoing business relationships with government agencies.

53.    The Plaintiffs' breach of contract caused Sharpe to lose his investment in the company and employment income.

54.    Sharpe therefore suffered injury separate and distinct from the injuries sustained by PCCS.

55.    As a direct and proximate result of the Plaintiffs' breach of contract, PCCS and Sharpe have suffered direct and consequential damages in an amount exceeding twenty-five thousand dollars ($25,000).

### THIRD COUNTERCLAIM
(Conversion—Spark)

56.    The Defendants reassert and incorporate by reference the allegations in the previous paragraphs as if fully set forth.

57.    On the day of his termination from PCCS, Spark without authorization changed the account information on hardware owned by PCCS and did not return the property to PCCS.

58.    Spark has exercised ownership of the property belonging to PCCS.

-30-

59.    Subject to its payment obligations, PCCS owned the phones, tablets and computer on which its irreplaceable and proprietary data was stored.

60.    The Defendants are informed and believe, and therefore allege, that Spark exercised a right of ownership over PCCS's property to deprive PCCS of the data contained therein and to further injure its business.

61.    As a direct and proximate result of Spark's conversion, PCCS has suffered direct and consequential damages in an amount exceeding twenty-five thousand dollars ($25,000).

## FOURTH COUNTERCLAIM
### (*In the Alternative*—Unjust Enrichment)

62.    The Defendants reassert and incorporate by reference the allegations in the previous paragraphs as if fully set forth.

63.    Eastham was enriched by his receipt of funds from PCCS that were not earned or owed.

64.    Spark was unjustly enriched by his retention of PCCS property, including its valuable and proprietary data.

65.    PCCS did not confer such benefits on the Plaintiffs officiously or without expectation of compensation. Their enrichment was unjust under the circumstances.

66.    As a direct and proximate result of the Plaintiffs' breach of fiduciary duties, PCCS has suffered direct and consequential damages in an amount exceeding twenty-five thousand dollars ($25,000).

-31-

### FIFTH COUNTERCLAIM
(Defamation — Eastham)

67.    The Defendants reassert and incorporate by reference the allegations in
the previous paragraphs as if fully set forth.

68.    On July 8, 2022, Eastham contacted a business partner of Sharpe's,
Mary Puncochar, former senior executive at Ascensia Diabetes Care, the primary
client of PCCS and the foundation of its business with the Department of Veterans
Affairs.

69.    Eastham wanted to do business with Ascensia, not knowing Puncochar
had left that company.  He texted her that, among other things, Sharpe had been
found "guilty of fraud" and had "lied to the court."

70.    Those are false statements published with the malicious intent to injure
Sharpe's reputation and business relations.

71.    Eastham said he "wanted to make sure you have facts when working
with Trey."

72.    Sharpe has never been found guilty of fraud or lied to a court.  A true
and accurate copy of this text message, which Puncochar provided to Sharpe, is
attached as Exhibit A.

73.    The July 8 email to Puncochar directly charged Sharpe with crimes of
moral turpitude and unauthorized acts, or with improper, unlawful, or unethical acts
or practices.

74.    The communication tended to subject Sharpe to ridicule, public hatred,
contempt and disgrace.

-32-

75.     The defamatory statements were false.

76.     The defamatory statements require no context, inference, or interpretation using facts not present in the publication itself to understand its meaning and were not made within any qualified or conditional privilege.

77.     Eastham was referencing a separate civil matter in which two other companies, The DaVinci Company, LLC and DaVinci Aerospace, LLC (collectively the "DaVinci Companies"), obtained a default judgment against PCCS Inc. for various claims.  Claims against Sharpe were not decided in any manner, and he answered with a complete denial of all allegations.

78.     When he made the defamatory statements to Puncochar, Eastham was working with the owner of the DaVinci Companies, Daniel Shoaf, to force Sharpe to give up his voting stock in PCCS Inc. to Shoaf, which upon information and belief they had agreed would benefit Eastham and Spark.

79.     Eastham knew or should have known with the exercise of reasonable diligence that the default judgment obtained in the DaVinci Companies matter was only against PCCS Inc. and that none of the conduct alleged in the Complaint had been decided on the merits against Sharpe.

80.     Accordingly, Eastham published the defamatory statements with knowledge that they were false, with reckless disregard for the truth, or with a high degree of awareness of their probable falsity.  The publication thus was done with actual malice.

-33-

81.    The only purposes of the publication were to injure Sharpe's reputation with an important business associate and to achieve leverage in Eastham's collateral plans to take over PCCS Inc. by potentially alienating an important business associate from PPCS Inc. so long as Sharpe was in charge.

82.    In so doing, Eastham conspired with other parties seeking to remove Sharpe from his position as the controlling owner of PCCS, Inc.  Eastham consulted with those other co-conspirators, Spark and Shoaf, by sharing information meant to apply pressure on Sharpe to step down and thereby also resolve disputes with Shoaf.

83.    Shoaf published similarly defamatory statements to PCCS Inc.'s CEO, Holly Grange with, upon information and belief, the same intent and for the same purpose that Eastham sent his defamatory message to Puncochar.

84.    In furtherance of this common plan, Shoaf followed up his libelous email with a telephone conversation during which he encouraged Grange to convince Sharpe to accede to their demands.

85.    Shoaf's defamatory conduct is the subject of a separate action filed concurrently with this Amended Answer and Counterclaims.

86.    Eastham, Spark, and Shoaf directly communicated with each other about their goal of ousting Sharpe from his voting shares in PCCH and achieving other goals to Sharpe's detriment.

87.    The Defendants are informed and believe, and therefore allege, that an element of their agreement was to communicate defamatory matters to important

-34-

third parties for the purpose of undermining Sharpe's position within his company and with business associates they believed to be of importance to Sharpe.

88.    Shoaf, Eastham, and Spark, therefore, agreed to perform unlawful acts or to perform lawful acts unlawfully. Therefore, they are jointly and severally liable for any damages awarded in either claim.

89.    Sharpe has suffered actual damages to be determined by a jury.

90.    While Sharpe need not have suffered actual damages from the libel per se, the malice with which it was done subjects the Defendant to an award of punitive damages to be awarded in an amount determined by the jury.

91.    The existence of a civil conspiracy involving Eastham, Spark, and Shoaf subjects them both to joint and several liability.

92.    The claim against Shoaf may be consolidated with this action for trial on the claims for libel per se.

WHERFORE, the Defendants pray as follows:

1.    That the Plaintiffs have and recover nothing of these Defendants;

2.    That PCCS Inc. has and recovers compensatory and consequential damages from the Plaintiffs, jointly and severally, in an amount exceeding twenty-five thousand dollars ($25,000);

3.    That Sharpe has and recovers compensatory and consequential damages from the Plaintiffs, jointly and severally, in an amount exceeding twenty-five thousand dollars ($25,000);

-35-

4.    That in the alternative to damages, PCCS receive restitution from the Defendants;

5.    That the Defendants have and recover from the Plaintiffs, jointly and severally, punitive damages in an amount to be determined by the jury;

6.    That the conspirators be held liable, jointly and severally, for all damages awarded due to their defamatory publications.

7.    That the Defendants be awarded attorney's fees, jointly and severally, as provided by law;

8.    That costs be taxed against the Plaintiffs, jointly and severally;

9.    That this matter be consolidated with the concurrent action against Shoaf for trial; and

10.   For trial by jury on all issues so triable.


Respectfully submitted this the 5th day of August 2022.

REISS & NUTT, PLLC
*Attorneys for Defendants*

By:   _____
W. Cory Reiss
N.C. State Bar No. 41549
Email: wcreiss@reissnutt.com
Kyle J. Nutt
N.C. State Bar No. 43469
Email: kjnutt@reissnutt.com
1221 Floral Parkway, Suite 104
Wilmington, NC 28403
Telephone: (910) 420-4674
Facsimile: (910) 420-4637

-36-

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that the foregoing document was duly served on the following persons, pursuant to Rule 5 of the North Carolina Rules of Civil Procedure by depositing the same in a postage-paid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service:

Thomas Babel
Davis Hartman Wright, LLP
P.O. Box 11320 (28404)
Wilmington, NC 28403
Fax: (910) 756-4080
tsb@dwlegal.com
*Attorneys for Plaintiffs*

This the 5th day of August 2022.

REISS & NUTT, PLLC
*Attorneys for Defendants*

By: _____
W. Cory Reiss

NORTH CAROLINA

NEW HANOVER COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
22 CVS 1507

MARK EASTHAM; and
PETER SPARK

                        Plaintiffs,

vs.

PORT CITY CONTRACTING SERVICES, INC;
ROBERT P. SHARPE, STONE BAY
TACTICAL, LLC and SRS SUPPLY, LLC,

                        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

**OBJECTION**

      COMES NOW The DaVinci Company, LLC ("DaVinci") pursuant to Rule 45 of the North Carolina Rules of Civil Procedure and hereby objects to the subpoena issued to it by Defendants in the matter above captioned. In support of this motion, DaVinci respectfully shows unto the Court as follows:

      1.     On July 27, 2022, Defendants issued to DaVinci a subpoena in the matter above captioned, directing DaVinci to produce certain documents. Attached hereto and labeled as **EXHIBIT A** is a copy of that subpoena (the "Subpoena").

      2.     DaVinci objects to producing documents in response to the Subpoena for several reasons. First, the Subpoena was not properly served upon DaVinci. Pursuant to Rule 45(b), a subpoena must be served by delivery to the person or by certified mail, return receipt requested. A copy of the Subpoena was left in a Post Office Box but was not signed for.

      3.     DaVinci further objects on the grounds that some requests seek information protected by the attorney client privilege and/or work-product.

      4.     DaVinci further objects on the grounds that the Subpoena imposes and undue burden and expense to it in the costs associates with electronic searching for requested documents, because, among other reasons, the information sought would or should be obtainable from a party to the litigation, there is no definitional section, nor search terms provided.

      5.     DaVinci further objects as the subpoena seeks confidential business information and DaVinci and Defendant Port City Contracting Services, Inc. are competitors that have bid on government contracts.

      WHEREFORE, DaVinci hereby objects to the Subpoena issued to it, that the Court grant to DaVinci the costs associated with any production made pursuant to the Subpoena, and that the

Court grant unto DaVinci such other and further relief as the Court may deem just and proper.

This the 10th day of August, 2022.

Kevin A. Rust (N.C. State Bar No. 35836)
*The DaVinci Company, LLC*
CARRUTHERS & ROTH, P.A.
235 N. Edgeworth St. (27401)
P.O. Box 540
Greensboro, NC 27402-0540
Telephone: (336) 379-8651
Facsimile: (336) 478-1175
Emails: kar@crlaw.com

## CERIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the parties by electronic mail and by first class mail, addressed as follows:

> W. Cory Reiss
> Kyle J. Nutt
> Reiss & Nutt, PLLC
> 1221 Floral Parkway, Suite 104
> Wilmington, NC 28403
> *Attorneys for Plaintiff*
> wcreiss@reissnutt.com
> kjnutt@reissnutt.com

This the 10th day of August, 2022.

> Kevin A. Rust (N.C. State Bar No. 35836)
> *The DaVinci Company, LLC*
> CARRUTHERS & ROTH, P.A.
> 235 N. Edgeworth St. (27401)
> P.O. Box 540
> Greensboro, NC 27402-0540
> Telephone: (336) 379-8651
> Facsimile: (336) 478-1175
> Emails: kar@crlaw.com

# EXHIBIT A

| STATE OF **NORTH CAROLINA** | | File No.   22-CVS-001507 |
|---|---|---|

NEW HANOVER _____ County

In The General Court Of Justice
☐ District   ☒ Superior Court Division

| MARK EASTHAM and PETER SPARK | Additional File Numbers |
|---|---|

**VERSUS**

PORT CITY CONTRACTING SERVICES, INC., ROBERT P. SHARPE, STONE BAY TACTICAL, LCC, and SRS SUPPLY, LLC

**SUBPOENA**

G.S. 1A-1, Rule 45, 8-59, -61, -63, 15A-801, -802

| Party Requesting Subpoena  ☐ State Plaintiff  ☒ Defendant | NOTE TO PARTIES NOT REPRESENTED BY COUNSEL: Subpoenas may be produced at your request, but must be signed and issued by the office of the Clerk of Superior Court, or by a magistrate or judge |
|---|---|

| TO | Name And Address Of Person Subpoenaed
The DaVinci Company, LLC
c/o Daniel Matthew Shoaf
300 N Greene St., Ste 2190
Greensboro                     NC  27401-2167 | Alternate Address
The DaVinci Company, LLC

300 N Greene St.
Greensboro                     NC  27401-2167 |
|---|---|---|
| | Telephone No.   (336) 253-3755 | Telephone No. |

**YOU ARE COMMANDED TO:** (check all that apply)
☐ appear and testify, in the above entitled action, before the court at the place, date and time indicated below
☐ appear and testify, in the above entitled action, at a deposition at the place, date and time indicated below
☒ produce and permit inspection and copying of the following items, at the place, date and time indicated below
  ☒ See attached list  (List here if space sufficient)

| Name And Location Of Court/Place Of Deposition/Place To Produce

Reiss & Nutt, PLLC
1221 Floral Parkway, Suite 104
Wilmington              NC    28403 | Date To Appear/Produce  Until Released
08/12/2022 |
|---|---|
| | Time To Appear/Produce  Until Released
5                                   ☐ AM  ☒ PM |
| Name And Address Of Applicant Or Applicant's Attorney
W. Cory Reiss
Reiss & Nutt, PLLC
1221 Floral Parkway, Suite 104
Wilmington              NC    28403 | Date   07/27/2022 |
| | Signature |
| Telephone No. Of Applicant Or Applicant's Attorney
(910) 420-4674 | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court
☐ Magistrate   ☒ Attorney/DA   ☐ District Court Judge
                                          ☐ Superior Court Judge |

**RETURN OF SERVICE**

I certify this subpoena was received and served on the person subpoenaed as follows
By ☐ personal delivery                    ☐ registered or certified mail, receipt requested and attached
☐ telephone communication by Sheriff (use only for a witness subpoenaed to appear and testify)
☐ telephone communication by local law enforcement agency (use only for a witness subpoenaed to appear and testify in a criminal case)
NOTE TO COURT: If the witness was served by telephone communication from a local law enforcement agency in a criminal case, the court may not issue a show cause order or order for arrest against the witness until the witness has been served personally with the written subpoena
☐ I was unable to serve this subpoena  Reason unable to serve _____

| Service Fee | ☐ Paid | Date Served | Name Of Authorized Server (type or print) | Signature Of Authorized Server | Title Agency |
|---|---|---|---|---|---|
| $ | ☐ Due | | | | |

NOTE TO PERSON REQUESTING SUBPOENA: A copy of this subpoena must be delivered, mailed or faxed to the attorney for each party in this case. If a party is not represented by an attorney, the copy must be mailed or delivered to the party. This does not apply in criminal cases.

AOC-G-100, Rev. 2/18                    (Please see reverse side)
© 2018 Administrative Office of the Courts

## EXHIBIT A

Electronically Stored Information to be produced pursuant to Rule 45(d)(2) of the North Carolina Rules of Civil Procedure:

1. All emails, text messages, chat strings, and other written or recorded communications, with attachments, between you (including your attorneys, your agents, your officers, or your employees) on one side and Mark Eastham or Peter Spark, or their attorneys, agents, officers or employees on the other side, concerning or about Port City Contracting Services, Inc.;

2. All emails, text messages, chat strings and other written or recorded communications, with attachments, between you (including your attorneys, your agents, your officers, or your employees) on one side and Mark Eastham or Peter Spark, or their attorneys, agents, officers or employees on the other side, concerning or about Robert "Trey" Sharpe;

3. All emails, text messages, chat strings and other written or recorded communications, with attachments, between you, (including your attorneys, your agents, your officers, or your employees) on one side and Mark Eastham or Peter Spark, or their attorneys, agents, officers or employees on the other side, concerning or about any entity known as "Stone Bay Tactical" or Stone Bay Tactical, LLC;

4. All emails, text messages, chat strings and other written or recorded communications, with attachments, between you (including your attorneys, your agents, your officers, or your employees) on one side and Mark Eastham or Peter Spark, or their attorneys, agents, officers or employees on the other side, concerning or about SRS Supply, LLC;

5. All documents provided to or received from any attorneys, agents, officers, or employees of Mark Eastham concerning or about Port City Contracting Services, Inc.;

6. All documents provided to or received from any attorneys, agents, officers or employees of Mark Eastham or Peter Spark concerning or about Robert "Trey" Sharpe;

7. All documents provided to or received from any attorneys, agents, officers or employees of Mark Eastham or Peter Spark concerning or about any entity known as "Stone Bay Tactical" or Stone Bay Tactical, LLC;

8. All documents provided to or received from any attorneys, agents, officers or employees of Mark Eastham or Peter Spark concerning or about SRS Supply, LLC;

9. All calendar entries and scheduling messages concerning any meetings, teleconferences, or other scheduled communications with any attorneys, agents, officers, or employees of Mark Eastham or Peter Spark;

10. A copy of the "OEM Authorized Distributor – Dealer Letter" you submitted to the United States Department of Veterans Affairs in support of your Standard Form 1449 for Solicitation No. 36C77022Q0076.



ATTORNEYS AT LAW

Kevin A. Rust
Direct Phone 336.478-1133
Direct Fax 336.478.1134
kar@crlaw.com

August 10, 2022

**_Via Federal Express:_**

New Hanover County Courthouse
Attn: Clerk of Court
316 Princess Street
Wilmington, NC 28401

> Re:  *Mark Eastham and Peter Spark v. Port City Contracting Services, Inc., et al.*
> *New Hanover County; 22 CvS 1507; Our File: 010594/72126*

Dear Madam Clerk:

Enclosed please find an original and copies of DaVinci Company, LLC's Objection to Subpoena and Carruthers & Roth, PA's Objection to Subpoena to be filed in the above-captioned matter.

Please file these documents and return all stamped filed copies to me. I have enclosed a self -addressed stamped envelope for your use.

Thank you for your assistance. Please call if you have any questions.

With kind regards, I am

Very truly yours,

Kevin A. Rust

KAR:wc

Enclosures

NORTH CAROLINA

NEW HANOVER COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
22 CVS 1507

MARK EASTHAM; and                           )
PETER SPARK                                 )
                                            )
                          Plaintiffs,       )
                                            )
vs.                                         )
                                            )        **OBJECTION**
PORT CITY CONTRACTING SERVICES, INC;        )
ROBERT P. SHARPE, STONE BAY                 )
TACTICAL, LLC and SRS SUPPLY, LLC,          )
                                            )
                          Defendants.       )

COMES NOW The DaVinci Company, LLC ("DaVinci") pursuant to Rule 45 of the North Carolina Rules of Civil Procedure and hereby objects to the subpoena issued to it by Defendants in the matter above captioned. In support of this motion, DaVinci respectfully shows unto the Court as follows:

1.      On July 27, 2022, Defendants issued to DaVinci a subpoena in the matter above captioned, directing DaVinci to produce certain documents. Attached hereto and labeled as **EXHIBIT A** is a copy of that subpoena (the "Subpoena").

2.      DaVinci objects to producing documents in response to the Subpoena for several reasons. First, the Subpoena was not properly served upon DaVinci. Pursuant to Rule 45(b), a subpoena must be served by delivery to the person or by certified mail, return receipt requested. A copy of the Subpoena was left in a Post Office Box but was not signed for.

3.      DaVinci further objects on the grounds that some requests seek information protected by the attorney client privilege and/or work-product.

4.      DaVinci further objects on the grounds that the Subpoena imposes and undue burden and expense to it in the costs associates with electronic searching for requested documents, because, among other reasons, the information sought would or should be obtainable from a party to the litigation, there is no definitional section, nor search terms provided.

5.      DaVinci further objects as the subpoena seeks confidential business information and DaVinci and Defendant Port City Contracting Services, Inc. are competitors that have bid on government contracts.

WHEREFORE, DaVinci hereby objects to the Subpoena issued to it, that the Court grant to DaVinci the costs associated with any production made pursuant to the Subpoena, and that the

Court grant unto DaVinci such other and further relief as the Court may deem just and proper.

This the 10th day of August, 2022.

Kevin A. Rust (N.C. State Bar No. 35836)
*The DaVinci Company, LLC*
CARRUTHERS & ROTH, P.A.
235 N. Edgeworth St. (27401)
P.O. Box 540
Greensboro, NC 27402-0540
Telephone: (336) 379-8651
Facsimile: (336) 478-1175
Emails: kar@crlaw.com

## CERIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the parties by electronic

mail and by first class mail, addressed as follows:

> W. Cory Reiss
> Kyle J. Nutt
> Reiss & Nutt, PLLC
> 1221 Floral Parkway, Suite 104
> Wilmington, NC 28403
> *Attorneys for Plaintiff*
> wcreiss@reissnutt.com
> kjnutt@reissnutt.com

This the 10th day of August, 2022.

> Kevin A. Rust (N.C. State Bar No. 35836)
> *The DaVinci Company, LLC*
> CARRUTHERS & ROTH, P.A.
> 235 N. Edgeworth St. (27401)
> P.O. Box 540
> Greensboro, NC 27402-0540
> Telephone: (336) 379-8651
> Facsimile: (336) 478-1175
> Emails: kar@crlaw.com

# EXHIBIT A

# STATE OF NORTH CAROLINA

File No.
22-CVS-001507

_____ NEW HANOVER _____ County

In The General Court Of Justice
☐ District   ☒ Superior Court Division

MARK EASTHAM and PETER SPARK

Additional File Numbers

**VERSUS**

PORT CITY CONTRACTING SERVICES, INC., ROBERT P. SHARPE, STONE BAY TACTICAL, LCC, and SRS SUPPLY, LLC

## SUBPOENA

G.S. 1A-1, Rule 45; 8-59, -61, -63, 15A-801, -802

| Party Requesting Subpoena | | |
|---|---|---|
| ☐ State/Plaintiff | ☒ Defendant | NOTE TO PARTIES NOT REPRESENTED BY COUNSEL: Subpoenas may be produced at your request, but must be signed and issued by the office of the Clerk of Superior Court, or by a magistrate or judge. |

TO | Name And Address Of Person Subpoenaed
The DaVinci Company, LLC
c/o Daniel Matthew Shoaf
300 N Greene St., Ste 2190
Greensboro                     NC  27401-2167

Alternate Address
The DaVinci Company, LLC

300 N Greene St.
Greensboro                     NC  27401-2167

Telephone No.
(336) 253-3755

Telephone No.

### YOU ARE COMMANDED TO: (check all that apply)

☐ appear and testify, in the above entitled action, before the court at the place, date and time indicated below.

☐ appear and testify, in the above entitled action, at a deposition at the place, date and time indicated below.

☒ produce and permit inspection and copying of the following items, at the place, date and time indicated below.

   ☒ See attached list  (List here if space sufficient)

Name And Location Of Court/Place Of Deposition/Place To Produce

Reiss & Nutt, PLLC
1221 Floral Parkway, Suite 104
Wilmington                     NC     28403

Date To Appear/Produce, Until Released
08/12/2022

Time To Appear/Produce, Until Released
5        ☐ AM  ☒ PM

Date

Name And Address Of Applicant Or Applicant's Attorney
W. Cory Reiss
Reiss & Nutt, PLLC
1221 Floral Parkway, Suite 104
Wilmington                     NC     28403

07/27/2022

Signature

Telephone No. Of Applicant Or Applicant's Attorney
(910) 420-4674

☐ Deputy CSC        ☐ Assistant CSC        ☐ Clerk Of Superior Court
☐ Magistrate        ☒ Attorney/DA          ☐ District Court Judge
                                            ☐ Superior Court Judge

### RETURN OF SERVICE

I certify this subpoena was received and served on the person subpoenaed as follows

By   ☐ personal delivery              ☐ registered or certified mail, receipt requested and attached.

☐ telephone communication by Sheriff (use only for a witness subpoenaed to appear and testify)

☐ telephone communication by local law enforcement agency (use only for a witness subpoenaed to appear and testify in a criminal case)
NOTE TO COURT: If the witness was served by telephone communication from a local law enforcement agency in a criminal case, the court may not issue a show cause order or order for arrest against the witness until the witness has been served personally with the written subpoena.

☐ I was unable to serve this subpoena. Reason unable to serve _____

| Service Fee | ☐ Paid | Date Served | Name Of Authorized Server (type or print) | Signature Of Authorized Server | Title/Agency |
|---|---|---|---|---|---|
| $ | ☐ Due | | | | |

NOTE TO PERSON REQUESTING SUBPOENA: A copy of this subpoena must be delivered, mailed or faxed to the attorney for each party in this case. If a party is not represented by an attorney, the copy must be mailed or delivered to the party. This does not apply in criminal cases.

AOC-G-100  Rev. 2/18                              (Please see reverse side)
© 2018 Administrative Office of the Courts

## EXHIBIT A

Electronically Stored Information to be produced pursuant to Rule 45(d)(2) of the North Carolina Rules of Civil Procedure:

1. All emails, text messages, chat strings, and other written or recorded communications, with attachments, between you (including your attorneys, your agents, your officers, or your employees) on one side and Mark Eastham or Peter Spark, or their attorneys, agents, officers or employees on the other side, concerning or about Port City Contracting Services, Inc.:

2. All emails, text messages, chat strings and other written or recorded communications, with attachments, between you (including your attorneys, your agents, your officers, or your employees) on one side and Mark Eastham or Peter Spark, or their attorneys, agents, officers or employees on the other side, concerning or about Robert "Trey" Sharpe;

3. All emails, text messages, chat strings and other written or recorded communications, with attachments, between you, (including your attorneys, your agents, your officers, or your employees) on one side and Mark Eastham or Peter Spark, or their attorneys, agents, officers or employees on the other side, concerning or about any entity known as "Stone Bay Tactical" or Stone Bay Tactical, LLC;

4. All emails, text messages, chat strings and other written or recorded communications, with attachments, between you (including your attorneys, your agents, your officers, or your employees) on one side and Mark Eastham or Peter Spark, or their attorneys, agents, officers or employees on the other side, concerning or about SRS Supply, LLC;

5. All documents provided to or received from any attorneys, agents, officers, or employees of Mark Eastham concerning or about Port City Contracting Services, Inc.;

6. All documents provided to or received from any attorneys, agents, officers or employees of Mark Eastham or Peter Spark concerning or about Robert "Trey" Sharpe:

7. All documents provided to or received from any attorneys, agents, officers or employees of Mark Eastham or Peter Spark concerning or about any entity known as "Stone Bay Tactical" or Stone Bay Tactical, LLC;

8. All documents provided to or received from any attorneys, agents, officers or employees of Mark Eastham or Peter Spark concerning or about SRS Supply, LLC;

9. All calendar entries and scheduling messages concerning any meetings, teleconferences, or other scheduled communications with any attorneys, agents, officers, or employees of Mark Eastham or Peter Spark;

10. A copy of the "OEM Authorized Distributor – Dealer Letter" you submitted to the United States Department of Veterans Affairs in support of your Standard Form 1449 for Solicitation No. 36C77022Q0076.

NORTH CAROLINA

NEW HANOVER COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
22 CVS 1507

MARK EASTHAM; and                                         )
PETER SPARK                                               )
                                                          )
                                      Plaintiffs,         )
                                                          )
vs.                                                       )
                                                          )          **OBJECTION**
PORT CITY CONTRACTING SERVICES, INC;  )
ROBERT P. SHARPE, STONE BAY               )
TACTICAL, LLC and SRS SUPPLY, LLC,        )
                                                          )
                                      Defendants.        )

COMES NOW Carruthers & Roth, PA ("Carruthers") pursuant to Rule 45 of the North Carolina Rules of Civil Procedure and hereby objects to the subpoena issued to it by Defendants in the matter above captioned. In support of this motion, DaVinci respectfully shows unto the Court as follows:

1.      On July 27, 2022, Defendants issued to Carruthers a subpoena in the matter above captioned, directing DaVinci to produce certain documents. Attached hereto and labeled as **EXHIBIT A** is a copy of that subpoena (the "Subpoena").

2.      Carruthers objects to producing documents in response to the Subpoena for several reasons. First, the Subpoena seeks production of privileged information.

3.      Defendant Robert P. Sharpe in the above captioned action recently filed a lawsuit against Daniel M. Shoaf, an officer of The DaVinci Company (the "Sharpe lawsuit").

4.      The Sharpe lawsuit alleges, among other things, that Shoaf and Plaintiff Mark Eastham in the above captioned action are subject to joint and several liability, and that the Sharpe lawsuit should be consolidated in the above captioned action.

5.      Carruthers represents Mr. Shoaf in the Sharpe lawsuit, and to the extent the Sharpe lawsuit is consolidated with the above captioned action, Mr. Shoaf will be a party in this lawsuit and Carruthers the counsel of record.

6.      There are therefore several privilege issues, including but not limited to, attorney-client privilege, work-product, and joint defense privilege.

7. Further, The DaVinci Company is currently in a lawsuit with Mr. Sharpe and Port City Contracting Services, Inc., and given Mr. Shoaf's status of the CEO of The DaVinci Company, further implicates privileged and confidential information.

8.      Carruthers further objects on the grounds that the Subpoena imposes and undue burden and expense to it in the costs associates with electronic searching for requested documents, because, among other reasons, the information sought would or should be obtainable from a party or parties that is presently in the above captioned litigation, there is no definitional section, no time limitation, nor search terms provided.

WHEREFORE, Carruthers hereby objects to the Subpoena issued to it, that the Court grant to Carruthers the costs associated with any production made pursuant to the Subpoena, and that the Court grant unto Carruthers such other and further relief as the Court may deem just and proper.

This the 10th day of August, 2022.

Kevin A. Rust (N.C. State Bar No. 35836)
CARRUTHERS & ROTH, P.A.
235 N. Edgeworth St. (27401)
P.O. Box 540
Greensboro, NC 27402-0540
Telephone: (336) 379-8651
Facsimile: (336) 478-1175
Emails: kar@crlaw.com

## CERIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the parties by electronic

mail and by first class mail, addressed as follows:

> W. Cory Reiss
> Kyle J. Nutt
> Reiss & Nutt, PLLC
> 1221 Floral Parkway, Suite 104
> Wilmington, NC 28403
> *Attorneys for Plaintiff*
> wcreiss@reissnutt.com
> kjnutt@reissnutt.com

This the 10th day of August, 2022.

> Kevin A. Rust (N.C. State Bar No. 35836)
> *The DaVinci Company, LLC*
> CARRUTHERS & ROTH, P.A.
> 235 N. Edgeworth St. (27401)
> P.O. Box 540
> Greensboro, NC 27402-0540
> Telephone: (336) 379-8651
> Facsimile: (336) 478-1175
> Emails: kar@crlaw.com

# EXHIBIT A

**STATE OF NORTH CAROLINA**

NEW HANOVER _____ County

File No.
22-CVS-001507

In The General Court Of Justice
☐ District   ☒ Superior Court Division

MARK EASTHAM and PETER SPARK

| Additional File Numbers |

**VERSUS**

PORT CITY CONTRACTING SERVICES, INC., ROBERT P. SHARPE, STONE BAY TACTICAL, LCC, and SRS SUPPLY, LLC

**SUBPOENA**

G.S. 1A-1, Rule 45; 8-59, -61, -63; 15A-801, -802

Party Requesting Subpoena
☐ State/Plaintiff   ☒ Defendant

NOTE TO PARTIES NOT REPRESENTED BY COUNSEL: Subpoenas may be produced at your request, but must be signed and issued by the office of the Clerk of Superior Court, or by a magistrate or judge.

**TO** Name And Address Of Person Subpoenaed
Carruthers & Roth, P.A.
c/o Kenneth R. Keller, Registered Agent
235 N. Edgeworth St.
Greensboro                    NC    27401

Alternate Address

Telephone No.
(336) 478-1125

Telephone No.

**YOU ARE COMMANDED TO:** (check all that apply)
☐ appear and testify, in the above entitled action, before the court at the place, date and time indicated below.
☐ appear and testify, in the above entitled action, at a deposition at the place, date and time indicated below.
☒ produce and permit inspection and copying of the following items, at the place, date and time indicated below.
☒ See attached list. (List here if space sufficient)

Name And Location Of Court/Place Of Deposition/Place To Produce

Reiss & Nutt, PLLC
1221 Floral Parkway, Suite 104
Wilmington                    NC    28403

Name And Address Of Applicant Or Applicant's Attorney
W. Cory Reiss
Reiss & Nutt, PLLC
1221 Floral Parkway, Suite 104
Wilmington                    NC    28403
Telephone No. Of Applicant Or Applicant's Attorney
(910) 420-4674

Date To Appear/Produce, Until Released
08/12/2022

Time To Appear/Produce, Until Released   ☐ AM  ☒ PM
5

Date
07/27/2022

Signature

☐ Deputy CSC      ☐ Assistant CSC      ☐ Clerk Of Superior Court
☐ Magistrate      ☒ Attorney/DA        ☐ District Court Judge
                                        ☐ Superior Court Judge

**RETURN OF SERVICE**

I certify this subpoena was received and served on the person subpoenaed as follows:
By  ☐ personal delivery.   ☐ registered or certified mail, receipt requested and attached.
☐ telephone communication by Sheriff (use only for a witness subpoenaed to appear and testify).
☐ telephone communication by local law enforcement agency (use only for a witness subpoenaed to appear and testify in a criminal case).
NOTE TO COURT: If the witness was served by telephone communication from a local law enforcement agency in a criminal case, the court may not issue a show cause order or order for arrest against the witness until the witness has been served personally with the written subpoena.
☐ I was unable to serve this subpoena. Reason unable to serve: _____

| Service Fee | Paid | Date Served | Name Of Authorized Server (type or print) | Signature Of Authorized Server | Title/Agency |
| --- | --- | --- | --- | --- | --- |
| $ | Due | | | | |

NOTE TO PERSON REQUESTING SUBPOENA: A copy of this subpoena must be delivered, mailed or faxed to the attorney for each party in this case. If a party is not represented by an attorney, the copy must be mailed or delivered to the party. This does not apply in criminal cases.

AOC-G-100, Rev. 2/18
© 2018 Administrative Office of the Courts

(Please see reverse side)

NOTE: Rule 45, North Carolina Rules of Civil Procedure, Subsections (c) and (d).

**(c) Protection of Persons Subject to Subpoena**

(1) Avoid undue burden or expense. - A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena. The court shall enforce this subdivision and impose upon the party or attorney in violation of this requirement an appropriate sanction that may include compensating the person unduly burdened for lost earnings and for reasonable attorney's fees.

(2) For production of public records or hospital medical records. - Where the subpoena commands any custodian of public records or any custodian of hospital medical records, as defined in G.S. 8-44.1, to appear for the sole purpose of producing certain records in the custodian's custody, the custodian subpoenaed may, in lieu of personal appearance, tender to the court in which the action is pending by registered or certified mail or by personal delivery, on or before the time specified in the subpoena, certified copies of the records requested together with a copy of the subpoena and an affidavit by the custodian testifying that the copies are true and correct copies and that the records were made and kept in the regular course of business, or if no such records are in the custodian's custody, an affidavit to that effect. When the copies of records are personally delivered under this subdivision, a receipt shall be obtained from the person receiving the records. Any original or certified copy of records or an affidavit delivered according to the provisions of this subdivision, unless otherwise objectionable, shall be admissible in any action or proceeding without further certification or authentication. Copies of hospital medical records tendered under this subdivision shall not be open to inspection or copied by any person, except to the parties to the case or proceedings and their attorneys in depositions, until ordered published by the judge at the time of the hearing or trial. Nothing contained herein shall be construed to waive the physician-patient privilege or to require any privileged communication under law to be disclosed.

(3) Written objection to subpoenas. - Subject to subsection (d) of this rule, a person commanded to appear at a deposition or to produce and permit the inspection and copying of records, books, papers, documents, electronically stored information, or tangible things may, within 10 days after service of the subpoena or before the time specified for compliance if the time is less than 10 days after service, serve upon the party or the attorney designated in the subpoena written objection to the subpoena, setting forth the specific grounds for the objection. The written objection shall comply with the requirements of Rule 11. Each of the following grounds may be sufficient for objecting to a subpoena:

   a. The subpoena fails to allow reasonable time for compliance.
   b. The subpoena requires disclosure of privileged or other protected matter and no exception or waiver applies to the privilege or protection.
   c. The subpoena subjects a person to an undue burden or expense.
   d. The subpoena is otherwise unreasonable or oppressive.
   e. The subpoena is procedurally defective.

(4) Order of court required to override objection. - If objection is made under subdivision (3) of this subsection, the party serving the subpoena shall not be entitled to compel the subpoenaed person's appearance at a deposition or to inspect and copy materials to which an objection has been made except pursuant to an order of the court. If objection is made, the party serving the subpoena may, upon notice to the subpoenaed person, move at any time for an order to compel the subpoenaed person's appearance at the deposition or the production of the materials designated in the subpoena. The motion must be filed in the court in the county in which the deposition or production of materials is to occur.

(5) Motion to quash or modify subpoena. - A person commanded to appear at a trial, hearing, deposition, or to produce and permit the inspection and copying of records, books, papers, documents, electronically stored information, or other tangible things, within 10 days after service of the subpoena or before the time specified for compliance if the time is less than 10 days after service, may file a motion to quash or modify the subpoena. The court shall quash or modify the subpoena if the subpoenaed person demonstrates the existence of any of the reasons set forth in subdivision (3) of this subsection. The motion shall be filed in the court in the county in which the trial, hearing, deposition, or production of materials is to occur.

(6) Order to compel; expenses to comply with subpoena. - When a court enters an order compelling a deposition or the production of records, books, papers, documents, electronically stored information, or other tangible things, the order shall protect any person who is not a party or an agent of a party from significant expense resulting from complying with the subpoena. The court may order that the person to whom the subpoena is addressed will be reasonably compensated for the cost of producing the records, books, papers, documents, electronically stored information, or tangible things specified in the subpoena.

(7) Trade secrets; confidential information. - When a subpoena requires disclosure of a trade secret or other confidential research, development, or commercial information, a court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or when the party on whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot otherwise be met without undue hardship, the court may order a person to make an appearance or produce the materials only on specified conditions stated in the order.

(8) Order to quash; expenses. - When a court enters an order quashing or modifying the subpoena, the court may order the party on whose behalf the subpoena is issued to pay all or part of the subpoenaed person's reasonable expenses including attorney's fees.

**(d) Duties in Responding to Subpoena**

(1) Form of response. - A person responding to a subpoena to produce records, books, documents, electronically stored information, or tangible things shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

(2) Form of producing electronically stored information not specified. - If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it ordinarily is maintained or in a reasonably useable form or forms.

(3) Electronically stored information in only one form. - The person responding need not produce the same electronically stored information in more than one form.

(4) Inaccessible electronically stored information. - The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, after considering the limitations of Rule 26(b)(1a).The court may specify conditions for discovery including requiring the party that seeks discovery from a nonparty to bear the costs of locating, preserving, collecting, and producing the electronically stored information involved.

(5) Specificity of objection. - When information subject to a subpoena is withheld on the objection that it is subject to protection as trial preparation materials, or that it is otherwise privileged, the objection shall be made with specificity and be supported by a description of the nature of the communications, records, books, papers, documents, electronically stored information, or other tangible things not produced, sufficient for the requesting party to contest the objection.

---

**INFORMATION FOR WITNESS**

NOTE: If you have any questions about being subpoenaed as a witness, you should contact the person named on Page One of this Subpoena in the box labeled "Name And Address Of Applicant Or Applicant's Attorney."

**DUTIES OF A WITNESS**

- Unless otherwise directed by the presiding judge, you must answer all questions asked when you are on the stand giving testimony.
- In answering questions, speak clearly and loudly enough to be heard.
- Your answers to questions must be truthful.
- If you are commanded to produce any items, you must bring them with you to court or to the deposition.
- You must continue to attend court until released by the court. You must continue to attend a deposition until the deposition is completed.

**BRIBING OR THREATENING A WITNESS**

It is a violation of State law for anyone to attempt to bribe, threaten, harass, or intimidate a witness. If anyone attempts to do any of these things concerning your involvement as a witness in a case, you should promptly report that to the district attorney or the presiding judge.

**WITNESS FEE**

A witness under subpoena and that appears in court to testify, is entitled to a small daily fee, and to travel expense reimbursement, if it is necessary to travel outside the county in order to testify. (The fee for an "expert witness" will be set by the presiding judge.) After you have been discharged as a witness, if you desire to collect the statutory fee, you should immediately contact the Clerk's office and certify your attendance as a witness so that you will be paid any amount due you.

AOC-G-100, Side Two, Rev. 2/18
© 2018 Administrative Office of the Courts

## EXHIBIT A

Electronically Stored Information to be produced pursuant to Rule 45(d)(2) of the North Carolina Rules of Civil Procedure:

1. All emails, text messages, chat strings, and other written or recorded communications, with attachments, between you (including your attorneys, your agents, your officers, or your employees) on one side and Mark Eastham or Peter Spark, or their attorneys, agents, officers or employees on the other side, concerning or about Port City Contracting Services, Inc.;

2. All emails, text messages, chat strings and other written or recorded communications, with attachments, between you (including your attorneys, your agents, your officers, or your employees) on one side and Mark Eastham or Peter Spark, or their attorneys, agents, officers or employees on the other side, concerning or about Robert "Trey" Sharpe;

3. All emails, text messages, chat strings and other written or recorded communications, with attachments, between you, (including your attorneys, your agents, your officers, or your employees) on one side and Mark Eastham or Peter Spark, or their attorneys, agents, officers or employees on the other side, concerning or about any entity known as "Stone Bay Tactical" or Stone Bay Tactical, LLC;

4. All emails, text messages, chat strings and other written or recorded communications, with attachments, between you (including your attorneys, your agents, your officers, or your employees) on one side and Mark Eastham or Peter Spark, or their attorneys, agents, officers or employees on the other side, concerning or about SRS Supply, LLC;

5. All documents provided to or received from any attorneys, agents, officers, or employees of Mark Eastham concerning or about Port City Contracting Services, Inc.;

6. All documents provided to or received from any attorneys, agents, officers or employees of Mark Eastham or Peter Spark concerning or about Robert "Trey" Sharpe;

7. All documents provided to or received from any attorneys, agents, officers or employees of Mark Eastham or Peter Spark concerning or about any entity known as "Stone Bay Tactical" or Stone Bay Tactical, LLC;

8. All documents provided to or received from any attorneys, agents, officers or employees of Mark Eastham or Peter Spark concerning or about SRS Supply, LLC;

9. All calendar entries and scheduling messages concerning any meetings, teleconferences, or other scheduled communications with any attorneys, agents, officers, or employees of Mark Eastham or Peter Spark;



STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

FILED

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 22-CVS-001507

2022 AUG 11   A 11:50

NEW HANOVER CO., C.S.C.

BY_____

MARK EASTHAM
And PETER SPARK,

      Plaintiffs,

vs.

PORT CITY CONTRACTING
SERVICES, INC., ROBERT P. SHARPE,
STONE BAY TACTICAL, LLC, and SRS
SUPPLY, LLC,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**MOTION TO COMPEL**

NOW COME the Defendants, by and through counsel, pursuant to Rule 45(c)(4), and move the Court for an Order compelling compliance with subpoenas issued to and served on The DaVinci Company, LLC and Carruthers & Roth, PA, to which those parties objected on or about August 10, 2022, true and accurate copies of which are attached as Exhibits A and B.

A TRUE COPY
CLERK OF SUPERIOR COURT
NEW HANOVER COUNTY
BY: *Patricia M. Cherigo*
Deputy Clerk of Superior Court

-2-

Respectfully submitted this the 11th day of August 2022.

REISS & NUTT, PLLC
*Attorneys for Defendants*

By:

W. Cory Reiss
N.C. State Bar No. 41549
Email: wcreiss@reissnutt.com
Kyle J. Nutt
N.C. State Bar No. 43469
Email: kjnutt@reissnutt.com
1221 Floral Parkway, Suite 104
Wilmington, NC 28403
Telephone: (910) 420-4674
Facsimile: (910) 420-4637

-3-

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that the foregoing document was duly served on the following persons, pursuant to Rule 5 of the North Carolina Rules of Civil Procedure via United States Postal Service:

Thomas Babel
Davis Hartman Wright, LLP
P.O. Box 11320 (28404)
Wilmington, NC 28403
Fax: (910) 756-4080
Email: tsb@dhwlegal.com
*Attorneys for Plaintiffs*

Kevin A. Rust
Carruthers & Roth, P.A.
235 Edgeworth St.
Greensboro, NC 27402
*Attorneys for Respondents Carruthers & Roth, P.A., and The DaVinci Company, LLC*

This the 11th day of August 2022.

REISS & NUTT, PLLC
*Attorneys for Defendants*

By: _____
W. Cory Reiss

# STATE OF NORTH CAROLINA

File No
22-CVS-001507

NEW HANOVER _____ County

In The General Court Of Justice
☐ District   ☒ Superior Court Division

MARK EASTHAM and PETER SPARK

Additional File Numbers

### VERSUS

PORT CITY CONTRACTING SERVICES, INC., ROBERT P. SHARPE, STONE BAY TACTICAL, LCC, and SRS SUPPLY, LLC

## SUBPOENA

G.S. 1A-1, Rule 45; 8-59, -61, -63, 15A-801, -802

Party Requesting Subpoena
☐ State/Plaintiff   ☒ Defendant

**NOTE TO PARTIES NOT REPRESENTED BY COUNSEL:** Subpoenas may be produced at your request, but must be signed and issued by the office of the Clerk of Superior Court, or by a magistrate or judge.

TO
Name And Address Of Person Subpoenaed
Carruthers & Roth, P.A.
c/o Kenneth R. Keller, Registered Agent
235 N. Edgewood St.
Greensboro                NC        27401

Alternate Address

Telephone No
(336) 478-1125

Telephone No

**YOU ARE COMMANDED TO:** (check all that apply)
☐ appear and testify, in the above entitled action, before the court at the place, date and time indicated below.
☐ appear and testify, in the above entitled action, at a deposition at the place, date and time indicated below
☒ produce and permit inspection and copying of the following items, at the place, date and time indicated below.
  ☒ See attached list. (List here if space sufficient)

Name And Location Of Court/Place Of Deposition/Place To Produce

Reiss & Nutt, PLLC
1221 Floral Parkway, Suite 104
Wilmington                NC        28403

Date To Appear/Produce. Until Released
08/12/2022

Time To Appear/Produce. Until Released
5                    ☐ AM  ☒ PM

Name And Address Of Applicant Or Applicant's Attorney
W. Cory Reiss
Reiss & Nutt, PLLC
1221 Floral Parkway, Suite 104
Wilmington                NC        28403

Date
07/27/2022

Signature

☐ Deputy CSC       ☐ Assistant CSC        ☐ Clerk Of Superior Court
☐ Magistrate       ☒ Attorney/DA          ☐ District Court Judge
                                          ☐ Superior Court Judge

Telephone No Of Applicant Or Applicant's Attorney
(910) 420-4674

## RETURN OF SERVICE

I certify this subpoena was received and served on the person subpoenaed as follows:
By  ☐ personal delivery     ☐ registered or certified mail, receipt requested and attached.
    ☐ telephone communication by Sheriff (use only for a witness subpoenaed to appear and testify)
    ☐ telephone communication by local law enforcement agency (use only for a witness subpoenaed to appear and testify in a criminal case)
    **NOTE TO COURT:** If the witness was served by telephone communication from a local law enforcement agency in a criminal case, the court may not issue a show cause order or order for arrest against the witness until the witness has been served personally with the written subpoena
    ☐ I was unable to serve this subpoena. Reason unable to serve: _____

Service Fee
$        ☐ Paid  ☐ Due

Date Served

Name Of Authorized Server (type or print)

Signature Of Authorized Server

Title/Agency

**NOTE TO PERSON REQUESTING SUBPOENA:** A copy of this subpoena must be delivered, mailed or faxed to the attorney for ___ if a party is not represented by an attorney, the copy must be mailed or delivered to the party. This does not apply in criminal cases.

AOC-G-100, Rev. 2/18
© 2018 Administrative Office of the Courts

(Please see reverse side)

**Exhibit A**

**NOTE: Rule 45, North Carolina Rules of Civil Procedure, Subsections (c) and (d).**

**(c) Protection of Persons Subject to Subpoena**

(1) Avoid undue burden or expense. – A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena. The court shall enforce this subdivision and impose upon the party or attorney in violation of this requirement an appropriate sanction that may include compensating the person unduly burdened for lost earnings and for reasonable attorney's fees.

(2) For production of public records or hospital medical records. – Where the subpoena commands any custodian of public records or any custodian of hospital medical records, as defined in G.S. 8-44.1, to appear for the sole purpose of producing certain records in the custodian's custody, the custodian subpoenaed may, in lieu of personal appearance, tender to the court in which the action is pending be registered or certified mail or by personal delivery, on or before the time specified in the subpoena, certified copies of the records requested together with a copy of the subpoena and an affidavit by the custodian testifying that the copies are true and correct copies and that the records were made and kept in the regular course of business, or if no such records are in the custodian's custody, an affidavit to that effect. When the copies of records are personally delivered under this subdivision, a receipt shall be obtained from the person receiving the records. Any original or certified copy of records or an affidavit delivered according to the provisions of this subdivision unless otherwise objectionable, shall be admissible in any action or proceeding without further certification or authentication. Copies of hospital medical records tendered under this subdivision shall not be open to inspection or copied by any person, except to the parties to the case or proceedings and their attorneys in depositions, until ordered published by the judge at the time of the hearing or trial. Nothing contained herein shall be construed to waive the physician-patient privilege or to require any privileged communication under law to be disclosed.

(3) Written objection to subpoenas – Subject to subsection (d) of this rule, a person commanded to appear at a deposition or to produce and permit the inspection and copying of records, books, papers, documents, electronically stored information, or tangible things may, within 10 days after service of the subpoena or before the time specified for compliance if the time is less than 10 days after service, serve upon the party or the attorney designated in the subpoena written objection to the subpoena, setting forth the specific grounds for the objection. The written objection shall comply with the requirements of Rule 11. Each of the following grounds may be sufficient for objecting to a subpoena:
  a. The subpoena fails to allow reasonable time for compliance.
  b. The subpoena requires disclosure of privileged or other protected matter and no exception or waiver applies to the privilege or protection
  c. The subpoena subjects a person to an undue burden or expense.
  d. The subpoena is otherwise unreasonable or oppressive
  e. The subpoena is procedurally defective.

(4) Order of court required to override objection – If objection is made under subdivision (3) of this subsection, the party serving the subpoena shall not be entitled to compel the subpoenaed person's appearance at a deposition or to inspect and copy materials to which an objection has been made except pursuant to an order of the court. If objection is made, the party serving the subpoena may, upon notice to the subpoenaed person, move at any time for an order to compel the subpoenaed person's appearance at the deposition or the production of the materials designated in the subpoena. The motion shall be filed in the court in the county in which the deposition or production of materials is to occur.

(5) Motion to quash or modify subpoena. – A person commanded to appear at a trial, hearing, deposition, or to produce and permit the inspection and copying of records, books, papers, documents, electronically stored information, or other tangible things, within 10 days after service of the subpoena or before the time specified for compliance if the time is less than 10 days after service, may file a motion to quash or modify the subpoena. The court shall quash or modify the subpoena if the subpoenaed person demonstrates the existence of any of the reasons set forth in subdivision (3) of this subsection. The motion shall be filed in the court in the county in which the trial, hearing, deposition, or production of materials is to occur.

(6) Order to compel: expenses to comply with subpoena. – When a court enters an order compelling a deposition or the production of records, books, papers, documents, electronically stored information, or other tangible things, the order shall protect any person who is not a party or an agent of a party from significant expense resulting from complying with the subpoena. The court may order that the person to whom the subpoena is addressed will be reasonably compensated for the cost of producing the records, books, papers, documents, electronically stored information, or tangible things specified in the subpoena.

(7) Trade secrets; confidential information. – When a subpoena requires disclosure of a trade secret or other confidential research, development, or commercial information a court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or when the party on whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot otherwise be met without undue hardship, the court may order a person to make an appearance or produce the materials only on specified conditions stated in the order.

(8) Order to quash: expenses. – When a court enters an order quashing or modifying the subpoena, the court may order the party on whose behalf the subpoena is issued to pay all or part of the subpoenaed person's reasonable expenses including attorney's fees.

**(d) Duties in Responding to Subpoena**

(1) Form of response – A person responding to a subpoena to produce records, books, documents, electronically stored information, or tangible things shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

(2) Form of producing electronically stored information not specified – If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it ordinarily is maintained or in a reasonably useable form or forms.

(3) Electronically stored information in only one form. – The person responding need not produce the same electronically stored information in more than one form

(4) Inaccessible electronically stored information. – The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, after considering the limitations of Rule 26(b)(1a). The court may specify conditions for discovery including requiring the party that seeks discovery from a nonparty to bear the costs of locating, preserving, collecting, and producing the electronically stored information involved.

(5) Specificity of objection. – When information subject to a subpoena is withheld on the objection that it is subject to protection as trial preparation materials, or that it is otherwise privileged, the objection shall be made with specificity and shall be supported by a description of the nature of the communications, records, books, papers, documents, electronically stored information or other tangible things not produced, sufficient for the requesting party to contest the objection

---

## INFORMATION FOR WITNESS

NOTE: If you have any questions about being subpoenaed as a witness, you should contact the person named on Page One of this Subpoena in the box labeled "Name And Address Of Applicant Or Applicant's Attorney."

**DUTIES OF A WITNESS**
* Unless otherwise directed by the presiding judge, you must answer all questions asked when you are on the stand giving testimony.
* In answering questions, speak clearly and loudly enough to be heard.
* Your answers to questions must be truthful
* If you are commanded to produce any items, you must bring them with you to court or to the deposition
* You must continue to attend court until released by the court. You must continue to attend a deposition until the deposition is completed

AOC-G-100, Side Two, Rev. 2/18
© 2018 Administrative Office of the Courts

**BRIBING OR THREATENING A WITNESS**
It is a violation of State law for anyone to attempt to bribe, threaten, harass, or intimidate a witness. If anyone attempts to do any of these things concerning your involvement as a witness in a case, you should promptly report that to the district attorney or the presiding judge

**WITNESS FEE**
A witness under subpoena and that appears in court to testify is entitled to a small daily fee, and to travel expense reimbursement, if it is necessary to travel outside the county in order to testify. (The fee for an "expert witness" will be set by the presiding judge.) After you have been discharged as a witness, if you desire to collect the statutory fee, you should immediately contact the Clerk's office and certify your attendance as a witness so that you will be paid any amount due you

## EXHIBIT A

Electronically Stored Information to be produced pursuant to Rule 45(d)(2) of the North Carolina Rules of Civil Procedure:

1. All emails, text messages, chat strings, and other written or recorded communications, with attachments, between you (including your attorneys, your agents, your officers, or your employees) on one side and Mark Eastham or Peter Spark, or their attorneys, agents, officers or employees on the other side, concerning or about Port City Contracting Services, Inc.;

2. All emails, text messages, chat strings and other written or recorded communications, with attachments, between you (including your attorneys, your agents, your officers, or your employees) on one side and Mark Eastham or Peter Spark, or their attorneys, agents, officers or employees on the other side, concerning or about Robert "Trey" Sharpe;

3. All emails, text messages, chat strings and other written or recorded communications, with attachments, between you, (including your attorneys, your agents, your officers, or your employees) on one side and Mark Eastham or Peter Spark, or their attorneys, agents, officers or employees on the other side, concerning or about any entity known as "Stone Bay Tactical" or Stone Bay Tactical, LLC;

4. All emails, text messages, chat strings and other written or recorded communications, with attachments, between you (including your attorneys, your agents, your officers, or your employees) on one side and Mark Eastham or Peter Spark, or their attorneys, agents, officers or employees on the other side, concerning or about SRS Supply, LLC;

5. All documents provided to or received from any attorneys, agents, officers, or employees of Mark Eastham concerning or about Port City Contracting Services, Inc.;

6. All documents provided to or received from any attorneys, agents, officers or employees of Mark Eastham or Peter Spark concerning or about Robert "Trey" Sharpe;

7. All documents provided to or received from any attorneys, agents, officers or employees of Mark Eastham or Peter Spark concerning or about any entity known as "Stone Bay Tactical" or Stone Bay Tactical, LLC;

8. All documents provided to or received from any attorneys, agents, officers or employees of Mark Eastham or Peter Spark concerning or about SRS Supply, LLC;

9. All calendar entries and scheduling messages concerning any meetings, teleconferences, or other scheduled communications with any attorneys, agents, officers, or employees of Mark Eastham or Peter Spark;

| STATE OF **NORTH CAROLINA** | *File No* 22-CVS-001507 |
|---|---|
| NEW HANOVER _____ County | In The General Court Of Justice ☐ District  ☒ Superior Court Division |

| MARK EASTHAM and PETER SPARK | *Additional File Numbers* |
|---|---|

**VERSUS**

| PORT CITY CONTRACTING SERVICES, INC., ROBERT P. SHARPE, STONE BAY TACTICAL, LCC, and SRS SUPPLY, LLC | **SUBPOENA** G.S. 1A-1, Rule 45; 8-59, -61, -63; 15A-801, -802 |
|---|---|

| *Party Requesting Subpoena* ☐ State/Plaintiff  ☒ Defendant | **NOTE TO PARTIES NOT REPRESENTED BY COUNSEL:** *Subpoenas may be produced at your request, but must be signed and issued by the office of the Clerk of Superior Court, or by a magistrate or judge* |
|---|---|

| TO | *Name And Address Of Person Subpoenaed* The DaVinci Company, LLC c/o Daniel Matthew Shoaf 300 N Greene St., Ste 2190 Greensboro                      NC   27401-2167 | *Alternate Address* The DaVinci Company, LLC 300 N. Greene St. Greensboro                      NC   27401-2167 |
|---|---|---|
| | *Telephone No* (336) 253-3755 | *Telephone No* |

**YOU ARE COMMANDED TO:** *(check all that apply)*

☐ appear and testify, in the above entitled action, before the court at the place, date and time indicated below.

☐ appear and testify, in the above entitled action, at a deposition at the place, date and time indicated below.

☒ produce and permit inspection and copying of the following items, at the place, date and time indicated below.

☒ See attached list. *(List here if space sufficient)*

| *Name And Location Of Court/Place Of Deposition/Place To Produce* | *Date To Appear/Produce, Until Released* 08/12/2022 | |
|---|---|---|
| Reiss & Nutt, PLLC 1221 Floral Parkway, Suite 104 Wilmington                      NC   28403 | *Time To Appear/Produce, Until Released* 5 | ☐ AM  ☒ PM |
| *Name And Address Of Applicant Or Applicant's Attorney* W. Cory Reiss Reiss & Nutt, PLLC 1221 Floral Parkway, Suite 104 Wilmington                      NC   28403 | *Date* 07/27/2022 | |
| | *Signature* | |
| *Telephone No Of Applicant Or Applicant's Attorney* (910) 420-4674 | ☐ Deputy CSC    ☒ Assistant CSC ☐ Magistrate    ☒ Attorney/DA | ☐ Clerk Of Superior Court ☐ District Court Judge ☐ Superior Court Judge |

**RETURN OF SERVICE**

I certify this subpoena was received and served on the person subpoenaed as follows:

By  ☐ personal delivery.    ☐ registered or certified mail, receipt requested and attached.

☐ telephone communication by Sheriff *(use only for a witness subpoenaed to appear and testify).*

☐ telephone communication by local law enforcement agency *(use only for a witness subpoenaed to appear and testify in a criminal case).*

**NOTE TO COURT:** *If the witness was served by telephone communication from a local law enforcement agency in a criminal case, the court may not issue a show cause order or order for arrest against the witness until the witness has been served personally with the written subpoena*

☐ I was unable to serve this subpoena. Reason unable to serve: _____

| *Service Fee* $ | ☐ Paid ☐ Due | *Date Served* | *Name Of Authorized Server (type or print)* | *Signature Of Authorized Server* | *Title/Agency* |
|---|---|---|---|---|---|

**NOTE TO PERSON REQUESTING SUBPOENA:** *A copy of this subpoena must be delivered, mailed or faxed to the attorney for each party in this case. If a party is not represented by an attorney, the copy must be mailed or delivered to the party. This does not apply in criminal cases.*

AOC-G-100, Rev. 2/18

© 2018 Administrative Office of the Courts

*(Please see reverse side)*

**Exhibit B**

NOTE: Rule 45, North Carolina Rules of Civil Procedure, Subsections (c) and (d).

**(c) Protection of Persons Subject to Subpoena**

(1) Avoid undue burden or expense. - A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena. The court shall enforce this subdivision and impose upon the party or attorney in violation of this requirement an appropriate sanction that may include compensating the person unduly burdened for lost earnings and for reasonable attorney's fees.

(2) For production of public records or hospital medical records. - Where the subpoena commands any custodian of public records or any custodian of hospital medical records, as defined in G.S. 8-44.1, to appear for the sole purpose of producing certain records in the custodian's custody, the custodian subpoenaed may, in lieu of personal appearance, tender to the court in which the action is pending by registered or certified mail or by personal delivery, on or before the time specified in the subpoena, certified copies of the records requested together with a copy of the subpoena and an affidavit by the custodian testifying that the copies are true and correct copies and that the records were made and kept in the regular course of business, or if no such records are in the custodian's custody, an affidavit to that effect. When the copies of records are personally delivered under this subdivision, a receipt shall be obtained from the person receiving the records. Any original or certified copy of records or an affidavit delivered according to the provisions of this subdivision unless otherwise objectionable, shall be admissible in any action or proceeding without further certification or authentication. Copies of hospital medical records tendered under this subdivision shall not be open to inspection or copied by any person, except to the parties to the case or proceedings and their attorneys in depositions, until ordered published by the judge at the time of the hearing or trial. Nothing contained herein shall be construed to waive the physician-patient privilege or to require any privileged communication under law to be disclosed.

(3) Written objection to subpoenas. - Subject to subsection (d) of this rule, a person commanded to appear at a deposition or to produce and permit the inspection and copying of records, books, papers, documents, electronically stored information, or tangible things may, within 10 days after service of the subpoena or before the time specified for compliance if the time is less than 10 days after service, serve upon the party or the attorney designated in the subpoena written objection to the subpoena, setting forth the specific grounds for the objection. The written objection shall comply with the requirements of Rule 11. Each of the following grounds may be sufficient for objecting to a subpoena;

   a. The subpoena fails to allow reasonable time for compliance.
   b. The subpoena requires disclosure of privileged or other protected matter and no exception or waiver applies to the privilege or protection.
   c. The subpoena subjects a person to an undue burden or expense.
   d. The subpoena is otherwise unreasonable or oppressive.
   e. The subpoena is procedurally defective.

(4) Order of court required to override objection. - If objection is made under subdivision (3) of this subsection, the party serving the subpoena shall not be entitled to compel the subpoenaed person's appearance at a deposition or to inspect and copy materials to which an objection has been made except pursuant to an order of the court. If objection is made, the party serving the subpoena may, upon notice to the subpoenaed person, move at any time for an order to compel the subpoenaed person's appearance at the deposition or the production of the materials designated in the subpoena. The motion shall be filed in the court in the county in which the deposition or production of materials is to occur.

(5) Motion to quash or modify subpoena. - A person commanded to appear at a trial, hearing, deposition, or to produce and permit the inspection and copying of records, books, papers, documents, electronically stored information, or other tangible things, within 10 days after service of the subpoena or before the time specified for compliance if the time is less than 10 days after service, may file a motion to quash or modify the subpoena. The court shall quash or modify the subpoena if the subpoenaed person demonstrates the existence of any of the reasons set forth in subdivision (3) of this subsection. The motion shall be filed in the court in the county in which the trial, hearing, deposition, or production of materials is to occur.

(6) Order to compel; expenses to comply with subpoena. - When a court enters an order compelling a deposition or the production of records, books, papers, documents, electronically stored information, or other tangible things, the order shall protect any person who is not a party or an agent of a party from significant expense resulting from complying with the subpoena. The court may order that the person to whom the subpoena is addressed will be reasonably compensated for the cost of producing the records, books, papers, documents, electronically stored information, or tangible things specified in the subpoena.

(7) Trade secrets; confidential information. - When a subpoena requires disclosure of a trade secret or other confidential research, development, or commercial information a court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or when the party on whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot otherwise be met without undue hardship, the court may order a person to make an appearance or produce the materials only on specified conditions stated in the order.

(8) Order to quash; expenses. - When a court enters an order quashing or modifying the subpoena, the court may order the party on whose behalf the subpoena is issued to pay all or part of the subpoenaed person's reasonable expenses including attorney's fees.

**(d) Duties in Responding to Subpoena**

(1) Form of response. - A person responding to a subpoena to produce records, books, documents, electronically stored information, or tangible things shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

(2) Form of producing electronically stored information not specified. - If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it ordinarily is maintained or in a reasonably useable form or forms.

(3) Electronically stored information in only one form. - The person responding need not produce the same electronically stored information in more than one form.

(4) Inaccessible electronically stored information. - The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause after considering the limitations of Rule 26(b)(1a). The court may specify conditions for discovery, including requiring the party that seeks discovery from a nonparty to bear the costs of locating, preserving, collecting, and producing the electronically stored information involved.

(5) Specificity of objection. - When information subject to a subpoena is withheld on the objection that it is subject to protection as trial preparation materials, or that it is otherwise privileged, the objection shall be made with specificity and shall be supported by a description of the nature of the communications, records, books, papers, documents, electronically stored information, or other tangible things not produced, sufficient for the requesting party to contest the objection.

## INFORMATION FOR WITNESS

NOTE: If you have any questions about being subpoenaed as a witness, you should contact the person named on Page One of this Subpoena in the box labeled "Name And Address Of Applicant Or Applicant's Attorney."

**DUTIES OF A WITNESS**

- Unless otherwise directed by the presiding judge, you must answer all questions asked when you are on the stand giving testimony.
- In answering questions, speak clearly and loudly enough to be heard.
- Your answers to questions must be truthful.
- If you are commanded to produce any items, you must bring them with you to court or to the deposition.
- You must continue to attend court until released by the court. You must continue to attend a deposition until the deposition is completed.

AOC-G-100, Side Two, Rev. 2/18
© 2018 Administrative Office of the Courts

**BRIBING OR THREATENING A WITNESS**

It is a violation of State law for anyone to attempt to bribe, threaten, harass, or intimidate a witness. If anyone attempts to do any of these things concerning your involvement as a witness in a case, you should promptly report that to the district attorney or the presiding judge.

**WITNESS FEE**

A witness under subpoena and that appears in court to testify is entitled to a small daily fee, and to travel expense reimbursement, if it is necessary to travel outside the county in order to testify. (The fee for an "expert witness" will be set by the presiding judge.) After you have been discharged as a witness, if you desire to collect the statutory fee, you should immediately contact the Clerk's office and certify your attendance as a witness so that you will be paid any amount due you.

## EXHIBIT A

Electronically Stored Information to be produced pursuant to Rule 45(d)(2) of the North Carolina Rules of Civil Procedure:

1. All emails, text messages, chat strings, and other written or recorded communications, with attachments, between you (including your attorneys, your agents, your officers, or your employees) on one side and Mark Eastham or Peter Spark, or their attorneys, agents, officers or employees on the other side, concerning or about Port City Contracting Services, Inc.;

2. All emails, text messages, chat strings and other written or recorded communications, with attachments, between you (including your attorneys, your agents, your officers, or your employees) on one side and Mark Eastham or Peter Spark, or their attorneys, agents, officers or employees on the other side, concerning or about Robert "Trey" Sharpe;

3. All emails, text messages, chat strings and other written or recorded communications, with attachments, between you, (including your attorneys, your agents, your officers, or your employees) on one side and Mark Eastham or Peter Spark, or their attorneys, agents, officers or employees on the other side, concerning or about any entity known as "Stone Bay Tactical" or Stone Bay Tactical, LLC;

4. All emails, text messages, chat strings and other written or recorded communications, with attachments, between you (including your attorneys, your agents, your officers, or your employees) on one side and Mark Eastham or Peter Spark, or their attorneys, agents, officers or employees on the other side, concerning or about SRS Supply, LLC;

5. All documents provided to or received from any attorneys, agents, officers, or employees of Mark Eastham concerning or about Port City Contracting Services, Inc.;

6. All documents provided to or received from any attorneys, agents, officers or employees of Mark Eastham or Peter Spark concerning or about Robert "Trey" Sharpe;

7. All documents provided to or received from any attorneys, agents, officers or employees of Mark Eastham or Peter Spark concerning or about any entity known as "Stone Bay Tactical" or Stone Bay Tactical, LLC;

8. All documents provided to or received from any attorneys, agents, officers or employees of Mark Eastham or Peter Spark concerning or about SRS Supply, LLC;

9. All calendar entries and scheduling messages concerning any meetings, teleconferences, or other scheduled communications with any attorneys, agents, officers, or employees of Mark Eastham or Peter Spark;

10. A copy of the "OEM Authorized Distributor – Dealer Letter" you submitted to the United States Department of Veterans Affairs in support of your Standard Form 1449 for Solicitation No. 36C77022Q0076.

STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 22-CVS-001507

FILED
2022 AUG 11  A 11: 50
NEW HANOVER CO., C.S.C.
BY _____

MARK EASTHAM
And PETER SPARK,

      Plaintiffs,

vs.

PORT CITY CONTRACTING
SERVICES, INC., ROBERT P. SHARPE,
STONE BAY TACTICAL, LLC, and SRS
SUPPLY, LLC,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**NOTICE OF HEARING**

      PLEASE TAKE NOTICE that the undersigned will bring this matter on for hearing, in person, before the New Hanover County Superior Court Judge presiding upon Defendants' Motion to Compel, on September 8, 2022, at the Non-Jury Civil Session of New Hanover County Superior Court, New Hanover County Courthouse, Wilmington, North Carolina, at 9:30 a.m., or as soon thereafter as the matter may be reached or as scheduled by the Court. The Plaintiff anticipates the hearing will last approximately 45 minutes.

A TRUE COPY
CLERK OF SUPERIOR COURT
NEW HANOVER COUNTY
BY: *Patricia M. Cherigo*
Deputy Clerk of Superior Court

REISS & NUTT, PLLC
1221 Floral Parkway, Suite 104 – Wilmington, North Carolina 28403

-2-

Respectfully submitted this the 11th day of August 2022.

REISS & NUTT, PLLC
*Attorneys for Defendants*

By:

W. Cory Reiss
N.C. State Bar No. 41549
Email: wcreiss@reissnutt.com
Kyle J. Nutt
N.C. State Bar No. 43469
Email: kjnutt@reissnutt.com
1221 Floral Parkway, Suite 104
Wilmington, NC 28403
Telephone: (910) 420-4674
Facsimile: (910) 420-4637

-3-

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that the foregoing document was duly served on the following persons, pursuant to Rule 5 of the North Carolina Rules of Civil Procedure via United States Postal Service:

Thomas Babel
Davis Hartman Wright, LLP
P.O. Box 11320 (28404)
Wilmington, NC 28403
Fax: (910) 756-4080
Email: tsb@dhwlegal.com
*Attorneys for Plaintiffs*

Kevin A. Rust
Carruthers & Roth, P.A.
235 Edgeworth St.
Greensboro, NC 27402
*Attorneys for Respondents Carruthers & Roth, P.A., and The DaVinci Company, LLC*

This the 11th day of August 2022.

REISS & NUTT, PLLC
*Attorneys for Defendants*

By: _____
W. Cory Reiss

STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

FILED

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 22-CVS-001507

2022 AUG 12 P 1:30

NEW HANOVER CO., C.S.C.

BY_____

MARK EASTHAM
And PETER SPARK,

      Plaintiffs,

vs.

PORT CITY CONTRACTING
SERVICES, INC., ROBERT P. SHARPE,
STONE BAY TACTICAL, LLC, and SRS
SUPPLY, LLC,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ANSWER**

A TRUE COPY
CLERK OF SUPERIOR COURT
NEW HANOVER COUNTY
BY: *Michelle W. Mitchell*
Deputy Clerk of Superior Court

**NOW COME** Defendants Stone Bay Tactical, LLC and SRS Supply, LLC, by

and through undersigned counsel, and Answer the Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim—Rule (12)(b)(6))

The Plaintiffs' claims should be dismissed on the grounds that they fail to state

claims for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

The Plaintiffs' contract-based claims are barred on the grounds that they failed

to mitigate their damages.

-2-

### THIRD AFFIRMATIVE DEFENSE
(Breach of Contract)

The Plaintiffs' contract-based claims are barred because the Plaintiffs first breached their contractual obligations, relieving the Defendants of any obligation to perform.

### FOURTH AFFIRMATIVE DEFENSE
(Unclean Hands)

The Plaintiffs' claims for equitable relief are barred by to their own inequitable conduct.

### FIFTH AFFIRMATIVE DEFENSE
(Business Judgment Rule)

The Plaintiffs' claims are barred in whole or part by the business judgment rule.

### PARTIES

1.  Admitted.

2.  Admitted that Peter Spark is a resident of New Hanover County, North Carolina. It is denied that Spark is a citizen of New Hanover County, North Carolina.

3.  Admitted.

4.  Admitted.

5.  Admitted as to Stone Bay Tactical, LLC.

6.  Admitted as to SRS Supply, LLC.

7.  Admitted.

-3-

## JURISDICTION AND VENUE

8.  Admitted.

9.  Admitted.

10.  Admitted.

## FACTS

11.  Admitted that one of the business activities conducted by Defendant PCCS is supplying diabetes testing strips, for which its primary customer is the U.S. Department of Veterans Affairs. Except as expressly admitted, denied.

12.  The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

13.  The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

14.  The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

15.  The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

-4-

16.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

17.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

18.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

19.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

20.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

21.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

22.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

-5-

23.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

24.    The allegations in this paragraph of the Complaint are not addreseds to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

25.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

26.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

27.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

28.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

29.    The allegations in this paragraph of the Complaint are not address to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

-6-

30.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

31.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

32.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

33.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

34.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

35.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

36.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

-7-

37.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

38.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

39.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

40.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

41.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

42.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

43.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

-8-

44.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

45.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

46.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

47.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

48.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

49.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

50.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

-9-

51.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

52.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

53.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

54.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

55.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

56.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

57.    Denied.

58.    Denied that Sharpe is the majority member and manager of Stone Bay Tactical, LLC.  Denied that Stone Bay Tactical, LLC is a licensed gun dealer. Admitted that Stone Bay Tactical, LLC was formed in part to sell weapons and

-10-

related goods to veterans through an online retail establishment and to split profits with PCCS.

59.    Admitted that Sharpe traveled to Las Vegas for an industry show as a representative of PCCS d/b/a Stone Bay Tactical.  Except as expressly admitted, denied.

60.    Admitted that "Stone Bay Tactical" is an assumed name for PCCS and therefore all use of the warehouse to store inventory and other materials of "Stone Bay Tactical" was in fact use by PCCS.  Similarly admitted, and for the same reasons, all work by PCCS employees for "Stone Bay Tactical" was for PCCS.  Except as expressly admitted, denied.

61.    Denied.

62.    Denied as to Stone Bay Tactical, LLC.  Except as expressly admitted, denied.

63.    Admitted that prior to January of 2022, SRS Supply, LLC used the warehouse to store inventory, the sale of which generated income for PCCS.  Except as expressly admitted, denied.

64.    Admitted that PCCS employees were paid by SRS for their work for SRS.  Admitted that some SRS employees also were employed and paid by PCCS.

65.    Denied.

66.    Denied.

67.    Denied.

REISS & NUTT, PLLC
1221 Floral Parkway, Suite 104 – Wilmington, North Carolina 28403

-11-

68.     The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

69.     The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

70.     The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

71.     The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

72.     The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

73.     The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

74.     The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

75.     Denied.

-12-

76.     The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

77.     The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

78.     The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

79.     The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

80.     The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

81.     The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

82.     The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

-13-

83.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

84.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

85.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

86.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

87.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

88.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

89.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

-14-

90.     The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

### FIRST CLAIM FOR RELIEF
(Breach of Fiduciary Duty—Sharpe)

91.     The Defendant reasserts and incorporates by reference his answers in the previous paragraphs as if fully set forth.

92.     The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

93.     The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

94.     The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

95.     The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

96.     The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

-15-

97.     The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

98.     The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

## SECOND CLAIM FOR RELIEF
(Constructive Fraud—Sharpe)

99.     The Defendant reasserts and incorporates by reference his answers in the previous paragraphs as if fully set forth.

100.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

101.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

102.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

103.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

-16-

## THIRD CLAIM FOR RELIEF
(Production of Corporate Records—PCCS)

104.    The Defendant reasserts and incorporates by reference his answers in the previous paragraphs as if fully set forth.

105.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

106.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

107.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

108.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

## FOURTH CLAIM FOR RELIEF
(Dissolution and Appointment of Receiver—PCCS)

109.    The Defendant reasserts and incorporates by reference his answers in the previous paragraphs as if fully set forth.

110.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

-17-

111.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

112.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

113.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

114.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

115.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

116.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

117.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

## FIFTH CLAIM FOR RELIEF
(Preliminary Restraining Order—Defendants)

118.   The Defendants reassert and incorporate by reference the answers in the previous paragraphs as if fully set forth.

119.   Denied.

120.   Denied.

121.   Denied.

122.   The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

123.   Denied.

124.   The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

125.   Denied.

126.   Denied.

## SIXTH CLAIM FOR RELIEF
(Breach of Contract—Sharpe)

127.   The Defendant reasserts and incorporates by reference the answers in the previous paragraphs as if fully set forth.

128.   The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

-19-

129.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

130.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

131.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

132.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

133.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

134.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

135.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

-20-

136.   The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

### SEVENTH CLAIM FOR RELIEF
#### (Breach of Wage and Hour Act—Defendants)

137.   The Defendants reassert and incorporate by reference the answers in the previous paragraphs as if fully set forth.

138.   The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

139.   The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

140.   The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

141.   The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

142.   The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

-21-

143.   The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

144.   The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

145.   Admitted that PCCS declined a second demand for cash payments that was contrary to prior agreement of the parties.  Except as expressly admitted, denied.

146.   The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied, inclusive of subparts.

147.   The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

148.   The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

### EIGHTH CLAIM FOR RELIEF
(Defamation—Sharpe)

149.   The Defendant reasserts and incorporates by reference the answers in the previous paragraphs as if fully set forth.

-22-

150. The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

151. The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

152. The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

153. The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

154. The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

155. The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

156. The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

-23-

## NINTH CLAIM FOR RELIEF
(Breach of Stock Redemption and Release Agreement—PCCS)

157.   The Defendant reasserts and incorporates by reference the answers in the previous paragraphs as if fully set forth.

158.   The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

159.   The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

160.   The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

161.   The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

## TENTH CLAIM FOR RELIEF
(N.C. Gen. Stat. §§ 55-7-42—Sharpe)

162.   The Defendant reasserts and incorporates by reference the answers in the previous paragraphs as if fully set forth.

163.   The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required.  To the extent a response is required, denied.

-24-

164.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

165.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

166.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

167.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

168.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

169.    The allegations in this paragraph of the Complaint are not addressed to either of these answering Defendants and therefore no response is required. To the extent a response is required, denied.

### ELEVENTH CLAIM FOR RELIEF
(Fraudulent Transfer—Defendants)

170.    The Defendants reassert and incorporate by reference the answers in the previous paragraphs as if fully set forth.



-25-

171.   Admitted that the Plaintiffs are investors in PCCS.  Except as expressly admitted, denied.

172.   Denied.

173.   Denied.

174.   Denied.

175.   Denied.

176.   Denied.

177.   Denied.

178.   Denied.

179.   Denied.

<div align="center">

**TWELFTH CLAIM FOR RELIEF**
(Pre-Judgment Attachment—Defendants)

</div>

180.   The Defendants reassert and incorporate by reference the answers in the previous paragraphs as if fully set forth.

181.   Denied.

182.   Denied.

183.   Admitted to the extent that assets of PCCS have been delivered.

184.   Denied.

185.   Denied.


WHERFORE, the Answering Defendants pray as follows:

1.   That the Plaintiffs have and recover nothing of these Defendants;

<div align="center">

**REISS & NUTT, PLLC**
1221 Floral Parkway, Suite 104 – Wilmington, North Carolina 28403

</div>

-26-

2.      That the Defendants be awarded attorney's fees, jointly and severally,

as provided by law;

3.      That costs be taxed against the Plaintiffs, jointly and severally; and

4.      For trial by jury on all issues so triable.


Respectfully submitted this the 12th day of August 2022.

REISS & NUTT, PLLC
*Attorneys for Defendants*

By:

W. Cory Reiss
N.C. State Bar No. 41549
Email: wcreiss@reissnutt.com
Kyle J. Nutt
N.C. State Bar No. 43469
Email: kjnutt@reissnutt.com
1221 Floral Parkway, Suite 104
Wilmington, NC 28403
Telephone: (910) 420-4674
Facsimile: (910) 420-4637

-27-

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that the foregoing document was duly served on the following persons, pursuant to Rule 5 of the North Carolina Rules of Civil Procedure by depositing the same in a postage-paid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service:

Thomas Babel
Davis Hartman Wright, LLP
P.O. Box 11320 (28404)
Wilmington, NC 28403
Fax: (910) 756-4080
tsb@dwlegal.com
*Attorneys for Plaintiffs*

This the 12th day of August 2022.

REISS & NUTT, PLLC
*Attorneys for Defendants*

By:

W. Cory Reiss

STATE OF NORTH CAROLINA F I L E D IN THE GENERAL COURT OF JUSTICE
                                                     SUPERIOR COURT DIVISION
COUNTY OF NEW HANOVER                  FILE NO.: 22-CVS-001507

                  2022 AUG 15 P 2: 22

MARK EASTHAM
And PETER SPARK,         NEW HANOVER CO., C.S.C.

         Plaintiffs,      BY_____    )

vs.                          )

                           )

PORT CITY CONTRACTING      )     AMENDED MOTION TO COMPEL
SERVICES, INC., ROBERT P. SHARPE,  )
STONE BAY TACTICAL, LLC, and SRS  )
SUPPLY, LLC,               )

         Defendants.       )

        NOW COME the Defendants, by and through counsel, pursuant to Rule 45(c)(4), and move the Court for an Order compelling compliance with subpoenas issued to and served on: The DaVinci Company, LLC and Carruthers & Roth, PA, to which those parties objected on or about August 10, 2022; and DaVinci Aerospace, LLC, which failed to produce the requested materials. True and accurate copies of the subpoenas are attached as Exhibits A, B, and C.

A TRUE COPY
CLERK OF SUPERIOR COURT
NEW HANOVER COUNTY
BY: *Summer S. Rice*
Deputy Clerk of Superior Court

**REISS & NUTT, PLLC**
1221 Floral Parkway, Suite 104 – Wilmington, North Carolina 28403

-2-

Respectfully submitted this the 15th day of August 2022.

REISS & NUTT, PLLC
*Attorneys for Defendants*

By:

W. Cory Reiss
N.C. State Bar No. 41549
Email: wcreiss@reissnutt.com
Kyle J. Nutt
N.C. State Bar No. 43469
Email: kjnutt@reissnutt.com
1221 Floral Parkway, Suite 104
Wilmington, NC 28403
Telephone: (910) 420-4674
Facsimile: (910) 420-4637

-3-

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that the foregoing document was duly served on the following persons, pursuant to Rule 5 of the North Carolina Rules of Civil Procedure via United States Postal Service:

Thomas Babel
Davis Hartman Wright, LLP
P.O. Box 11320 (28404)
Wilmington, NC 28403
Fax: (910) 756-4080
Email: tsb@dhwlegal.com
*Attorneys for Plaintiffs*

Kevin A. Rust
Carruthers & Roth, P.A.
235 Edgeworth St.
Greensboro, NC 27402
*Attorneys for Respondents Carruthers & Roth, P.A., and The DaVinci Company, LLC*

This the 11th day of August 2022.

REISS & NUTT, PLLC
*Attorneys for Defendants*

By:

W. Cory Reiss

STATE OF NORTH CAROLINA FILED        IN THE GENERAL COURT OF JUSTICE
                                      SUPERIOR COURT DIVISION
COUNTY OF NEW HANOVER                 FILE NO.: 22-CVS-001507
                   2022 JUN 15  P 2: 22

MARK EASTHAM                          )
And PETER SPARK,    NEW HANOVER CO., C.S.C.  )
                                      )
            Plaintiffs,    BY_____)
                                      )
vs.                                   )
                                      )
PORT CITY CONTRACTING                 )    AMENDED NOTICE OF HEARING
SERVICES, INC., ROBERT P. SHARPE,     )
STONE BAY TACTICAL, LLC, and SRS      )
SUPPLY, LLC,                          )
                                      )
            Defendants.               )
_____ )

    PLEASE TAKE NOTICE that the undersigned will bring this matter on for

hearing, in person, before the New Hanover County Superior Court Judge presiding

upon Defendants' Amended Motion to Compel, on September 8, 2022, at the Non-

Jury Civil Session of New Hanover County Superior Court, New Hanover County

Courthouse, Wilmington, North Carolina, at 9:30 a.m., or as soon thereafter as the

matter may be reached or as scheduled by the Court. The Plaintiff anticipates the

hearing will last approximately 45 minutes.

                                        A TRUE COPY
                                        CLERK OF SUPERIOR COURT
                                        NEW HANOVER COUNTY
                                        BY: Summer S. Rice
                                        Deputy Clerk of Superior Court

**REISS & NUTT, PLLC**
1221 Floral Parkway, Suite 104 – Wilmington, North Carolina 28403

-2-

Respectfully submitted this the 15th day of August 2022.

<div style="margin-left: 50%;">

REISS & NUTT, PLLC
*Attorneys for Defendants*

By:

W. Cory Reiss
N.C. State Bar No. 41549
Email: wcreiss@reissnutt.com
Kyle J. Nutt
N.C. State Bar No. 43469
Email: kjnutt@reissnutt.com
1221 Floral Parkway, Suite 104
Wilmington, NC 28403
Telephone: (910) 420-4674
Facsimile: (910) 420-4637

</div>

-3-

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that the foregoing document was duly served on the following persons, pursuant to Rule 5 of the North Carolina Rules of Civil Procedure via United States Postal Service:

Thomas Babel
Davis Hartman Wright, LLP
P.O. Box 11320 (28404)
Wilmington, NC 28403
Fax: (910) 756-4080
Email: tsb@dhwlegal.com
*Attorneys for Plaintiffs*

Kevin A. Rust
Carruthers & Roth, P.A.
235 Edgeworth St.
Greensboro, NC 27402
*Attorneys for Respondents Carruthers & Roth, P.A., and The DaVinci Company, LLC*

This the 11th day of August 2022.

REISS & NUTT, PLLC
*Attorneys for Defendants*

By: _____
W. Cory Reiss

STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

FILED IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
2022 AUG 29 P 1:53 FILE NO.: 22-CVS-001507

NEW HANOVER CO., C.S.C.

BY _____

MARK EASTHAM
and PETER SPARK
               Plaintiffs

v.

PORT CITY CONTRACTING
SERVICES, INC., ROBERT P.
SHARPE, STONE BAY TACTICAL,
LLC, and SRS SUPPLY, LLC,
               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

MOTION FOR EXTENSION OF TIME FOR
PLAINTIFF TO REPLY TO DEFENDANTS'
AMENDED COUNTERCLAIM

NOW COME Plaintiffs Mark Eastham and Peter Spark and pursuant to Rule 6(b) of the Rules of Civil Procedure move this Court for an extension of time to October 4, 2022, to answer or otherwise respond to the Amended Counterclaim brought by the Defendants and state and aver as follows:

1. That the Amended Counterclaim brought by Defendants was filed on or about August 5, 2022.

2. The Plaintiffs were served via USPS mail on or about August 8, 2022.

3. The Plaintiffs' attorney does not have sufficient information at this time to answer the Amended Counterclaim and will require an additional thirty (30) days to gather the information.

4. That the time for answering the Amended Counterclaim has not expired.

A TRUE COPY
CLERK OF SUPERIOR COURT
NEW HANOVER COUNTY
BY: *Patricia M. Cherigo*
Deputy Clerk of Superior Court

THEREFORE, Plaintiffs Mark Eastham and Peter Spark hereby respectfully request that they be provided up to and including October 4, 2022, to answer or otherwise respond to the Amended Counterclaim brought by the Defendants.

RESPECTFULLY SUBMITTED, this the 29th day of August 2022.

Davis Hartman Wright LLP
P.O. Box 11320 (28404)
3819 Park Avenue, Suite B
Wilmington, NC 28403
Telephone and Facsimile: (910) 756-4070

By:

Thomas S. Babel
N.C. State Bar No. 35004
tsb@dhwlegal.com
*Counsel for Plaintiffs Mark Eastham and Peter Spark*

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **MOTION FOR EXTENTION OF TIME TO REPLY TO AMENDED COUNTERCLAIM** by the following means:

☑ By causing to be delivered to the party(ies) via electronic mail to the electronic mail address indicated below:

wcreiss@reissnutt.com

This the 29th day of August 2022.

Thomas S. Babel
*Counsel for Plaintiffs Mark Eastham and Peter Spark*



STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

MARK EASTHAM
And PETER SPARK,

    Plaintiffs,

vs.

PORT CITY CONTRACTING
SERVICES, INC., ROBERT P. SHARPE,
STONE BAY TACTICAL, LLC, and SRS
SUPPLY, LLC,

    Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 22-CVS-001507

2022 SEP 21 P 3: 27

NEW HANOVER CO., C.S.C.

BY

**CERTIFICATE OF SERVICE**

  I, the undersigned attorney, hereby certify that the **ORDER** was duly served on the following persons, pursuant to Rule 5 of the North Carolina Rules of Civil Procedure by depositing the same in a postage-paid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service:

    Thomas Babel
    Davis Hartman Wright, LLP
    P.O. Box 11320 (28404)
    Wilmington, NC 28403
    Fax: (910) 756-4080
    *Attorneys for Plaintiffs*

A TRUE COPY
CLERK OF SUPERIOR COURT
NEW HANOVER COUNTY
BY: *Patricia M. Cherigo*
Deputy Clerk of Superior Court

**REISS & NUTT, PLLC**
1221 Floral Parkway, Suite 104 – Wilmington, North Carolina 28403

-2-

This the 20th day of September 2022.

REISS & NUTT, PLLC
*Attorneys for Defendants*

By:

W. Cory Reiss
N.C. State Bar No. 41549
Email: wcreiss@reissnutt.com
Kyle J. Nutt
N.C. State Bar No. 43469
Email: kjnutt@reissnutt.com
1221 Floral Parkway, Suite 104
Wilmington, NC 28403
Telephone: (910) 420-4674
Facsimile: (910) 420-4637

STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

MARK EASTHAM
and PETER SPARK,
          Plaintiffs

       v.

PORT CITY CONTRACTING
SERVICES, INC., ROBERT P.
SHARPE, STONE BAY TACTICAL,
LLC, and SRS SUPPLY, LLC,
         Defendants.

FILED

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
2022 SEP 28 FILE NO. 22-CVS-001507

NEW HANOVER CO., C.S.C.

BY_____

)
)
)
)
)
)
)
)
)
)
)
)

PLAINTIFFS' REPLY TO
AMENDED COUNTERCLAIM

     NOW COME Plaintiffs Mark Eastham ("Eastham") and Peter Spark ("Spark") through

the undersigned counsel, and bring their Reply to Defendants' Port City Contracting Services,

Inc.'s ("PCCS'), and Robert P. Sharpe's ("Sharpe") Amended Counterclaim ("Counterclaim")

state and aver as follows:

## MOTION TO DISMISS

     Pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, the First

Counterclaim and Second Counterclaim should be dismissed for failure to state a claim.

Pursuant to North Carolina law, shareholders do not owe a fiduciary duty to the corporation. In

addition, minority members and/or equal shareholders of a corporation do not owe other

shareholders a fiduciary duty. Moreover, Sharpe is the majority shareholder of PCCS and, as

such, minority members do not hold a fiduciary duty to majority shareholders. In addition, there

is no contract between Plaintiffs and Defendant Sharpe or between Plaintiffs and PCCS to

support the Second Counterclaim, which is based on Plaintiffs position as shareholders of PCCS.

Pursuant to N.C. Gen. Stat. §6-21.5, Plaintiffs should be awarded their reasonable attorneys' fees

TRUE COPY
CLERK OF SUPERIOR COURT
NEW HANOVER COUNTY
BY: *Patricia M. Cherigo*
Deputy Clerk of Superior Court

related to this Motion to Dismiss because there is an absence of a justiciable issue of either law or fact raised by the First and Second Counterclaim.

## FIRST AFFIRMATIVE DEFENSE
### FACTS

1.      Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 1 of the Counterclaim. To the extent a response is necessary, based on representations made by PCCS to the Court, Plaintiffs deny the allegations set forth in Paragraph No. 1 of the Counterclaim.

2.      Plaintiffs admit that Sharpe has represented to them that Sharpe was diagnosed with post-traumatic stress disorder. Plaintiffs are without sufficient knowledge to admit or deny the remaining allegations set forth in Paragraph No. 2 of the Counterclaim, and to the extent a response is necessary, deny said allegations.

3.      The allegations set forth in Paragraph No.3 are issues of law that are within the purview of the Court. To the extent a response is necessary, Plaintiffs admit, upon information and belief, and pursuant to 13 CFR 125, Subpart B, the allegations set forth in Paragraph No. 3 of the Counterclaim.

4.      Plaintiffs admit Spark was not a service-disabled veteran. Plaintiffs deny the remaining allegations set forth in Paragraph No. 4 of the Counterclaim.

5.      Plaintiffs admit that Eastham was not a service-disabled veteran and admit that Eastham was responsible for tasks he specifically agreed to oversee or handle directly. Plaintiffs deny the remaining allegations set forth in Paragraph No. 5 of the Counterclaim.

6.      In response to the allegations set forth in Paragraph No. 6 of the Counterclaim, said allegations reference the books and records of PCCS, which are written documents, and

represent the best evidence. To the extent that allegations set forth in Paragraph No. 6 conflict with the written books and records of PCCS, said allegations are denied.

7. Plaintiffs deny the allegations set forth in Paragraph No. 7 of the Counterclaim.

8. Plaintiffs admit that on or about December 31, 2020, Spark, based on the approval of Sharpe, issued a payment on behalf of PCCS to Eastham to cover tax liability for income recognized by Eastham as an owner of membership interest in PCCS when it was a limited liability company. Plaintiffs deny the remaining allegations set forth in Paragraph No. 8 of the Counterclaim.

9. Plaintiffs deny the allegations set forth in Paragraph No. 9 of the Counterclaim.

10. Plaintiffs deny the allegations set forth in Paragraph No. 10 of the Counterclaim.

11. Plaintiffs deny the allegations set forth in Paragraph No. 11 of the Counterclaim.

12. Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 12 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph no. 12 of the Counterclaim.

13. Plaintiffs deny the allegations set forth in Paragraph No. 13 of the Counterclaim.

14. Plaintiffs deny the allegations set forth in Paragraph No. 14 of the Counterclaim.

15. Plaintiffs deny the allegations set forth in Paragraph No. 15 of the Counterclaim and further state that Sharpe approved of said December 31, 2020, payment.

16. Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 16 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph no. 16 of the Counterclaim.

17. Plaintiffs deny the allegations set forth in Paragraph No. 17 of the Counterclaim.

18.     Plaintiffs admit that Sharpe terminated their employment with PCCS on or about

December 14, 2021, and that Sharpe and PCCS failed and refused to pay Plaintiffs for earned

compensation and failed to pay for earned 401(k) matching payments in violation of PCCS

ERISA governed plan. Plaintiffs are without sufficient knowledge to admit or deny the

remaining allegations set forth in Paragraph No. 18 of the Counterclaim. To the extent a

response is necessary, Plaintiffs deny the remaining allegations set forth in Paragraph no. 18 of

the Counterclaim.

19.     Plaintiffs deny the allegations set forth in Paragraph 19 of the Complaint.

20.     In response to the allegations set forth in Paragraph No. 20 of the Counterclaim,

Plaintiffs admit that after sending Sharpe written correspondence related to certain phones, iPads,

and laptop, which included payment and/or setoff for the amounts PCCS and Sharpe owed

Plaintiff Spark, and after Sharpe and PCCS acknowledged the request and agreed to allow Spark

to purchase the equipment, certain accounts were transferred to Spark's personal name and

which have been paid by Spark.

21.     Plaintiffs deny the allegations set forth in Paragraph No. 21 of the Counterclaim.

22.     Plaintiffs deny the allegations set forth in Paragraph No. 22 of the Counterclaim.

23.     Plaintiffs are without sufficient knowledge to admit or deny the allegations set

forth in Paragraph No. 23 of the Counterclaim. To the extent a response is necessary, Plaintiffs

deny the allegations set forth in Paragraph no. 23 of the Counterclaim.

24.     Plaintiffs are without sufficient knowledge to admit or deny the allegations set

forth in Paragraph No. 24 of the Counterclaim. To the extent a response is necessary, Plaintiffs

deny the allegations set forth in Paragraph no. 24 of the Counterclaim.

25.     In response to the allegations set forth in Paragraph No. 25 of the Counterclaim, Plaintiffs state that said allegations are issues of law within the purview of the Court. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 25 of the Counterclaim.

26.     In response to the allegations set forth in Paragraph No. 26 of the Counterclaim, Plaintiffs state that said allegations are issues of law within the purview of the Court. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 26 of the Counterclaim. Plaintiffs further state that there is no contract between Plaintiffs based on their role as shareholders of PCCS and no such claim is supported by fact or the law of North Carolina.

27.     Plaintiffs admit that PCCS requested Plaintiffs to execute an incomplete and potentially false document. Plaintiffs further state that they, in writing, specifically requested certain information be provided by PCCS in order for verification of the representations on the form and would execute said form upon production of said information. PCCS, and/or Sharpe, refused to provide the information. Evidence of this exchange between the parties has been provided to the Court during the hearing on Plaintiffs' Motion for Preliminary Injunction, which was granted by the Court. Plaintiffs deny the remaining allegations set forth in Paragraph No. 27 of the Complaint.

28.     In response to the allegations set forth in Paragraph No. 28 of the Counterclaim, Plaintiffs state that said allegations are issues of law within the purview of the Court. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 28 of the Counterclaim.

29.     In response to the allegations set forth in Paragraph No. 29 of the Counterclaim, Plaintiffs state that said allegations are issues of law within the purview of the Court. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 29 of the Counterclaim.

30.     Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 30 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph no. 30 of the Counterclaim.

31.     Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 31 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph no. 31 of the Counterclaim.

32.     Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 32 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph no. 32 of the Counterclaim.

33.     In response to the allegations set forth in Paragraph No. 33 of the Counterclaim, Plaintiffs state that said allegations are issues of law within the purview of the Court. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 33 of the Counterclaim.

34.     In response to the allegations set forth in Paragraph No. 34 of the Counterclaim, Plaintiffs state that said allegations are issues of law within the purview of the Court. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 34 of the Counterclaim.

**FIRST COUNTERCLAIM**
(Breach of Fiduciary Duty)

35.    Plaintiffs incorporate, as rewritten herein, the allegations, denials, admissions, and averments as set forth in Paragraph No. 1 through 34.

36.    In response to the allegations set forth in Paragraph No. 36 of the Counterclaim, Plaintiffs state that said allegations are issues of law within the purview of the Court. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 36 of the Counterclaim.

37.    In response to the allegations set forth in Paragraph No. 37 of the Counterclaim, Plaintiffs state that said allegations are issues of law within the purview of the Court. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 37 of the Counterclaim. Plaintiffs further specifically deny that minority shareholders of a North Carolina corporation owe a fiduciary duty to other shareholders of the same corporation or to the corporation itself.

38.    In response to the allegations set forth in Paragraph No. 38 of the Counterclaim, Plaintiffs state that said allegations are issues of law within the purview of the Court. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 38 of the Counterclaim. Plaintiffs further specifically deny that minority shareholders of a North Carolina corporation owe a fiduciary duty to other shareholders of the same corporation or to the corporation itself.

39.    Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 39 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 39 of the Counterclaim.

40.    In response to the allegations set forth in Paragraph No. 40 of the Counterclaim, Plaintiffs state that said allegations are issues of law within the purview of the Court. To the

extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 40 of the Counterclaim.

41. Plaintiffs deny the allegations set forth in Paragraph No. 41 of the Counterclaim.

42. In response to the allegations set forth in Paragraph No. 42 of the Counterclaim, Plaintiffs state that said allegations are issues of law within the purview of the Court. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 42 of the Counterclaim.

43. Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 43 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 43 of the Counterclaim.

44. Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 44 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 44 of the Counterclaim.

45. Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 45 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 45 of the Counterclaim.

46. Plaintiffs deny the allegations set forth in Paragraph No. 46 of the Counterclaim.

47. Plaintiffs deny the allegations set forth in Paragraph No. 47 of the Counterclaim.

## SECOND COUNTERCLAIM
(Breach of Contract)

48. Plaintiffs incorporate, as rewritten herein, the allegations, denials, admissions, and averments as set forth in Paragraph No. 1 through 47.

49. Plaintiffs deny the allegations set forth in Paragraph No. 49 of the Counterclaim

50. Plaintiffs deny the allegations set forth in Paragraph No. 50 of the Counterclaim

51.     Plaintiffs deny the allegations set forth in Paragraph No. 51 of the Counterclaim.

52.     Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 52 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 52 of the Counterclaim.

53.     Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 53 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 53 of the Counterclaim.

54.     Plaintiffs deny the allegations set forth in Paragraph No. 54 of the Counterclaim.

55.     Plaintiffs deny the allegations set forth in Paragraph No. 55 of the Counterclaim.

## THIRD COUNTERCLAIM
(Conversion – Spark)

56.     Plaintiffs incorporate, as rewritten herein, the allegations, denials, admissions, and averments as set forth in Paragraph No. 1 through 55.

57.     Plaintiffs deny the allegations set forth in Paragraph No. 57 of the Counterclaim.

58.     Plaintiffs deny the allegations set forth in Paragraph No. 58 of the Counterclaim.

59.     Plaintiffs deny the allegations set forth in Paragraph No. 59 of the Counterclaim.

60.     Plaintiffs deny the allegations set forth in Paragraph No. 60 of the Counterclaim.

61.     Plaintiffs deny the allegations set forth in Paragraph No. 61 of the Counterclaim.

## FOURTH COUNTERCLAIM
(In the Alternative – Unjust Enrichment)

62.     Plaintiffs incorporate, as rewritten herein, the allegations, denials, admissions, and averments as set forth in Paragraph No. 1 through 61.

63.     Plaintiffs deny the allegations set forth in Paragraph No. 63 of the Counterclaim.

64.     Plaintiffs deny the allegations set forth in Paragraph No. 64 of the Counterclaim.

65.   Plaintiffs deny the allegations set forth in Paragraph No. 65 of the Counterclaim.

66.   Plaintiffs deny the allegations set forth in Paragraph No. 66 of the Counterclaim.

### FIFTH COUNTERCLAIM
(Defamation – Eastham)

67.   Plaintiffs incorporate, as rewritten herein, the allegations, denials, admissions, and averments as set forth in Paragraph No. 1 through 66.

68.   Plaintiffs admit that Eastham communicated with Mary Puncochar on or about July 8, 2022. Plaintiffs deny the remaining allegations set forth in Paragraph No. 68 of the Counterclaim.

69.   In response to the allegations set forth in Paragraph No. 69 of the Counterclaim, Plaintiffs state that said claims reference a written document, which is the best evidence. To the extent the allegations set forth in Paragraph No. 69 conflict with the allegations set forth in Paragraph No. 69 of the Counterclaim, said claims are denied.

70.   Plaintiffs deny the allegations set forth in Paragraph No. 70 of the Counterclaim.

71.   In response to the allegations set forth in Paragraph No. 71 of the Counterclaim, Plaintiffs state that said claims reference a written document, which is the best evidence. To the extent the allegations set forth in Paragraph No. 71 conflict with the allegations set forth in Paragraph No. 71 of the Counterclaim, said claims are denied.

72.   Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 72 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 72 of the Counterclaim.

73.   In response to the allegations set forth in Paragraph No. 73 of the Counterclaim, Plaintiffs state that said allegations are issues of law within the purview of the Court. To the

extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 73 of the Counterclaim.

74.     Plaintiffs deny the allegations set forth in Paragraph No. 74 of the Counterclaim.

75.     Plaintiffs deny the allegations set forth in Paragraph No. 75 of the Counterclaim.

76.     Plaintiffs deny the allegations set forth in Paragraph No. 76 of the Counterclaim.

77.     Plaintiffs admit that a judgment was entered against PCCS for fraud based on the conduct of Sharpe. Plaintiffs deny the remaining allegations set forth in Paragraph No. 77 of the Counterclaim.

78.     Plaintiffs deny the allegations set forth in Paragraph No. 78 of the Counterclaim.

79.     Plaintiffs deny the allegations set forth in Paragraph No. 79 of the Counterclaim and allegations contain therein conflict with representations made by PCCS and Sharpe to the Court.

80.     Plaintiffs deny the allegations set forth in Paragraph No. 80 of the Counterclaim.

81.     Plaintiffs deny the allegations set forth in Paragraph No. 81 of the Counterclaim.

82.     Plaintiffs deny the allegations set forth in Paragraph No. 82 of the Counterclaim.

83.     Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 83 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 83 of the Counterclaim.

84.     Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 84 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 84 of the Counterclaim.

85.     Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 85 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 85 of the Counterclaim.

86.     Plaintiffs deny the allegations set forth in Paragraph No. 86 of the Counterclaim.

87.     Plaintiffs deny the allegations set forth in Paragraph No. 87 of the Counterclaim.

88.     Plaintiffs deny the allegations set forth in Paragraph No. 88 of the Counterclaim.

89.     Plaintiffs deny the allegations set forth in Paragraph No. 89 of the Counterclaim.

90.     Plaintiffs deny the allegations set forth in Paragraph No. 90 of the Counterclaim.

91.     Plaintiffs deny the allegations set forth in Paragraph No. 91 of the Counterclaim.

92.     Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 92 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 92 of the Counterclaim.

## SECOND AFFIRMATIVE DEFENSE

93. Defendants' Counterclaim should be dismissed in full or in part pursuant to the defense of truth of the statement, opinion, and/or qualified purpose or immunity.

## THIRD AFFIRMATIVE DEFENSE

94. Defendants' Counterclaim should be dismissed in full or in part for lack of consideration.

## FOURTH AFFIRMATIVE DEFENSE

95. Defendants' Counterclaim should be dismissed in full or in part under the doctrines of laches, bad faith, and unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

96. Defendants' Counterclaim should be dismissed in full or in part under the doctrines of estoppel and judicial estoppel.

## SIXTH AFFIRMATIVE DEFENSE

97. Defendants' Counterclaim should be dismissed in full or in part under the Noerr-Pennington exemption and/or the First Amendment to the U.S. Constitution.


WHEREFORE, Plaintiffs pray the Court as follows:

1. That the Counterclaim be dismissed with prejudice;

2. That Defendants be awarded no relief of damages as so sought in the Counterclaim;

3. That Plaintiffs be awarded costs and reasonable attorneys' fees; and

4. For such other relief that this Court deems just and proper.


RESPECTFULLY SUBMITTED, this the 28th day of September 2022.

> Davis Hartman Wright LLP
> P.O. Box 11320 (28404)
> 3819 Park Avenue, Suite B
> Wilmington, NC 28403
> Telephone and Facsimile: (910) 756-4070

By: _____

> Thomas S. Babel
> N.C. State Bar No. 35004
> tsb@dhwlegal.com
> *Counsel for Plaintiffs Mark Eastham and Peter Spark*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **Reply to the Amended Counterclaim** by the following means:

☑ By causing to be delivered to the party(ies) via electronic mail to the electronic mail address indicated below:
wcreiss@reissnutt.com

This the 28ᵗʰ day of September 2022.

Thomas S. Babel
*Counsel for Plaintiffs Mark Eastham and Peter Spark*

STATE OF NORTH CAROLINA   FILED

COUNTY OF NEW HANOVER

2022 OCT -3 P 1:27

MARK EASTHAM
And PETER SPARK,                    NEW HANOVER CO., C.S.C.

    Plaintiffs,         BY_____

vs.

PORT CITY CONTRACTING
SERVICES, INC., ROBERT P. SHARPE,
STONE BAY TACTICAL, LLC, and SRS
SUPPLY, LLC,

    Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 22-CVS-001507

**NOTICE OF APPEAL**

The DaVinci Company, LLC; DaVinci Aerospace, LLC, and Carruthers & Roth,
PA (collectively the "Appellants"), hereby appeal the Order of the Hon. Phyllis M.
Gorham, Senior Resident Superior Court Judge, entered 19 September 2022, to The
Court of Appeals of North Carolina. The Order granted Defendants' Motion to
Compel, requiring Appellants to comply with subpoenas issued by Defendants.

This the 3rd day of September, 2022.

Kevin A. Rust (N.C. State Bar No. 35836)
*Counsel for Appellants*
CARRUTHERS & ROTH, P.A.
235 N. Edgeworth St. (27401)
P.O. Box 540
Greensboro, NC 27402-0540
Telephone: (336) 379-8651
Facsimile: (336) 478-1175
Emails: kar@crlaw.com

A TRUE COPY
CLERK OF SUPERIOR COURT
NEW HANOVER COUNTY
BY: *Charlotte A. Ramey*
Deputy Clerk of Superior Court

-2-

## CERIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the parties by electronic

mail and by first class mail, addressed as follows:

> W. Cory Reiss
> Kyle J. Nutt
> Reiss & Nutt, PLLC
> 1221 Floral Parkway, Suite 104
> Wilmington, NC 28403
> Attorneys for Plaintiff
> wcreiss@reissnutt.com
> kjnutt@reissnutt.com

This the 3rd day of October, 2022.

Kevin A. Rust (N.C. State Bar No. 35836)
*Counsel for Appellants*
CARRUTHERS & ROTH, P.A.
235 N. Edgeworth St. (27401)
P.O. Box 540
Greensboro, NC 27402-0540
Telephone: (336) 379-8651
Facsimile: (336) 478-1175
Emails: kar@crlaw.com

STATE OF NORTH CAROLINA ~~FILED~~   IN THE GENERAL COURT OF JUSTICE
                                     SUPERIOR COURT DIVISION
COUNTY OF NEW HANOVER                FILE NO.: 22-CVS-001507

2022 OCT -3 P 1: 27

NEW HANOVER CO., C.S.C.

| | |
|---|---|
| MARK EASTHAM<br>And PETER SPARK, | ) |
| Plaintiffs,  BY_____ | ) |
| | ) |
| vs. | ) |
| | ) |
| PORT CITY CONTRACTING | )   **NOTICE OF APPEAL** |
| SERVICES, INC., ROBERT P. SHARPE, | ) |
| STONE BAY TACTICAL, LLC, and SRS | ) |
| SUPPLY, LLC, | ) |
| | ) |
| Defendants. | ) |

The DaVinci Company, LLC; DaVinci Aerospace, LLC, and Carruthers & Roth, PA (collectively the "Appellants"), hereby appeal the Order of the Hon. Phyllis M. Gorham, Senior Resident Superior Court Judge, entered 19 September 2022, to The Court of Appeals of North Carolina. The Order granted Defendants' Motion to Compel, requiring Appellants to comply with subpoenas issued by Defendants.

This the 3rd day of September, 2022.

Kevin A. Rust (N.C. State Bar No. 35836)
*Counsel for Appellants*
CARRUTHERS & ROTH, P.A.
235 N. Edgeworth St. (27401)
P.O. Box 540
Greensboro, NC 27402-0540
Telephone: (336) 379-8651
Facsimile: (336) 478-1175
Emails: kar@crlaw.com

A TRUE COPY
CLERK OF SUPERIOR COURT
NEW HANOVER COUNTY
BY: *Charlotte A. Ramey*
Deputy Clerk of Superior Court

-2-

## CERIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the parties by electronic

mail and by first class mail, addressed as follows:

> W. Cory Reiss
> Kyle J. Nutt
> Reiss & Nutt, PLLC
> 1221 Floral Parkway, Suite 104
> Wilmington, NC 28403
> Attorneys for Plaintiff
> wcreiss@reissnutt.com
> kjnutt@reissnutt.com

This the 3rd day of October, 2022.

> Kevin A. Rust (N.C. State Bar No. 35836)
> *Counsel for Appellants*
> CARRUTHERS & ROTH, P.A.
> 235 N. Edgeworth St. (27401)
> P.O. Box 540
> Greensboro, NC 27402-0540
> Telephone: (336) 379-8651
> Facsimile: (336) 478-1175
> Emails: kar@crlaw.com

STATE OF NORTH CAROLINA **FILED** IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF NEW HANOVER             FILE NO.: 22-CVS-001507

2022 OCT 11  P 4: 07

NEW HANOVER COUNTY, C.S.C.

BY

| | |
|---|---|
| MARK EASTHAM<br>And PETER SPARK,<br><br>    Plaintiffs,<br><br>vs.<br><br>PORT CITY CONTRACTING<br>SERVICES, INC., ROBERT P. SHARPE,<br>STONE BAY TACTICAL, LLC, and SRS<br>SUPPLY, LLC,<br><br>    Defendants. | **ORDER ON MOTION FOR ORDER<br>TO SHOW CAUSE** |

THIS CAUSE came before the undersigned judge at the October 6, 2022, non-jury civil session of New Hanover County Superior Court on the Plaintiffs' Motion for Order to Show Cause why Defendant Robert Sharpe should not be held in civil contempt. The Plaintiffs were represented by their attorney, Samuel Potter, and the Defendant was represented by his attorney, W. Cory Reiss.

AND THE COURT, having considered the motion, affidavit, and exhibits filed by the Plaintiffs, arguments of counsel, and other materials submitted concludes in its discretion that the Motion should be denied.

FURTHER, per the stipulation of the Parties, and the undersigned's acceptance, any future claimed violations of the Preliminary Injunction, signed by the undersigned and entered by the Court on September 21, 2022, shall be heard by the undersigned.

-2-

NOW THEREFORE, it is ORDERED that the Motion is DENIED, provided however, that any future claimed violations of the Preliminary Injunction shall be heard and decided by the undersigned.

This the 10 day of October 2022.

Hon. Phyllis M. Gorham
Senior Resident Superior Court Judge

STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 22-CVS-001507

MARK EASTHAM                          )
and PETER SPARK,                      )
            Plaintiffs        )
                       )
                       )
           v.                 )
                       )
PORT CITY CONTRACTING                 )
SERVICES, INC., ROBERT P.             )
SHARPE, STONE BAY TACTICAL,           )
LLC, and SRS SUPPLY, LLC,             )
           Defendants.        )

MOTION TO SHOW CAUSE
AND MOTION TO COMPEL

       NOW COME Plaintiffs Mark Eastham ("Eastham") and Peter Spark ("Spark"), through the undersigned counsel, and move the Court pursuant to Rule 37 of the North Carolina Rules of Civil Procedure to require Defendants Stone Bay Tactical, LLC, (Stone Bay), SRS Supply, LLC (SRS), Port City Contracting Services, Inc. (PCCS), and Robert P. Sharpe to appear and show cause why they should not be held in civil contempt for violating the May 4, 2022, Temporary Restraining Order and Expedited Discovery Order (attached and incorporated herein, as Exhibit A), the July 27, 2022, Court Order Granting in Part and Denying in Part Motion for Prejudgment Attachment (attached and incorporated herein as Exhibit B), and to fully respond to the First Set of Interrogatories and Requests for Production of Documents (attached and incorporated herein as Exhibit C).

## MOTIONS TO SHOW CAUSE AND COMPEL

       1.     On or about May 4, 2022, the Court entered a Temporary Restraining Order and Expedited Discovery Order ("TRO").

2.      Paragraph 63 of the TRO provided that Defendants were to provide "an accounting of any and all amounts paid to or withdrawn by Sharpe since December 10, 2021."

3.      Paragraph 64 of the TRO provided that Defendants were to produce an "accounting or financial records of any and all amounts paid to or withdrawn by Sharpe since December 10, 2021."

4.      Pursuant to the TRO, on or about May 4, 2022, Plaintiffs served their First Set of Interrogatories and Requests for Production of Documents ("Plaintiffs' Discovery"). Interrogatory Nos. 3 & 4, and Requests for Production Nos. 4 sought information related to payments and/or transfer of assets to Sharpe.

5.      On or about May 26, 2022, Defendants served Answers and Responses to Plaintiffs' Discovery. (A copy of the Defendants Answers and Responses are attached and incorporated herein as Exhibit D). In response to Interrogatory Nos. 3 &4 and Request No. 4, Defendants directed Plaintiffs to Exhibit C of the production of documents. However, the only records supporting and/or related to payments made to Sharpe only reflected payments made in December 2021. No other records or information were provided by Defendants.

6.      During the July 19, 2022, and July 26, 2022, depositions of PCCS and Sharpe it was disclosed the Sharpe had been receiving compensation and other payments from PCCS since January 2022.

7.      On or about July 27, 2022, the Court entered the Order Granting in Part and Denying in Part Motion for Prejudgment Attachment ("Prejudgment Order").

8.      Paragraph 25 of the Prejudgment Order provided that "[w]ithin ten (10) days of this Order, Stone Bay Tactical, LLC and SRS, LLC shall provide the identity of any banking or

financial account, including the account number, in the name of Stone Bay Tactical, LLC or SRS Supply, LLC presently containing any funds that originated from PCCS."

9.      Paragraph 26 of the Prejudgment Order provided that "[w]ithin ten (10) days of this Order, Stone Bay Tactical, LLC and SRS Supply, LLC shall provide the identity and location of any and all inventory and assets owned or held in their name that originated or were transferred from PCCS."

10.      Stone Bay and SRS failed to provide the information as so required by the Prejudgment Order.

11.      On or about September 14, 2022, Plaintiffs' Counsel sent a letter to Defendants' Counsel asking that the requested information set forth herein be provided by September 21, 2022.

12.      Defendants failed to produce any of the required information.

13.      On or about October 18, 2022, Plaintiffs, through counsel, again inquired as to the status of the outstanding information.   Defendants, through counsel, responded that same day and contended that a stay had been placed in the action as a result of a notice of appeal filed by a third-party.  Plaintiffs, through counsel, responded and sought further clarification as to the alleged stay because there was and is no stay issued in the action.  Defendants did not respond.

14.      As of the filing of this Motion, the information required by the TRO, the Prejudgment Order, and Plaintiffs' Discovery has not been provided.

15.      Plaintiffs have attempted, in good faith, to resolve this dispute through conferring with Defendants, and their counsel, to obtain the information requested herein without Court intervention.

WHEREFORE, Plaintiffs pray the Court as follows:

1.     That Defendants be Ordered to appear and show cause, if any, why they should not be held in civil contempt for failure to comply with the TRO and Prejudgment Order;

2.     That Defendants be compelled to provide all information set forth in the TRO and Prejudgment Order;

3.     That Defendants be compelled to provide all responsive information requested in Interrogatory Nos. 3 & 4 and Request No. 4;

4.     That Defendants be ordered to pay Plaintiffs' reasonable attorneys' fees; and

5.     For such other relief this Court deems justified and necessary.

RESPECTFULLY SUBMITTED, this the 27ˢᵗ day of October 2022.

Davis Hartman Wright LLP
P.O. Box 11320 (28404)
3819 Park Avenue, Suite B
Wilmington, NC 28403
Telephone and Facsimile: (910) 756-4070

By: _____

Thomas S. Babel
N.C. State Bar No. 35004
tsb@dhwlegal.com
*Counsel for Plaintiffs Mark Eastham
and Peter Spark*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **Motion to Show Cause and Motion to Compel** by the following means:

☑ By causing to be delivered to the party(ies) via electronic mail to the electronic mail address indicated below:

wcreiss@reissnutt.com

This the 27ᵗʰ day of October 2022.

_____
Thomas S. Babel
*Counsel for Plaintiffs Mark Eastham and Peter Spark*

STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

MARK EASTHAM and PETER SPARK,

Plaintiffs

v.

PORT CITY CONTRACTING
SERVICES, INC., ROBERT P.
SHARPE, STONE BAY TACTICAL,
LLC, and SRS SUPPLY, LLC,

Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 22-CVS-001507

MOTION TO SHOW CAUSE
AND MOTION TO COMPEL

A TRUE COPY
CLERK OF SUPERIOR COURT
NEW HANOVER COUNTY
BY: M. Kim Olinger
Deputy Clerk of Superior Court

NOW COME Plaintiffs Mark Eastham ("Eastham") and Peter Spark ("Spark"), through

the undersigned counsel, and move the Court pursuant to Rule 37 of the North Carolina Rules of

Civil Procedure to require Defendants Stone Bay Tactical, LLC, (Stone Bay), SRS Supply, LLC

(SRS), Port City Contracting Services, Inc. (PCCS), and Robert P. Sharpe to appear and show

cause why they should not be held in civil contempt for violating the May 4, 2022, Temporary

Restraining Order and Expedited Discovery Order (attached and incorporated herein, as Exhibit

A), the July 27, 2022, Court Order Granting in Part and Denying in Part Motion for Prejudgment

Attachment (attached and incorporated herein as Exhibit B), and to fully respond to the First Set

of Interrogatories and Requests for Production of Documents (attached and incorporated herein

as Exhibit C).

## MOTIONS TO SHOW CAUSE AND COMPEL

1.  On or about May 4, 2022, the Court entered a Temporary Restraining Order and

Expedited Discovery Order ("TRO").

2.      Paragraph 63 of the TRO provided that Defendants were to provide "an accounting of any and all amounts paid to or withdrawn by Sharpe since December 10, 2021."

3.      Paragraph 64 of the TRO provided that Defendants were to produce an "accounting or financial records of any and all amounts paid to or withdrawn by Sharpe since December 10, 2021."

4.      Pursuant to the TRO, on or about May 4, 2022, Plaintiffs served their First Set of Interrogatories and Requests for Production of Documents ("Plaintiffs' Discovery"). Interrogatory Nos. 3 & 4, and Requests for Production Nos. 4 sought information related to payments and/or transfer of assets to Sharpe.

5.      On or about May 26, 2022, Defendants served Answers and Responses to Plaintiffs' Discovery. (A copy of the Defendants Answers and Responses are attached and incorporated herein as Exhibit D). In response to Interrogatory Nos. 3 &4 and Request No. 4, Defendants directed Plaintiffs to Exhibit C of the production of documents. However, the only records supporting and/or related to payments made to Sharpe only reflected payments made in December 2021. No other records or information were provided by Defendants.

6.      During the July 19, 2022, and July 26, 2022, depositions of PCCS and Sharpe it was disclosed the Sharpe had been receiving compensation and other payments from PCCS since January 2022.

7.      On or about July 27, 2022, the Court entered the Order Granting in Part and Denying in Part Motion for Prejudgment Attachment ("Prejudgment Order").

8.      Paragraph 25 of the Prejudgment Order provided that "[w]ithin ten (10) days of this Order, Stone Bay Tactical, LLC and SRS, LLC shall provide the identity of any banking or

financial account, including the account number, in the name of Stone Bay Tactical, LLC or SRS Supply, LLC presently containing any funds that originated from PCCS."

9.      Paragraph 26 of the Prejudgment Order provided that "[w]ithin ten (10) days of this Order, Stone Bay Tactical, LLC and SRS Supply, LLC shall provide the identity and location of any and all inventory and assets owned or held in their name that originated or were transferred from PCCS."

10.     Stone Bay and SRS failed to provide the information as so required by the Prejudgment Order.

11.     On or about September 14, 2022, Plaintiffs' Counsel sent a letter to Defendants' Counsel asking that the requested information set forth herein be provided by September 21, 2022.

12.     Defendants failed to produce any of the required information.

13.     On or about October 18, 2022, Plaintiffs, through counsel, again inquired as to the status of the outstanding information.  Defendants, through counsel, responded that same day and contended that a stay had been placed in the action as a result of a notice of appeal filed by a third-party.  Plaintiffs, through counsel, responded and sought further clarification as to the alleged stay because there was and is no stay issued in the action.  Defendants did not respond.

14.     As of the filing of this Motion, the information required by the TRO, the Prejudgment Order, and Plaintiffs' Discovery has not been provided.

15.     Plaintiffs have attempted, in good faith, to resolve this dispute through conferring with Defendants, and their counsel, to obtain the information requested herein without Court intervention.

WHEREFORE, Plaintiffs pray the Court as follows:

1.     That Defendants be Ordered to appear and show cause, if any, why they

should not be held in civil contempt for failure to comply with the TRO and Prejudgment

Order;

2.     That Defendants be compelled to provide all information set forth in the

TRO and Prejudgment Order;

3.     That Defendants be compelled to provide all responsive information

requested in Interrogatory Nos. 3 & 4 and Request No. 4;

4.     That Defendants be ordered to pay Plaintiffs' reasonable attorneys' fees;

and

5.     For such other relief this Court deems justified and necessary.

RESPECTFULLY SUBMITTED, this the 27 day of October 2022.

> Davis Hartman Wright LLP
> P.O. Box 11320 (28404)
> 3819 Park Avenue, Suite B
> Wilmington, NC 28403
> Telephone and Facsimile: (910) 756-4070
>
> By:
>
> Thomas S. Babel
> N.C. State Bar No. 35004
> tsb@dhwlegal.com
> *Counsel for Plaintiffs Mark Eastham*
> *and Peter Spark*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **Motion to Show Cause and Motion to Compel** by the following means:

☑ By causing to be delivered to the party(ies) via electronic mail to the electronic mail address indicated below:

wcreiss@reissnutt.com

This the 27ᵗʰ day of October 2022.

Thomas S. Babel
*Counsel for Plaintiffs Mark Eastham and Peter Spark*

STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 22-CVS-001507

MARK EASTHAM and )
PETER SPARK, )
              Plaintiffs, )
               )
              v. )
               )
PORT CITY CONTRACTING )
SERVICES, INC., ROBERT P. )
SHARPE, STONE BAY TACTICAL, )
LLC, and SRS SUPPLY, LLC, )
              Defendants. )

NOTICE OF HEARING

PLEASE TAKE NOTICE that the undersigned will bring on for hearing the

Plaintiffs' Motion to Show Cause and Motion to Compel at the November 10, 2022, Civil

Session of the New Hanover County Superior Court at 9:30 a.m. or as soon thereafter as the

same may be heard.

RESPECTFULLY SUBMITTED, this the 27th day of October 2022.

Davis Hartman Wright LLP
P.O. Box 11320 (28404)
3819 Park Avenue, Suite B
Wilmington, NC 28403
Telephone and Facsimile: (910) 756-4070

By: _____

Thomas S. Babel
N.C. State Bar No. 35004
tsb@dhwlegal.com
*Counsel for Plaintiffs Mark Eastham
and Peter Spark*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **NOTICE OF HEARING** by the following means:

    ☑ By causing to be delivered to the party(ies) via electronic mail to the electronic mail address indicated below:

        wcreiss@reissnutt.com

This the 27th day of October 2022.

Thomas S. Babel
*Counsel for Plaintiffs Mark Eastham and Peter Spark*

**Exhibit A**

STATE OF NORTH CAROLINA                  IN THE GENERAL COURT OF JUSTICE
                          **FILED**        SUPERIOR COURT DIVISION
COUNTY OF NEW HANOVER CLERK OF SUPERIOR COURT FILE NO.: 22-CVS-_____
                          NEW HANOVER COUNTY

MARK EASTHAM                    MAY - 4 2022
and PETER SPARK
                    Plaintiffs at ___12:45___ am/pm
                          By _____ Dep/Asst CSC

          v.                          )    TEMPORARY RESTRAINING ORDER
                                      )              AND
PORT CITY CONTRACTING                 )    EXPEDITED DISCOVERY ORDER
SERVICES, INC. and ROBERT P.          )
SHARPE                                )
             Defendants.              )

        THIS MATTER came before this Court on May 4, 2022, on Plaintiffs' Motion for

Temporary Restraining Order and Expedited Discovery. Based on the Verified Complaint, and

other materials provided to the Court, and the arguments of counsel, the Court FINDS AND

ORDERS THE FOLLOWING:

                            **FINDINGS OF FACT**

    1. Mark Eastham is an adult individual and citizen and resident of Minnesota.

    2. Peter Spark is an individual and is a citizen and resident of New Hanover County, North

Carolina.

    3. Defendant PCCS is a North Carolina corporation with its registered agent and principal

offices in New Hanover County, North Carolina.

    4. Sharpe was the Chief Executive Officer of Defendant PCCS and is a citizen and resident

of New Hanover County, North Carolina.

    5. Sharpe is a veteran and, as admitted by Sharpe, has struggled with PTSD and depression

related to his military service.

A TRUE COPY
CLERK OF SUPERIOR COURT
NEW HANOVER COUNTY
BY: *Leni M. Knowles*
Deputy Clerk

6. Defendant PCCS is in the business of supplying diabetes testing strips and whose primary customer is the United States Department of Veterans Association.

7. Plaintiffs are shareholders and former officers of Defendant PCCS. Together, the Plaintiffs are the owners of 40% of Class B shares of Defendant PCCS. Eastham owns 25% of Class B shares and Spark owns 15% of Class B shares of Defendant PCCS.

8. Sharpe is a shareholder of Defendant PCCS and is the owner of 100% of Class A shares of Defendant PCCS, and the owner of approximately 40% of Class B shares of Defendant PCCS.

9. Pursuant to the Shareholder Agreement of Defendant PCCS only Class A shareholders have the right to vote during shareholder meetings, and effectively hold all of the power to run Defendant PCCS.

10. Sharpe is the majority owner of shares of Defendant PCCS, and as such owes a fiduciary duty to the minority shareholders of Defendant PCCS, which includes Plaintiffs.

11. Throughout Eastham's employment with Defendant PCCS, Eastham served as Chief Operating Office and President.

12. Throughout Spark's employment with Defendant PCCS, Spark served as Chief Financial Officer and Secretary of the Board of Directors.

13. Because Defendant PCCS was a startup company, it could not afford to pay the agreed upon salaries of key employees until its revenues grew.

14. As a result, certain key employees, including Plaintiffs Eastham and Spark, agreed to defer receipt of their full wages until Defendant PCCS had sufficient financial means to pay their deferred compensation.

15. Defendant PCCS experienced significant revenue and profit growth in 2020 and 2021.

16. On or about December 10, 2021, Defendant PCCS held a meeting with most of its key employees ("December Meeting").

17. At the time of the December Meeting, Eastham and Spark were two of three Directors for Defendant PCCS and members of its compensation committee.

18. At the December Meeting, Sharpe announced that he was unilaterally giving himself a significant increase in salary and an annual $100,000.00 bonus.

19. Sharpe also used Defendant PCCS funds to purchase a car for his own personal use over the objection of the other key employees and members of the compensation committee.

20. Eastham and Spark both objected to Sharpe's plan to dramatically increase his pay and to issue himself a bonus, given that Defendant PCCS had promised to pay the deferred compensation to key employees when it was financially able.

21. Eastham and Spark informed Sharpe that Defendant PCCS needed to pay the deferred compensation as it had promised its key employees.

22. Following the December Meeting, Eastham, on behalf of the other minority shareholders, sent an email to Sharpe stating that the deferred compensation should be paid before Defendant PCCS paid additional salary and bonuses to Sharpe.

23. On or about December 14, 2021, Sharpe informed both Eastham and Spark that they were being terminated from employment and removed as officers and directors of Defendant PCCS.

24. Following Eastham's termination, Sharpe threatened that, if Eastham took action against Defendant PCCS, then Sharpe would "file a criminal complaint" that "will be federal" against Eastham.

25. Following Spark's, who is a UK national, termination, Sharpe threatened to have him deported and attempted to have a Civil Non-Contact Order issued against Spark. The Order was never entered.

26. Sharpe also attempted to have Spark arrested for stealing Defendant PCCS property. After investigating the complaint, the local authorities decided that there was no support for any criminal actions against Spark and dropped the matter. Upon information and belief, the actions of Sharpe were in furtherance of his desire and threat to have Spark deported.

27. Sharpe exercises complete control over Defendant PCCS as its only voting shareholder.

28. Sharpe used funds of Defendant PCCS to capitalize and purchase inventory for Stone Bay Tactical, LLC, which is another North Carolina limited liability company owned and controlled by Sharpe.

29. Sharpe also used the warehouse owned by Defendant PCCS to store inventory and other materials of Stone Bay Tactical, LLC and used the employees of Defendant PCCS to do work for Stone Bay Tactical, LLC.

30. Sharpe also used Defendant PCCS' warehouse to store inventory and other materials of SRS Supply, LLC, which is another North Carolina limited liability company owned and controlled by Sharpe and used the employees of Defendant PCCS to work for SRS Supply, LLC.

31. Sharpe traveled to Las Vegas on behalf of Stone Bay Tactical, LLC and used Defendant PCCS funds to pay for over $20,000.00 in personal costs.

32. Sharpe or Stone Bay Tactical, LLC have converted the assets of Defendant PCCS.

33. Sometime in March 2022, Sharpe left the United States and traveled to the Ukraine.

34. Initially, Sharpe intended to sell body armor to the Ukraine government but ultimately decided to fight for the Ukrainian military in their defense of the invasion of the Ukraine by Russia.

35. Sharpe used the funds of Defendant PCCS to pay for his travel and other costs while in the Ukraine.

36. When Sharpe was in the Ukraine, he also used funds of Defendant PCCS to purchase weapons and other military supplies that he intended to sell or give to the Ukrainian military.

37. The weapons that Sharpe purchased with Defendant PCCS funds are currently being stored in a warehouse owned or leased by Defendant PCCS.

38. The weapons purchased by Sharpe with Defendant PCCS funds have no relationship to the business of Defendant PCCS.

39. Upon information and belief, Sharpe has used in excess of $100,000.00 of Defendant PCCS's funds for his personal efforts in the Ukraine.

40. In the March 30, 2022 email, Sharpe also resigned as the CEO of Defendant PCCS to focus his efforts on the war in the Ukraine.

41. Despite his written recognition as the CEO of Defendant PCCS, Sharpe continued to be a signatory on the bank accounts for the company and continued to control debits and withdraw from the company bank account.

42. There are few individuals that work at Defendant PCCS, and, consequently, there is little to no supervision of Sharpe's activities as they relate to Defendant PCCS.

43. On February 28, 2022, by and through counsel, Eastham made a written demand on Defendant PCCS pursuant to N.C. Gen. Stat. §55-16-02 for the inspection of corporate records.

44. Defendant PCCS did not respond to the February 28, 2022 demand for inspection of the corporate records.

45. Plaintiffs have no records or other information concerning the activities of Defendant PCCS, and Sharpe, and have no understanding of the current financial condition of Defendant PCCS or the current location of the assets of Defendant PCCS.

46. Defendants have failed to pay Plaintiffs the deferred compensation.

## CONCLUSION OF LAW

47. This Court has subject matter jurisdiction over this action pursuant to N.C. Gen. Stat. §7A-243 and other applicable bases for jurisdiction.

48. This Court has personal jurisdiction over the Defendants pursuant to N.C. Gen. Stat. §1-75.4 and other applicable bases for jurisdiction.

49. Venue is proper in this Court pursuant to N.C. Gen. Stat. §§1-79, 1-82, and N.C. Gen. Stat. §55-14-31, and other applicable bases for venue.

50. Temporary and preliminary relief may be issued by the Court: "(1) if a plaintiff is able to show likelihood of success on the merits of his case and (2) if a plaintiff is likely to sustain irreparable loss unless the injunction is issued, or if, in the opinion of the Court, issuance is necessary for the protection of a plaintiff's rights during the course of litigation." *Redlee/SCS, Inc. v. Pieper*, 153 N.C. App. 421, 423, 571 S.E.2d 8, 11 (2002) (quoting *A.E.P. Industries v. McClure*, 308 N.C. 393, 401, 302 S.E.2d 754, 759-60 (1983); *see also* Rule 65(b) of the North Carolina Rules of Civil Procedure.

51. Plaintiffs have established through the verified pleadings, and attached and incorporated exhibits, and other materials provided during the hearing, that they have a likelihood of success on the merits of its claims brought against Defendants.

52. Plaintiffs have established through the verified pleadings, and attached and incorporated exhibits, and other materials provided during the hearing, that they will suffer irreparable harm if the temporary injunction is not granted by this Court.

53. Plaintiffs have established through the verified pleadings, and attached and incorporated exhibits, and other materials provided during the hearing, that a temporary injunction in this action is necessary for the protection of Plaintiffs' rights and to maintain the status quo until a hearing Plaintiffs' Motion for Preliminary Injunction.

54. Written certification contained in the Verified Pleadings provides the good faith basis for entering of a temporary restraining order without notice to Defendants.

55. Plaintiffs have established good cause for limited discovery on an expedited basis in order to prepare for the hearing on Plaintiffs' Motion for Preliminary Injunction.

56. This Court has considered the necessity of a bond under Rule 65 of the North Carolina Rules of Civil Procedure and finds that a nominal bond will suffice to protect Defendants.

BASED ON THE FINDINGS OF FACT AND CONCLUSIONS OF LAW, the arguments of counsel, the Court hereby grants Plaintiffs' Motion and ORDERS as follows:

57. Other than for business reasons, the bank accounts of Defendant PCCS will be frozen and Sharpe will not have access to any account of Defendant PCCS;

58. The other physical assets of Defendant PCCS will be frozen and will not be disposed of, other than for ordinary business reasons;

59. Sharpe will not have access or control over any asset of Defendant PCCS;

60. Any weapons or other products or goods purchased by Sharpe that are not related to the business of Defendant PCCS will be held in an identified location and will not be sold or moved until so ordered by the Court;

61. Within forty-eight (48) hours of this Order, Defendants will provide Plaintiffs with the location of the weapons or other goods referenced in paragraph 59;

62. Sharpe is prohibited from publishing defamatory statements about Eastham or Spark;

63. Within five (5) days of this Order, Defendants shall Answer Interrogatories that seek the name, account number, and location of all bank accounts in the name of PCCS, the location of any and all assets, tangible or intangible, of Defendant PCCS, and an accounting of any and all amounts paid to or withdrawn by Sharpe since December 10, 2021;

64. Within five (5) days of this Order, Defendants shall produce documents related to the bank statements in the name of Defendant PCCS from December 10, 2021 to the present, a list of all assets of Defendant PCCS from December 10, 2021 to the present, the location of any and all assets, tangible or intangible, of Defendant PCCS, and accounting or financial records of any and all amounts paid to or withdrawn by Sharpe since December 10, 2021;

65. Within ten (10) days from the date of this Order, Defendants shall sit for a deposition wherein information related to the Interrogatory Answers and documents produced will be elicited and information related to bank statements in the name of Defendant PCCS from December 10, 2021 to the present, all assets of Defendant PCCS from December 10, 2021 to the present, the location of any and all assets, tangible or intangible, of Defendant PCCS, and accounting or financial records of any and all amounts paid to or withdrawn by Sharpe since December 10, 2021 will be elicited.

66. Within five (5) days from the date of this Order, Plaintiffs shall deposit with the New Hanover County Clerk of Court a bond, which may be paid with cash, in the amount of Five Hundred and No/100 Dollars ($500.00);

67. This Temporary Restraining Order may be shared with any financial institution or other third-party necessary to effectuate the restrictions set forth herein; and

68. The Parties shall return to the Court ten (10) days from the date of this Order, unless extended by the Parties, to hear Plaintiffs' Motion for Preliminary Injunction.

Return 10 am on May 16, 2022 (Thu) date.

SO ORDERED, this the 4 day of May 2022.

Superior Court Judge Presiding

**Exhibit B**

STATE OF NORTH CAROLINA   FILED   IN THE GENERAL COURT OF JUSTICE
                                          SUPERIOR COURT DIVISION
COUNTY OF NEW HANOVER                    FILE NO.: 22-CVS-001507

                    2022 JUL 27  P 3: 44

MARK EASTHAM              )
and PETER SPARK           NEW HANOVER COUNTY, C.S.C.
         Plaintiffs,      )
                   BY_____
                          )
                          )        ORDER GRANTING IN PART AND
         v.               )        DENYING IN PART
                          )        MOTION FOR PREJUDGMENT
PORT CITY CONTRACTING     )        ATTACHMENT
SERVICES, INC.  ROBERT P. )
SHARPE. STONE BAY TACTICAL,)
LLC, AND SRS SUPPLY, LLC  )

         Defendants.

THIS MATTER came before this Court during the July 7, 2022 session on Plaintiffs'

Motion for Prejudgment Attachment. Based on the Verified Complaint, the Affidavits, and other

materials submitted to the Court, and the arguments of counsel, the Court FINDS AND

ORDERS THE FOLLOWING:

## FINDINGS OF FACT

1. Thomas S. Babel of Davis Hartman Wright, LLP was present on behalf of Plaintiffs.

2. Cory Reiss of Reiss & Nutt, PLLC was present on behalf of Defendants Port City

Contracting Services, Inc. ("PCCS") and Robert P. Sharpe ("Sharpe").

3. Stone Bay Tactical, LLC and SRS Supply, LLC were not represented by counsel at the

hearing. SRS Supply, LLC had not been served with the Amended Complaint naming it as a

Defendant or the Notice of Hearing for this matter at the time of the hearing. Stone Bay Tactical,

LLC was served with the Amended Complaint naming it as a Defendant and Notice of Hearing

for this matter on June 29, 2022 but had not filed a response or appearance as of the time of the

hearing.

A TRUE COPY
CLERK OF SUPERIOR COURT
NEW HANOVER COUNTY
By (Illegible) ivey
Deputy Clerk of Superior Court

2

4. Plaintiffs, Mark Eastham and Peter Spark, have filed claims against Defendant PCCS for unpaid deferred compensation in the amounts of $72,500.00 for Mark Eastham and $92,500.00 for Peter Spark (herein collectively the "Deferred Compensation Claim"), which PCCS had not answered at the time of this hearing, and the time for answering the Amended Complaint had not expired.

5. Defendant Sharpe is the majority shareholder of PCCS.

6. On or about May 4, 2022, a Temporary Restraining and Expediated Discovery Order ("TRO") was entered in this action ex parte.

7. Pursuant to the TRO, PCCS disclosed that it had three accounts in its name at First National Bank.

8. As of June 27, 2022, the PCCS accounts at First National Bank have a zero or negative balance.

9. On Jun13, 2022, PCCS, in another action and as part of a levy order, disclosed that it had opened a new bank account in its name at First Citizen's Bank.

<div align="center">CONCLUSIONS OF LAW</div>

10. This Court has subject matter jurisdiction over this action pursuant to N.C. Gen. Stat. §7A-243 and N.C. Gen. Stat. §1-440.5.

11. This Court has personal jurisdiction over the Defendants pursuant to N.C. Gen. Stat. §1-75.4.

12. The verified complaint filed in this action and affidavit provided at the hearing meet the requirements of N.C. Gen. Stat. §1-440.11.

13. Plaintiffs have established through the verified pleadings and affidavit for purposes of this motion only that Plaintiffs are claimants or creditors of PCCS.

3

14. Plaintiffs have established through the verified pleadings and affidavit for purposes of this motion only that Defendants Stone Bay Tactical, LLC and SRS Supply, LLC are domestic limited liability companies.

15. Plaintiffs have established through the verified pleadings and affidavit for purposes of this motion only that the PCCS bank accounts currently have insufficient funds.

16. This Court finds and concludes that the TRO currently in place is sufficient to protect the interests of the Plaintiffs with respect to Defendants PCCS and Sharpe.

17. This Court has not found that Stone Bay Tactical, LLC or SRS Supply, LLC in fact possess any assets of PCCS.

18. Based on the verified pleading and affidavit of the Plaintiffs, which Defendants Stone Bay Tactical, LLC, and SRS Supply, LLC have not yet appeared to rebut and the time for doing so has not expired, and this Court's authority to enter an *ex parte* order of attachment, the Court concludes that such Order should issue to prevent disbursement of property belonging to PCCS that is in the custody of Stone Bay Tactical, LLC and SRC Supply, LLC, if any.

19. This Court has considered the necessity of a bond pursuant to N.C. Gen. Stat. § 1-440.10 and finds that the $500.00 bond that was filed with the New Hanover Clerk of Court on or about May 6, 2022 will be sufficient to protect Defendants Stone Bay, LLC and SRS, LLC.

BASED ON THE FINDINGS OF FACT AND CONCLUSIONS OF LAW, the COURT hereby Grants in Part and Denies in Part Plaintiffs' Motion and ORDERS as follows:

20. The Motion is Denied as to Defendants PCCS and Sharpe.

21. All funds that originated from a PCCS account presently existing in any bank accounts in the name of Stone Bay Tactical, LLC, if any, shall be frozen until the conclusion of this action or further order of this Court;

4

22. All funds originating from a PCCS account presently existing in any bank accounts in the name of SRS Supply, LLC, if any, shall be frozen until the conclusion of this action or further order of this Court;

23. All inventory or other assets in the custody of Stone Bay Tactical, LLC that originated or were transferred from PCCS, if any, shall be frozen and not disposed of in any fashion or for any reason until the conclusion of this action or further order of this Court;

24. All inventory or other assets in the custody of Stone Bay Tactical, LLC that originated or were transferred from PCCS, if any, shall be frozen and not disposed of in any fashion or for any reason until the conclusion of this action or further order of this Court;

25. Within ten (10) days of this Order, Stone Bay Tactical, LLC and SRS, LLC shall provide the identity of any banking or financial account, including the account number, in the name of Stone Bay Tactical, LLC or SRS Supply, LLC presently containing any funds that originated from PCCS to counsel for Plaintiffs, including the amount of such funds that are to be attached;

26. Within ten (10) days of this Order, Stone Bay Tactical, LLC and SRS Supply, LLC shall provide the identity and location of any and all inventory and assets owned or held in their name that originated or were transferred from PCCS.

SO ORDERED, this the 26 day of July 2022.

R. Kent Harrell
Superior Court Judge Presiding

**Exhibit C**

STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 22-CVS-001507

MARK EASTHAM
and PETER SPARK
          Plaintiffs

            v.

PORT CITY CONTRACTING
SERVICES, INC. and ROBERT P.
SHARPE
          Defendants.

)
)
)
)
)
)
)
)
)
)
)

FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF
DOCUMENTS

NOW COME Mark Eastham and Peter Spark ("Plaintiffs"), by and through the undersigned counsel, and pursuant to Rules 26, 33 and 34 of the North Carolina Rules of Civil Procedure and the Order granting Temporary Restraining Order and Expedited Discovery that was entered on May 4, 2022 and propounds the following Interrogatories and Requests for Production of Documents to Defendants Port City Contracting Services, Inc ("PCCS") and Robert P. Sharpe ("Sharpe"). Answers, Responses, and any responsive documents shall be served within five (5) days from service date set forth herein.

## DEFINITIONS AND INSTRUCTIONS

1.    The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

2.    "Document" means the original and any nonidentical copy of any written, recorded or graphic matter, however produced or reproduced, including but not limited to correspondence, memoranda, notes of meetings, reports, transcripts of telephone conversations, photocopies, sound

or pictorial recordings, computerized information, letters, text messages, personal notes, personal diaries, personal calendars, instant messages or social media posts, carbon copies, electronic or mechanical transmissions, data sheets, computer programs and related documents, files, indices, reports, financial statements, cancelled and uncancelled checks, drafts, certificates of deposit, invoices, account statements, tickets, expense records, vouchers, working papers, drafts of contracts, drafts of letters, specifications, charts, printings, phonographic records, maps, plats, microfilm, microfiche, microprint, photographic negatives, photographs, photographic prints or transparencies, receipts, drawings, deposit slips, banking records, journals, account books, telephone logs, telephone message records, time slips, surveys or any other form of written, recorded or graphic matter. The definition of "document" as used in these discovery requests specifically includes electronic and/or computer data maintained in any form.

3. "Communication" means any inquiry, discussion, conversation, negotiation, agreement, understanding, meeting, letter, correspondence, note, email (from any email address, personal or business-related), voice mail, or any other form of oral or written discourse or memorialization of that discourse.

4. "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

5. "Person" means natural persons, corporations, partnerships, sole proprietorships, associations, federations, government agencies, or any other kind of entity.

6. "Identify" or "identity" as it relates to a person, means state the person's name, their current address, current e-mail address, and current telephone number.

7. "Identify," when used in reference to a document (including electronically stored information), means and includes the name and address of the custodian of the document, the

location of the document, and a general description of the document, including (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; (4) the author of the document or electronically stored information; (5) the addressee of the document or electronically stored information; and (6) the relationship of the author and addressee to each other.

  8.  The words "relate to," "relating to," "pertain to" or "pertaining to" means: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts, whether in whole or in part, directly or indirectly, the subject matter at hand.

  9.  The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

  10.  The term "Complaint" shall mean Plaintiffs' complaint recently filed in this action, as well as any documents incorporated by reference therein.

  11.  The term "You" refers to PCCS or Sharpe.

  12.  Documents produced in response to requests shall be organized and labeled to correspond with the Request to which they are responsive.

  13.  Unless otherwise stated, the requests cover documents generated or received by Plaintiffs to date.

  14.  The requests may overlap or duplicate each other in some instances. No request is to be construed as a limitation on any other request.

15.     If any documents covered by these requests are withheld under a claim of privilege or work product immunity, you must furnish a list specifying each document for which privilege is claimed, together with the following information as to each such document: the name and job title of the author(s); the name and job title of each recipient and person to whom the document or a copy thereof was furnished; the date of the document; the subject matter of the document; the number of pages of the document; where the documents and all copies of the document were filed or stored and the names of all individuals who had access to such files; the basis on which privilege or work product immunity is claimed; and the number of the interrogatory or request to which the document is responsive.

16.     Identify each document, formerly in your possession, custody, or control, which would have been responsive to these requests but which has been destroyed, discarded, or otherwise disposed of, and identify the person destroying, discarding, or otherwise disposing of such document, the time and place such disposition occurred, the person maintaining possession, custody, or control of such document during its existence, and the person ordering or authorizing the disposition of such document.

17.     If a specific identification of documents is not possible, identify each category of documents which would have been responsive to these requests, but which have been destroyed, discarded or otherwise disposed of, and identify the person destroying, discarding, or otherwise disposing of such documents, the time and place such disposition occurred, the person maintaining possession, custody, or control of such document during its existence, and the person ordering or authorizing the disposition of such documents.

                                    INTERROGATORIES

1. Identify by account number and local branch any and all bank accounts, or other financial institutions, that are held or open in the name PCCS and state the current balance.

    ANSWER:

2. Identify any and all tangible or intangible assets of PCCS and identify the current location of said assets.

    ANSWER:

3. Identify any and all amounts, or assets, transferred, taken, withdrawn, or paid to Sharpe by PCCS, or taken by Sharpe, since December 10, 2021, and for each identify the date the amount or asset was transferred, taken, withdrawn or paid to Sharpe.

    ANSWER:

4. Identify any and all compensation paid to Sharpe since December 10, 2021 by PCCS.

    ANSWER:

REQUEST FOR PRODUCTION OF DOCUMENTS

1. Produce any and all bank statements that are open or held in the name of PCCS from December 10, 2021 to the present.

   RESPONSE:

2. Produce any and all documents that set out, identify, or list the assets of PCCS from December 10, 2021 to the present, including, but not limited to, an asset list.

   RESPONSE:

3. Produce any and all documents that set out, identify, or list the location of any asset of PCCS from December 10, 2021 to the present.

   RESPONSE:

4. Produce any and all financial or accounting records that show or evidence any payment or transfer of any asset, including monies, of PCCS to Sharpe.

   RESPONSE:

5. Produce any and all credit card statements that are held in the name of PCCS and/or that are used by Sharpe and paid by PCCS.

    RESPONSE:

RESPECTFULLY SUBMITTED, this the 4th day of May, 2022.

> Davis Hartman Wright, LLP
> P.O. Box 11320 (28404)
> 2819 Park Avenue, Suite B
> Wilmington, NC 28403
> Telephone and Facsimile: (910) 756-4070
>
> By: _____
> Thomas S. Babel
> N.C. State Bar No. 35004
> tsb@dhwlegal.com
> *Counsel for Plaintiffs Mark Eastham and Peter Spark*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served a copy of the foregoing FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMETNS by the following means:

☑ by causing to be delivered to the party(ies) via regular U.S. Mail to the mail address indicated below:

Robert P. Sharpe
245 Royal Fern Road
Wilmington, NC 28512

Port City Contracting Services, Inc.
2017 Corporate Drive, Unit 4
Wilmington, NC 28412

☑ by causing to be delivered to the party below via electronic email service at the following address:

Robert P Sharpe-sharpetrey4@gmail.com

This the 4th day of May, 2022.

Thomas Babel
DAVIS HARMAN WRIGHT LLP
*Counsel for Defendants Cameron C. Calhoun and Pamela M. Calhoun*

**Exhibit D**

STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

MARK EASTHAM
and PETER SPARK
    Plaintiffs

     v.

PORT CITY CONTRACTING
SERVICES, INC. and ROBERT P.
SHARPE
    Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.:  22-CVS-001507

DEFENDANTS' RESPONSE TO
PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND REQUEST FOR
PRODUCTION OF DOCUMENTS

NOW COME Port City Contracting Services, Inc. and Robert P. Sharpe ("Defendants"), by and through the undersigned counsel, and pursuant to Rules 26, 33, and 34 of the North Carolina Rules of Civil Procedure and the Order granting Temporary Restraining Order and Expedited Discovery that was entered on May 4, 2022 and responds to the following Interrogatories and Requests for Production of Documents Plaintiffs, Mark Eastham and Peter Spark ("Plaintiffs).

### DEFINITIONS AND INSTRUCTIONS

1. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

2. "Document" means the original and any nonidentical copy of any written, recorded or graphic matter, however produced or reproduced, including but not limited to correspondence, memoranda, notes of meetings, reports, transcripts of telephone conversations, photocopies, sound

or pictorial recordings, computerized information, letters, text messages, personal notes, personal diaries, personal calendars, instant messages or social media posts, carbon copies, electronic or mechanical transmissions, data sheets, computer programs and related documents, files, indices, reports, financial statements, cancelled and uncancelled checks, drafts, certificates of deposit, invoices, account statements, tickets, expense records, vouchers, working papers, drafts of contracts, drafts of letters, specifications, charts, printings, phonographic records, maps, plats, microfilm, microfiche, microprint, photographic negatives, photographs, photographic prints or transparencies, receipts, drawings, deposit slips, banking records, journals, account books, telephone logs, telephone message records, time slips, surveys or any other form of written, recorded or graphic matter. The definition of "document" as used in these discovery requests specifically includes electronic and/or computer data maintained in any form.

3.    "Communication" means any inquiry, discussion, conversation, negotiation, agreement, understanding, meeting, letter, correspondence, note, email (from any email address, personal or business-related), voice mail, or any other form of oral or written discourse or memorialization of that discourse.

4.    "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

5.    "Person" means natural persons, corporations, partnerships, sole proprietorships, associations, federations, government agencies, or any other kind of entity.

6.    "Identify" or "identity" as it relates to a person, means state the person's name, their current address, current e-mail address, and current telephone number.

7.    "Identify," when used in reference to a document (including electronically stored information), means and includes the name and address of the custodian of the document, the

location of the document, and a general description of the document, including (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; (4) the author of the document or electronically stored information; (5) the addressee of the document or electronically stored information; and (6) the relationship of the author and addressee to each other.

8. The words "relate to," "relating to," "pertain to" or "pertaining to" means: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts, whether in whole or in part, directly or indirectly, the subject matter at hand.

9. The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

10. The term "Complaint" shall mean Plaintiffs' complaint recently filed in this action, as well as any documents incorporated by reference therein.

11. Documents produced in response to requests shall be organized and labeled to correspond with the Request to which they are responsive.

12. Unless otherwise stated, the requests cover documents generated or received by Plaintiffs to date.

13. The requests may overlap or duplicate each other in some instances. No request is to be construed as a limitation on any other request.

14.    If any documents covered by these requests are withheld under a claim of privilege or work product immunity, you must furnish a list specifying each document for which privilege is claimed, together with the following information as to each such document: the name and job title of the author(s); the name and job title of each recipient and person to whom the document or a copy thereof was furnished; the date of the document; the subject matter of the document; the number of pages of the document; where the documents and all copies of the document were filed or stored and the names of all individuals who had access to such files; the basis on which privilege or work product immunity is claimed; and the number of the interrogatory or request to which the document is responsive.

15.    Identify each document, formerly in your possession, custody, or control, which would have been responsive to these requests but which has been destroyed, discarded, or otherwise disposed of, and identify the person destroying, discarding, or otherwise disposing of such document, the time and place such disposition occurred, the person maintaining possession, custody, or control of such document during its existence, and the person ordering or authorizing the disposition of such document.

16.    If a specific identification of documents is not possible, identify each category of documents which would have been responsive to these requests, but which have been destroyed, discarded or otherwise disposed of, and identify the person destroying, discarding, or otherwise disposing of such documents, the time and place such disposition occurred, the person maintaining possession, custody, or control of such document during its existence, and the person ordering or authorizing the disposition of such documents.

## INTERROGATORIES

1. Identify by account number and local branch any and all bank accounts, or other

financialinstitutions, that are held or open in the name PCCS and state the current balance.

**ANSWER: See Exhibit A.**

2. Identify any and all tangible or intangible assets of PCCS and identify the current location ofsaid assets.

**ANSWER: See Exhibits B, D, and E.**

3. Identify any and all amounts, or assets, transferred, taken, withdrawn, or paid to Sharpe byPCCS, or taken by Sharpe, since December 10, 2021, and for each identify the date the amount or asset was transferred, taken, withdrawn or paid to Sharpe.

**ANSWER: See Exhibit C.**

4. Identify any and all compensation paid to Sharpe since December 10, 2021 by PCCS. **ANSWER: See Exhibit C.**

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Produce any and all bank statements that are open or held in the name of PCCS fromDecember 10, 2021 to the present.

**RESPONSE: See Exhibit A.**

2. Produce any and all documents that set out, identify, or list the assets of

PCCS fromDecember 10, 2021 to the present, including, but not limited to, an asset list.

**RESPONSE: See Exhibits B and D.**

3. Produce any and all documents that set out, identify, or list the location of any asset of PCCSfrom December 10, 2021 to the present.

**RESPONSE: See Exhibit E.**

4. Produce any and all financial or accounting records that show or evidence any payment ortransfer of any asset, including monies, of PCCS to Sharpe.

**RESPONSE: See Exhibit C.**

5. Produce any and all credit card statements that are held in the name of PCCS and/or that are used by Sharpe and paid by PCCS.

**RESPONSE: See Exhibit A.**

RESPECTFULLY SUBMITTED, this the 26th day of May, 2022.

ATLANTIC COAST LAW

ADDISON T. PALANZA
Attorney for the Defendants
NC Bar No. 50918
314 Walnut St., STE 100
Wilmington, NC, 28401
(P): (910) 769-6884
(F): (910) 777-5867
Addison@AtlanticCoastLaw.com

CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served a copy of the foregoing DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRSTS ET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMETNS by the following means:

by causing to be delivered to the party(ies) via regular U.S Mail to the mail address indicated below:

by causing to be delivered to the party below via electronic email service at the following address:

     Mr. Thomas Babel
     Atty for the Plaintiffs
     MARK EASTHAM AND PETER SPARK
     tsb@dhwlegal.com

This the 26th day of May, 2022.

          ATLANTIC COAST LAW

          ADDISON T. PALANZA
          Attorney for the Defendants
          NC Bar No. 50918
          314 Walnut St., STE 100
          Wilmington, NC, 28401
          (P): (910) 769-6884
          (F): (910) 777-5867
          Addison@AtlanticCoastLaw.com



STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

FILED

2022 DEC 12  A II SUPERIOR COURT DIVISION

NEW HANOVER CO., C.S.C.

BY

IN THE GENERAL COURT OF JUSTICE

FILE NO.: 22-CVS-001507

MARK EASTHAM
and PETER SPARK
          Plaintiffs

v.

PORT CITY CONTRACTING
SERVICES, INC., ROBERT P.
SHARPE, STONE BAY TACTICAL,
LLC, and SRS SUPPLY, LLC
          Defendants.

)
)
)
)
)
)
)
)
)
)

SECOND AMENDED COMPLAINT

NOW COME, Plaintiffs, Mark Eastham("Eastham") and Peter Spark ("Spark"), by and through the undersigned counsel, pursuant to Rule 15 of the North Carolina Rules of Civil Procedure, and complaining of Defendants Port City Contracting Services, Inc. ("PCCS"), Robert P. Sharpe ("Sharpe"), Stone Bay Tactical, LLC ("Stone Bay"), and SRS Supply, LLC ("SRS Supply") state, aver, and allege as follows:

**PARTIES**

1. Plaintiff Mark Eastham is an adult individual and citizen and resident of Minnesota.

2. Plaintiff Peter Spark is an individual and is a citizen and resident of New Hanover County, North Carolina.

3. Defendant PCCS is a North Carolina corporation with its registered agent and principal place of business and offices in New Hanover County, North Carolina.

4. Sharpe was the Chief Executive Officer of PCCS and is a citizen and resident of New Hanover County, North Carolina. Sharpe is a veteran and, as admitted by Sharpe, has struggled with PTSD and depression related to his military service.

5. Defendant Stone Bay is a North Carolina limited liability company with its registered agent and principal place of business and offices in New Hanover County, North Carolina.

6. Defendant SRS Supply is a North Carolina limited liability company with its registered agent and principal place of business and offices in New Hanover County, North Carolina.

7. PCCS, Stone Bay, and SRS have the same principal place of business and office. PCCS and Stone Bay have the same registered agent.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to N.C. Gen. Stat. §7A-243, N.C. Gen. Stat. §55-7-40, and other applicable bases for jurisdiction.

9. This Court has personal jurisdiction over the Defendants pursuant to N.C. Gen. Stat. §1-75.4 and other applicable bases for jurisdiction.

10. Venue is proper in this Court pursuant to N.C. Gen. Stat. §§1-79, 1-82, N.C. Gen. Stat. §55-7-42, and §55-14-31, and other applicable bases for venue.

## FACTS

11. PCCS is in the business of supplying diabetes testing strips and whose primary customer is the United States Department of Veterans Association.

12. Plaintiffs are shareholders and former officers of PCCS. Together, the Plaintiffs are the owners of 40% of Class B shares of PCCS. Eastham owns 25% of Class B shares and Spark owns 15% of Class B shares of PCCS.

13. Sharpe is a shareholder of PCCS and is the owner of 100% of Class A shares of PCCS, and the owner of approximately 40% of Class B shares of PCCS.

14. Pursuant to the Shareholder Agreement of PCCS only Class A shareholders have the right to vote during shareholder meetings, and effectively hold all the power to run PCCS.

15. Sharpe is the majority owner of shares of PCCS, and as such owes a fiduciary duty to the minority shareholders of PCCS, which includes Plaintiffs.

16. PCCS was originally formed on February 5, 2019, as a North Carolina limited liability company.

17. PCCS was converted from a limited liability company to a North Carolina corporation on June 30, 2020.

18. From approximately October 1, 2019, to early January 2021, Eastham was an employee of DPCCS ("Eastham Initial Employment").

19. From approximately August 1, 2019, to December 14, 2021, Spark was an employee of PCCS.

20. Spark is a neighbor of Sharpe.

21. As of the end of Eastham's Initial Employment, Eastham owned 3,194 shares of PCCS.

22. On June 7, 2021, Eastham and PCCS entered a Stock Redemption and Release Agreement ("Release Agreement"). A copy of the Release Agreement is attached hereto as Exhibit A and incorporated herein by reference.

23. Pursuant to the terms of the Release Agreement, PCCS was to pay Eastham $60,000 for the Class B shares he owned in PCCS.

24. Despite having the funds, and meeting the payment triggers in the Release Agreement, as of the date of this Complaint, PCCS has paid nothing to Eastham pursuant to the Release Agreement.

25. Later in 2021, Eastham was retained again as an employee of PCCS, until his employment was terminated on or about December 14, 2021 ("Eastham's Second Employment").

26. Throughout Eastham's employments with PCCS, Eastham served as Chief Operating Office and President.

27. Throughout Spark's employment with PCCS, Spark served as Chief Financial Officer and Secretary of the Board of Directors.

28. Because PCCS was a startup company, it could not afford to pay the agreed upon salaries of key employees until its revenues grew.

29. As a result, certain key employees, including Eastham and Spark, agreed to defer receipt of their full wages until PCCS had sufficient financial means to pay their deferred compensation.

30. As of the date of this Complaint, Eastham is owed $72,500.00 in deferred compensation.

31. As of the date of this Complaint, Spark is owed $92,500.00 in deferred compensation.

32. Plaintiff's deferred compensation, along with other key employees, were noted and reflected in PCCS's corporate and financial records.

33. PCCS experienced significant revenue and profit growth in 2020 and 2021.

34. On or about December 10, 2021, PCCS held a meeting with most of its key employees ("December Meeting").

35. At the time of the December Meeting, Eastham and Spark were two of three Directors for PCCS and members of its compensation committee.

36. At the December Meeting, Sharpe announced that he was unilaterally giving himself a significant increase in salary and an annual $100,000.00 bonus.  The actions of Sharpe were to his benefit and to the detriment of the other employees and the other shareholders of PCCS.

37. Sharpe also used PCCS funds to lease a car for his own personal use, which he contended would be part of his compensation, over the objection of the other key employees and members of the compensation committee.

38. At the time of the December Meeting, PCCS owed approximately $357,500 in deferred wages to PCCS's key employees.

39. Eastham and Spark both objected to Sharpe's plan to dramatically increase his pay and to issue himself a bonus, given that PCCS had promised to pay the deferred compensation to key employees when it was financially able.

40. Furthermore, because Sharpe held voting control of PCCS, the $100,000 bonus Sharpe paid himself could also be deemed to be an improper distribution to him as a shareholder of PCCS.

41. Eastham and Spark informed Sharpe that PCCS needed to pay the deferred compensation as it had promised its key employees.

42. Following the December Meeting, and on the same day, Eastham, on behalf of the other minority shareholders, sent an email to Sharpe stating that the deferred

compensation should be paid before PCCS paid additional salary and bonuses to Sharpe. A copy of the December 10, 2021, email is attached hereto and incorporated herein as Exhibit B.

43. On or about December 14, 2021, Sharpe informed both Eastham and Spark that they were being terminated from employment and removed as officers and directors of PCCS.

44. Upon information and belief, both Eastham and Spark were terminated only in retaliation because they demanded that PCCS pay the deferred compensation and objected to Sharpe paying himself.

45. As to Spark, Sharpe terminated his employment with PCCS via a text message. Within this text message, Sharpe asked Spark that he needed "to decide what equipment owned by PCCS you wish to keep, and we will work out a simple and fair cost for purchase."

46. After his termination, Spark also communicated with the president of PCCS about the purchase of certain equipment, including setting off what was owed to Spark from PCCS by the value of the equipment

47. Despite Spark's response to the text message from Sharpe concerning the purchase of certain equipment, Sharpe nor PCCS ever responded or formalized an agreement with Spark.

48. Upon information and belief, Sharpe did not respond to Spark's offer concerning the equipment because he intended to use this issue to file criminal charges against Spark.

49. Following Eastham's termination, Sharpe threatened that, if Eastham took action against PCCS, then Sharpe would "file a criminal complaint" that "will be federal" against Eastham.

50. Following Spark's, who is a UK national, termination, Sharpe threatened to have him deported.

51. On December 20, 2021, Eastham and Spark met with Adrianne George, who was the president of PCCS in attempt to resolve the parties' dispute.

52. Despite offering to sell Spark certain PCCS equipment, and Spark agreeing to the purchase, Sharpe also attempted to have Spark arrested for stealing PCCS property that was addressed in the text message on December 14, 2021.

53. On December 20, 2021, after their meeting with Adrianne George, and upon information and belief, in response to the meeting, Sharpe filed a criminal complaint against Spark related to theft of the same equipment that he offered to sell Spark, and that Spark had agreed to purchase. After investigating the complaint, the local authorities decided that there was no support for any criminal actions against Spark and dropped the matter. Upon information and belief, the actions of Sharpe were in furtherance of his desire and threat to have Spark deported.

54. PCCS never paid either Eastham or Spark their deferred compensation after their termination.

55. In an effort to resolve the parties' dispute, on January 11, 2022, Eastham reached out to the president of PCCS and requested the contact information for the attorneys representing PCCS.

56. On January 12, 2022, upon information and belief, in response to the request by Eastham, Sharpe filed a civil no contact order against Spark. Sharpe, who proudly is a marine infantry combat veteran, and who owns a cache of weapons at this home, contended that he was threatened by Spark and feared for his own personal safety.

57. Upon information and belief, the actions of Sharpe in filing the civil no contact order was in furtherance of his desire and threat to have Spark deported and to further harass Spark in hopes that he would drop his claims against PCCS.

58. On January 12, 2022, Sharpe continued his campaign against Spark, and filed another criminal complaint against Spark. Sharpe filed a claim for communicating threats. This criminal claim was dismissed by the District Attorney's office for lack of supporting evidence.

59. Upon information and belief, the actions of Sharpe in filing the criminal complaint against Spark was in furtherance of his desire and threat to have Spark deported and to further harass Spark in hopes that he would drop his claims against PCCS.

60. On February 4, 2022, by and through counsel, Eastham and Spark made written demand on Defendants PCCS and Sharpe. A copy of the February 4, 2022, letter is attached hereto and incorporated herein as Exhibit C.

61. Neither PCCS nor Sharpe responded to Exhibit C and as of the date of this Complaint have not paid the earned and owed deferred compensation.

62. On February 28, 2022, by and through counsel, Eastham made a written demand on PCCS pursuant to N.C. Gen. Stat. §55-16-02 for the inspection of corporate records. A copy of the February 28, 2022, letter is attached hereto and incorporated herein as Exhibit D.

63. PCCS did not respond to the February 28, 2022, letter.

64. Sharpe exercises complete control over PCCS as its only voting shareholder.

65. In addition, Sharpe ignores corporate formalities by unilaterally acting without Board of Director approval or consideration.

66. Sharpe ignores the requirements of PCCS's By-laws by not calling or conducting meetings, obtaining corporate consent for actions and other matters to be shown at trial.

67. In short, Sharpe ignores the corporate formalities of PCCS, instead using PCCS's assets as if they were his personal property.

68. Sharpe further uses PCCS's assets as if they were his own, including using PCCS's assets for the use by other entities Sharpe has an interest in, without any compensation to PCCS.

69. Sharpe used funds of PCCS to capitalize and purchase inventory for Stone Bay Tactical.

70. Upon information and belief, Sharpe is the majority member and manager of Stone Bay Tactical. Stone Bay Tactical is a licensed gun dealer and was formed to sell weapons to veterans.

71. For instance, in January 2022, Sharpe traveled to Las Vegas for an industry show related to his other business, Stone Bay Tactical. During the visit, Sharpe spent over $20,000.00 on personal items and used PCCS funds to pay the bill. This including spending large sums of PCCS funds at an adult entertainment facility.

72. Sharpe also used the warehouse owned by PCCS, which is located at 2017 Corporate Drive, Unit 4, Wilmington, NC 28405, to store inventory and other materials of Stone Bay Tactical and used the employees of PCCS to do work for Stone Bay Tactical.

In fact, all the "employees" of Stone Bay Tactical are technically employees of PCCS and are paid by PCCS.

73. Sharpe also used PCCS funds to capitalize SRS Supply.

74. Upon information and belief, Sharpe is the majority member and manager of SRS Supply.

75. Sharpe also used PCCS' warehouse, which is located at 2017 Corporate Drive, Unit 4, Wilmington, NC 28405, to store inventory and other materials of SRS Supply.

76. Sharpe used the employees of PCCS to work for SRS Supply.  In fact, all of the "employees" of SRS are technically employees of PCCS and are paid by PCCS.

77. PCCS was not compensated or provided reasonably equivalent value in exchange for the use of its assets by Stone Bay Tactical or SRS Supply.

78. There is no intercompany agreement between Stone Bay Tactical or SRS Supply and PCCS related to amounts owed to PCCS.

79. Sharpe, Stone Bay Tactical, and SRS Supply have converted the assets of PCCS.

80. The actions of Sharpe, Stone Bay Tactical, and SRS Supply was an attempt to defraud the creditors of PCCS and/or Sharpe.

81. Sometime in March 2022, Sharpe left the United States and traveled to eastern Europe with the intent to traveling to the Ukraine.

82. It was the initial intent of Sharpe to sell body army to the Ukrainian government.

83. Ultimately, Sharpe decided to fight for the Ukrainian military in their defense of the invasion of the Ukraine by Russia.  Upon information and belief, despite representations to the contrary, Sharpe never fought for the Ukrainian army or in the defense of the Ukraine.

84. Sharpe used the funds of PCCS to pay for his travel and other costs while in the Ukraine.

85. Upon information and belief, Sharpe used additional funds of PCCS to purchase food and other goods for the residents of the Ukraine.

86. When Sharpe was in the Ukraine, he also used funds of PCCS to purchase weapons and other military supplies that he intended to sell or give to the Ukrainian military.

87. Upon information and belief, the weapons that Sharpe purchased with PCCS funds are currently being stored in a warehouse owned or leased by PCCS.

88. The weapons purchased by Sharpe with PCCS funds have no relationship to the business of PCCS.

89. Upon information and belief, Sharpe has used in excess of $100,000.00 of PCCS's funds for his personal efforts in the Ukraine.

90. The actions of Sharpe constitute conversion or embezzlement of PCCS assets.

91. On or about March 20, 2022, Sharpe sent an email to a number of third parties.  In this March 20, 2022, email, Sharpe defamed the reputation of both Eastham and Spark publishing that they had "defrauded the company."  He also published that one or both were guilty of "embezzlement."  A copy of the March 20, 2022, email is attached hereto as Exhibit E and is incorporated by reference.

92. Sharpe has told third parties that he will do everything in his power to prevent Eastham or Spark from being paid the deferred compensation that they are owed, the amounts owed under the Release Agreement or realizing the value of their shares in PCCS.

93. Sharpe has continued to defame and slander both Eastham and Spark since their termination and will continue to do so without Court intervention.

94. In the March 20, 2022, email, Sharpe also resigned as the CEO of PCCS to focus his efforts on the war in the Ukraine.

95. Despite his written recognition as the CEO of PCCS, Sharpe continued to be a signatory on the bank accounts for the company and continued to control debits and withdraw from the company bank account.

96. For instance, on or about March 25, 2022, while still in eastern Europe, Sharpe unilaterally terminated the employment of Adrianne George

97. Sharpe's authority to terminate Ms. George was challenged by certain employees of PCCS, but Sharpe overruled any dissent.

98. In addition, since Sharpe's departure from PCCS, the business of PCCS has declined. Sharpe has spent zero time conducting the affairs of the company and has terminated many of the remaining key employees.

99. Upon information and belief, while in the Ukraine Sharpe suffered an emotional breakdown and published on social media that he was suicidal. Sharpe also published on social media that he was having suicidal thoughts.

100.     Sharpe has returned from the Ukraine. However, upon his return there were little to no individuals that worked at PCCS. To date, there is little to no supervision of Sharpe's activities as they relate to PCCS.

101.     On May 4, 2022, Plaintiffs, through counsel, sent PCCS a demand letter pursuant to N.C. Gen. Stat. §55-7-42 wherein Plaintiffs demanded that PCCS investigate and bring claims against Sharpe. A copy of the letter is attached hereto and incorporated herein as Exhibit F.

102. On May 17, 2022, PCCS, through counsel, responded to Plaintiffs' demand letter and refused to investigate or bring claims against Sharpe.

103. Since the filing of this action, Sharpe has represented, through his agents, that he has conveyed shares in PCCS. The conveyance of additional shares in PCCS would dilute the interests of Plaintiffs.

104. In July 2022, Sharpe asked a friend and neighbor of Spark to forward a message from Sharpe wherein Sharpe communicated that Spark needed to end this action or it was going to go bad for him.

105. On or about September 7, 2022, a hearing was held on Plaintiffs' Motion for Preliminary Injunction wherein the Court orally granted Plaintiffs' Motion.

106. The following day, on or about September 8, 2022, in response to the hearing, Sharpe filed a Motion to Show Cause for Failure to Comply with No-Contact Order against Spark.

107. The stated basis for the violation of the No-Contact Order was that Spark "has been filing malicious legal actions since the order."

108. On September 16, 2022, the Court held a hearing on Sharpe's Motion to Show Cause. As of the time of the hearing, Sharpe had failed to obtain service on Spark and the hearing was continued. However, during the hearing, the Court informed Sharpe that his stated basis for the Motion to Show Cause was not legally sufficient and didn't support a claim for contempt.

109. On September 16, 2022, frustrated that he didn't get what he wanted from the Court, Sharpe filed another criminal charge against Spark: this time contending that Spark embezzled money from PCCS.

110. Notwithstanding the instructions by the Court, Sharpe moved forward on his Motion to Show Cause, and a hearing with hearing date set for September 30, 2022.

111. Due to inclement weather, the September 30, 2022, hearing was continued to October 7, 2022.

112. Again frustrated, in direct violation of the Preliminary Injunction Order entered in this action, Sharpe began posting defamatory statements about Eastham and Spark on LinkedIn and Facebook. A true and accurate copy of the postings are attached hereto and incorporated herein as Exhibit G.

113. In further attempt to intimidate Plaintiffs, Sharpe even posted on LinkedIn the contact information of counsel for Plaintiffs stating that "[t]his is the attorney representing the men that abused and exploited a disabled veteran." Sharpe also requested that Plaintiffs' counsel "bring it."

114. Sharpe also posted that he was having suicidal thoughts stating that he was "starting to see suicide as the only way out."

115. On October 1, 2022, counsel for Plaintiffs sent counsel for Sharpe a demand letter therein demanding that the posts be removed and made telephonic contact notifying counsel that a wellness check should be done on Sharpe.

116. It was communicated that Sharpe was fine.

117. On October 3, 2022, in response, and again frustrated, Sharpe posted again on LinkedIn and stated that he would not remove the postings.

118. On October 4, 2022, Sharpe made another posting and again defamed Eastham and Spark contending that they were fired for "embezzlement and fraud."

119. On October 5, 2022, Plaintiffs filed a Motion to Show Cause related to the violations by Sharpe of the Preliminary Injunction.

120. After the filing of the Motion to Show Cause, Sharpe removed the postings on LinkedIn and Facebook.

121. On October 7, 2022, the Court held a hearing on Sharpe's Motion to Show Cause. Sharpe's claims were dismissed for lack of sufficient grounds and/or evidence.

122. During the hearing, Sharpe contended that the basis for the Motion to Show Cause was that Eastham and Spark were "weaponizing" this action against him.

123. In denying his Motion to Show Cause, the Court held that "filing a legal action and having it ruled in his [Spark's] favor is not a violation" of the civil no-contact order.

124. Upon information and belief, Sharpe intentions for the various criminal claims and actions brought against Spark is in furtherance of his goal to harm Spark and to have him deported.

125. During the hearing, Sharpe asked the Court how a guardian could be appointed for him because he was "not well." Despite the Court providing Sharpe with advice on how to obtain a legal guardian, to help him, as of the date of this filing, upon information and belief, Sharpe has not sought an appointment of a guardian.

126. In the summer and fall of 2022, Spark and Eastham attempted to withdraw and rollover their retirement accounts that were held in the name of PCCS. Spark and Eastham were informed that before the transactions could be closed, PCCS had to approve.

127. Plaintiffs contacted PCCS, on July 7, 2022, and were told that the transactions would be authorized and PCCS would deposit the matching funds required by the plan documents.

128. PCCS has failed to authorize the transactions, and to deposit the required matching funds. PCCS is in violation of the plan documents.

129. In October 2022, Plaintiffs reached out again concerning the transactions related to their retirement accounts. Plaintiffs were told by the benefit consultant used by PCCS that certain documents needed to be filed with the U.S. Department of Labor and the IRS or PCCS would be subject to daily finds.

130. Plaintiffs reached out to PCCS in order to have the requested documents executed and to authorize the transactions. PCCS never responded to Plaintiffs requests.

131. Upon information and belief, Sharpe, as majority shareholder, has instructed PCCS not to authorize the retirement transactions and the matching deposit required by the plan documents.

132. At this time, Plaintiffs have limited records or other information concerning the activities of PCCS, and Sharpe, and have no understanding of the current financial condition of PCCS. Plaintiffs believe that Sharpe is continuing to use his power over PCCS to use the assets for his own personal use and if action to stop Sharpe is not taken immediately, they will be irreparably harmed.

## FIRST CLAIM FOR RELIEF
### (Breach of Fiduciary Duty-Sharpe)

133. Plaintiffs incorporate the allegations and averments set forth in Paragraph No. 1 through No. 132 as restated herein.

134. Sharpe is the majority shareholder of PCCS.

135. Plaintiffs are minority shareholders of PCCS.

136. Sharpe is the only shareholder that has voting rights and effectively controls PCCS.

137. As majority shareholder, Sharpe owes a fiduciary duty to Plaintiffs as minority shareholders.

138. The fiduciary duty owed to Plaintiffs by Sharpe includes, among other things, that he will not use his power as the majority shareholder for his benefit and at the determent of Plaintiffs.

139. Sharpe has breached his fiduciary duty by using the funds and assets of PCCS for his own personal use and gain which is to the determent to not only PCCS but, more importantly, Plaintiffs.

140. As a direct and proximate result of the actions of Sharpe, Plaintiffs have been damaged in an amount in excess of Twenty-Five Thousand and No/100 Dollars ($25,000.00).

## SECOND CLAIM FOR RELIEF
### (Constructive Fraud-Sharpe)

141. Plaintiffs incorporate the allegations and averments set forth in Paragraph No. 1 through No. 140 as restated herein.

142. Sharpe, as majority shareholder of PCCS, owed a fiduciary duty to Plaintiffs.

143. Sharpe breached his fiduciary duty by, among other things, taking actions as majority shareholder that only benefited himself personally and to the determent of Plaintiffs.

144. Sharpe personally benefited by his acts and the breach of his fiduciary duty owed to Plaintiffs.

145. As a direct and proximate result of the actions of Sharpe, Plaintiffs have been damaged in an amount in excess of Twenty-Five Thousand and No/100 Dollars ($25,000.00).

## THIRD CLAIM FOR RELIEF
### (Production of Corporate Records-PCCS)

146. Plaintiffs incorporate the allegations and averments set forth in Paragraph No. 1 through No. 145 as restated herein.

147. Plaintiffs are shareholders of PCCS.

148. Pursuant to N.C. Gen. Stat. §55-16-02, Plaintiffs made written demand on PCCS for the inspection of corporate records as more fully set forth in Exhibit D.

149. As of the date of this Complaint, PCCS has not responded to the written request for the inspection of corporate records or has produced the records requested.

150. As shareholders of PCCS, Plaintiffs are entitled to an order directing PCCS to permit the inspection and copying of each document requested in Exhibit D, that PCCS pay all costs associated therewith, and that PCCS pay Plaintiff's reasonable attorney's fees incurred in seeking the Court's involvement, pursuant to NC Gen. Stat. §55-16-04.

## FOURTH CLAIM FOR RELIEF
### (Dissolution and Appointment of a Receiver-PCCS)

151. Plaintiffs incorporate the allegations and averments set forth in Paragraph No. 1 through No. 149 as restated herein.

152. Plaintiffs are shareholders of PCCS.

153. The assets of PCCS are currently being liquidated, wasted, and used by Sharpe for his own personal gain.

154. The assets of PCCS are being misapplied and wasted by Sharpe.

155. Plaintiffs have no power or control over PCCS and the actions of Sharpe.

156. Dissolution and liquidation of PCCS is necessary for the protection of the rights and interests of Plaintiffs.

157. Dissolution of PCCS is required pursuant to N.C. Gen. Stat. §55-14-30.

158. Pursuant to N.C. Gen. Stat. §§ 55-14-31 and 55-14-32, a receiver should be appointed to manage PCCS, conduct an accounting of the operations, past and present, of PCCS, to marshal the assets of PCCS, and to wind up and liquidate PCCS.

159. As a direct and proximate result of the actions of Sharpe, Plaintiffs are entitled to an order dissolving PCCS and for an appointment of a receiver that: (a) will conduct the affairs of PCCS; (b) will conduct an accounting of PCCS; (c) will marshal and liquidate the assets of PCCS, and (d) will distribute the proceeds of the liquidation of PCCS to Plaintiffs.

## FIFTH CLAIM FOR RELIEF
### (Breach of Contract-Sharpe)

160. Plaintiffs incorporate the allegations and averments set forth in Paragraph No. 1 through No. 159 as restated herein.

161. Plaintiffs Eastham & Spark were parties to an oral employment agreement with PCCS.

162. PCCS agreed to pay Eastham & Spark an annual salary.

163. Plaintiffs Eastham and Spark and PCCS further agreed that monthly wages would be deferred until such time as PCCS could afford to pay Eastham and Spark.

164. The parties' agreement as to deferred compensation was documented in PCCS' compensation committee meeting minutes and notes.

165. As of the date of this Complaint, Eastham is owed $72,500.00 in deferred compensation.

166. As of the date of this Complaint, Spark is owed $92,500.00 in deferred compensation.

167. At the time of Eastham's and Spark's termination, PCCS had sufficient financial ability to pay the deferred compensation.

168. PCCS breached its agreement with Eastham and Spark by failing to pay, as and when due, Eastham's and Spark's deferred compensation.

169. As a direct and proximate result of PCCS's breach of contract, Eastham has been damaged in the sum certain amount of $72,500.00, plus interest accruing at the legal rate from December 10, 2021, and Spark has been damaged in the sum certain amount of $92,500.00, plus interest accruing at the legal rate from December 10, 2021.

## SIXTH CLAIM FOR RELIEF
### (Breach of Wage and Hour Act-Defendants)

170. Plaintiffs incorporate the allegations and averments set forth in Paragraph No. 1 through No. 169 as restated herein.

171. Eastham and Spark were to be paid wages by PCCS for the services provided during their employment with PCCS.

172. PCCS requested that Eastham and Spark agree to defer payment of some of their compensation until such time as PCCS had the financial stability to pay Eastham's and Spark's wages.

173. Between October 2019 and June 2020, PCCS deferred $72,500.00 in Eastham's wages.

174. Between August 2019 and June 2020, PCCS deferred $92,500.00 in Spark's wages.

175. Eastham and Spark made written demand that PCCS pay Plaintiffs' deferred pay in January of 2021.

176. PCCS refused to pay Eastham's and Spark's deferred compensation.

177.  As of December 10, 2021, PCCS had the financial ability to pay Eastham's and Spark's, as well as other key employee's, deferred compensation, but failed to do so.

178.  Since their termination, Eastham and Spark again made written demand for payment of their deferred compensation, as shown in Exhibit C, but to date PCCS has refused to make such payment.

179.  As alleged above, Sharpe exercised complete control over PCCS's refusal to pay Plaintiffs' deferred compensation and this is exhibited by the following:

     a.  Sharpe unilaterally decided whether to make payments for deferred compensation;

     b.  When challenged regarding deferred pay, Sharpe terminated Eastham's and Spark's employment and removed them from the Board of Directors;

     c.  Instead of paying deferred pay when PCCS had the necessary funds, Sharpe instead approved a significant increase in his own wages and a $100,000.00 bonus to himself; and

     d.  Sharpe has admitted that the deferred compensation is recognized on the books and records of PCCS.

180.  The deferred compensation of Eastham and Spark has been earned and is owed by PCCS.

181.  As a direct and proximate result of the actions of PCCS and Sharpe, Eastham and Spark have been damaged in an amount of $72,500.00 and $92,500.00, respectfully, plus liquidated damages, interest and reasonable attorneys' fees pursuant to N.C. Gen. Stat. §95-25-22.

## SEVENTH CLAIM FOR RELIEF
### (Defamation-Sharpe)

182. Plaintiffs incorporate the allegations and averments set forth in Paragraph No. 1 through No. 181 as restated herein.

183. Eastham and Spark are private citizens.

184. Sharpe has knowingly made and published to third parties in writing defamatory statements about both Eastham and Spark.

185. The statements made and published by Sharpe were received by third parties.

186. The statements made and published by Sharpe constitute defamation *per se*.

187. The statements made and published by Sharpe were willful and wanton.

188. As a direct and proximate result of the actions of Sharpe, Eastham and Spark have been damaged in an amount in excess of Twenty-Five Thousand and no/100 Dollars ($25,000.00).

189. As a direct and proximate result of the willful and wanton actions of Sharpe, punitive damages shall be awarded to Eastham and Spark in an amount to be determined at trial.

## EIGHTH CLAIM FOR RELIEF
### (Breach of Stock Redemption and Release Agreement-PCCS)

190. Plaintiffs incorporate the allegations and averments set forth in Paragraph No. 1 through No. 189 as restated herein.

191. The Release Agreement is attached hereto as Exhibit A and is incorporated herein by reference.

192. Eastham complied with each of his obligations under the Release Agreement.

193. PCCS breached the Release Agreement by failing to make payments as and when due.

194. PCCS had admitted that it had the funds and the payment triggers had been met under the Release Agreement but failed to make the required payments.

195. As a direct and proximate result of PCCS's breach of the Release Agreement, Eastham has been damaged in amount in excess of $25,000.00, specific amounts to be proven at trial.

## NINTH CLAIM FOR RELIEF
### (N.C. Gen. Stat. §55-7-42-Sharpe)

196. Plaintiffs incorporate the allegations and averments set forth in Paragraph No. 1 through No. 195 as restated herein.

197. Plaintiffs are and were at the time the actions complained of herein, shareholders of PCCS.

198. On May 4, 2022, Plaintiffs made demand on PCCS to investigate the actions of Sharpe and to bring, among other claims, breach of fiduciary duty claims against Sharpe.

199. On May 17, 2022, PCCS responded to Plaintiffs' demands and stated that "claims of Breach of Fiduciary Duty against Mr. Sharpe are unfounded."

200. Pursuant to N.C. §55-7-42, Plaintiffs, as shareholders of PCCS, have standing to bring derivative claims of PCCS against Sharpe for his conversion of PCCS assets both for personal use and for the use by Stone Bay and SRS, his failure to meet his obligations as CEO and as an officer of PCCS, his dereliction of duty as the CEO and as an officer of PCCS, and for taking the other actions set forth herein.

201. Plaintiffs fairly and adequately represent the interests of PCCS in enforcing the rights of PCCS.

202. As a direct and proximate result of Sharpe's breach of his fiduciary duty, PCCS, through the derivative claims of Plaintiffs, have been damaged in amount in excess of $25,000.00, specific amounts to be proven at trial.

203. Pursuant to N.C. Gen. Stat. 5§5-7-46, Plaintiffs reasonable expenses, including attorneys' fees, should be awarded to Plaintiffs because the derivative claims brought herein, substantially benefit the corporation.

### TENTH CLAIM FOR RELIEF
### (Fraudulent Transfer-Defendants)

204. Plaintiffs incorporate the allegations and averments set forth in Paragraph No. 1 through No. 231 as restated herein.

205. Plaintiffs are and were creditors of PCCS.

206. PCCS and Sharpe transferred assets of PCCS to Sharpe, Stone Bay, and SRS.

207. PCCS did not receive reasonable equivalent value in exchange for the assets transferred to Sharpe, Stone Bay, and SRS.

208. Plaintiffs' claims against PCCS, and its obligation to pay PCCS, arose before the transfers were made to Sharpe, Stone Bay, and SRS.

209. The transfers were made to an insider, were concealed, and were substantially all of PCCS' assets.

210. As a result of the transfers, PCCS was and is insolvent.

211. The transfers were intended to hinder, delay, and defraud Plaintiffs.

212. As a direct and proximate result of the actions of PCCS, the assets transferred to Sharpe, Stone Bay, and SRS shall be voided, the assets shall be returned to PCCS, and an order of attachment shall be entered thereby freezing the assets of PCCS currently held by Sharpe, Stone Bay, and SRS.

213. Plaintiffs further request the appointment of a receiver to take charge of the assets transferred from PCCS that are currently in the possession of Sharpe, Stone Bay, and SRS.

## ELEVENTH CLAIM FOR RELIEF
### (Abuse of Process-Sharpe)

214. Plaintiffs incorporate the allegations and averments set forth in Paragraph No. 1 through No. 213 as restated herein.

215. Sharpe has represented that he intends to have Spark deported.

216. As part of his plan, Sharpe has filed multiple claims with local police department and with the Court.

217. These include but are not limited to the following:

    a.  Filing a theft of company property claim;

    b.  Filing a communicating criminal threats charge;

    c.  Filing an embezzlement claim; and

    d.  Filing a Motion to Show Cause;

218. These claims lack probable cause and/or are not supported by sufficient facts.

219. Sharpe has used and will continue to use the legal process for the ulterior and improper purpose of harming Spark, having this action dismissed, and/or having Spark deported.

220. As a direct and proximate result of the actions of Sharpe, Spark has been damaged in amount in excess of $25,000.00, specific amounts to be proven at trial.

## TWELFTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress-Sharpe)

221. Plaintiffs incorporate the allegations and averments set forth in Paragraph No. 1 through No. 220 as restated herein.

222. The actions of Sharpe to date and his intention to harm and harass Spark and to have him departed through the improper use of the criminal system.

223. The actions of Sharpe were and are intentional and have harmed Spark.

224. As a result of the actions of Sharpe, Spark has been unable to sleep, has experienced abnormal levels of stress and anxiety, is fearful of what next acts Sharpe will take, taking in account his ownership of a large cache of weapons and his military training, and is unable to relax and live a quiet life at his home. The actions of Sharpe have also created stress and anxiety to Spark's wife and have harmed and/or interfered with the Spark's relationship.

225. As a direct and proximate result of the actions of Sharpe, Spark has been damaged in amount in excess of $25,000.00, specific amounts to be proven at trial.

NOW THEREFORE, Plaintiffs pray the Court to enter relief in Plaintiffs' favor, as follows:

1. An Order, that PCCS provides each document and/or record requested by Plaintiff in Exhibit D;

2. In Eastham's favor for PCCS's breach of contract in the sum certain amount of $72,500.00, plus interest in accordance with applicable law;

3. In Spark's favor for PCC's breach of the contract in the sum certain amount of $92,500.00, plus interest in accordance with applicable law;

4. In Eastham's and Spark's favor against PCCS and Sharpe for violation of the North Carolina Wage and Hour Act, in an amount to be shown at trial, together with liquidated damages, interest and attorney's fees;

5. In Eastham's favor against PCCS for breach of the Stock Redemption and Release Agreement, in an amount to be shown at trial, plus interest in accordance with applicable law;

6. In Eastham's and Spark's favor in an amount in excess of Twenty-Five Thousand and No/100 Dollars ($25,000.00) for Sharpe's publication of defamatory statements;

7. In Spark's favor in an amount in excess for Twenty-Five Thousand and No/100 Dollars ($25,000.00) for Sharpe's abuse of process and intentional infliction of emotional distress;

8. In Eastham's and Spark's favor for punitive damages;

9. That any judgment entered against PCCS be likewise entered against Sharpe under the doctrine of piercing the corporate veil;

10. For an Order voiding the transfer of any and all assets of PCCS to Sharpe, Stone Bay, or SRS, for attachment of said assets, and for the appointment of a receiver;

11. For an Order of attachment wherein the assets of Stone Bay and SRS are held for securing the payment of a judgment herein;

12. That the costs of this action be taxed against the Defendants, including reasonable attorneys' fees as provided for by law;

13. That Plaintiffs have a recover pre and post judgment interest, as allowed by law;

14. For trial by jury on all issues so triable; and

15. For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED, this the _____day of December, 2022.

Davis Hartman Wright, LLP
P.O. Box 11320 (28404)
2819 Park Avenue, Suite B
Wilmington, NC 28403
Telephone and Facsimile: (910) 756-4070

By:_____
Thomas S. Babel
N.C. State Bar No. 35004
tsb@dhwlegal.com
*Counsel for Plaintiffs Mark Eastham and Peter Spark*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **SECOND AMENDED COMPLAINT** by the following means:

☐ By placing a copy, contained in a first-class, postage-paid wrapper, into a depository under the exclusive custody of the United States Postal Service, addressed to the parties as indicated below:

☐ by causing to be delivered to the following party(ies) via telefacsimile to the number indicated below:

☑ by causing to be delivered to the party(ies) via electronic mail to the electronic mail address indicated below:
        wcreiss@reissnutt.com

This the _____ day of November 2022.

_____
Thomas S. Babel
*Counsel for Defendants Mark Eastham and Peter Spark*

FILED

STATE OF NORTH CAROLINA

2022 OCT 28 A 11: 56

COUNTY OF NEW HANOVER

NEW HANOVER CO., C.S.C.
BY:

MARK EASTHAM and
PETER SPARK,
        Plaintiffs,

        v.

PORT CITY CONTRACTING
SERVICES, INC., ROBERT P.
SHARPE, STONE BAY TACTICAL,
LLC, and SRS SUPPLY, LLC,
        Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 22-CVS-001507

NOTICE OF HEARING

A TRUE COPY
CLERK OF SUPERIOR COURT
NEW HANOVER COUNTY
BY: M. Kim Olinger
Deputy Clerk of Superior Court

PLEASE TAKE NOTICE that the undersigned will bring on for hearing the

Plaintiffs' Motion to Show Cause and Motion to Compel at the November 10, 2022, Civil

Session of the New Hanover County Superior Court at 9:30 a.m. or as soon thereafter as the

same may be heard.

RESPECTFULLY SUBMITTED, this the 27th day of October 2022.

        Davis Hartman Wright LLP
        P.O. Box 11320 (28404)
        3819 Park Avenue, Suite B
        Wilmington, NC 28403
        Telephone and Facsimile: (910) 756-4070

By:

        Thomas S. Babel
        N.C. State Bar No. 35004
        tsb@dhwlegal.com
        *Counsel for Plaintiffs Mark Eastham*
        *and Peter Spark*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **NOTICE OF HEARING** by the following means:

☑ By causing to be delivered to the party(ies) via electronic mail to the electronic mail address indicated below:

wcreiss@reissnutt.com

This the 27th day of October 2022.

Thomas S. Babel
*Counsel for Plaintiffs Mark Eastham and Peter Spark*



STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

FILED IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 22-CVS-001507

2023 JAN 12 P 12: 19

NEW HANOVER CO., C.S.C.

BY _____

MARK EASTHAM and
PETER SPARK
        Plaintiffs,

v.

PORT CITY CONTRACTING
SERVICES, INC., ROBERT P.
SHARPE, STONE BAY TACTICAL,
LLC, and SRS SUPPLY, LLC,
        Defendants.

)
)
)
)
)
)
)
)
)
)

MOTION TO MOVE ACTION FROM
INACTIVE STATUS

     NOW COMES Plaintiff, through the undersigned counsel, and respectfully moves the Court to move this action from the inactive status and states and avers as follows:

     1.  On or about December 21, 2022, Defendant Port City Contracting Services, Inc. ("PCCS") filed a Notice of Bankruptcy wherein PCCS notified the Court that it had filed a Chapter 7 bankruptcy case in the United States Bankruptcy Court, Eastern District of North Carolina.  PCCS requested that "this action be stayed or otherwise discontinued as to Debtor."

     2.  Upon information and belief, as a result of the Notice of Bankruptcy, the Court placed this action on inactive status.

     3.  Defendants Robert P. Sharpe, Stone Bay Tactical, LLC, and SRS Supply, LLC have not filed a petition in the United States Bankruptcy Court and are not subject to the automatic stay related to PCCS.

     4.  Plaintiffs' respectfully request that this action be placed on the active docket and the case proceed as to Defendants Robert P. Sharpe, Stone Bay Tactical, LLC, and SRS Supply, LLC.

RESPECTFULLY SUBMITTED, this the 12th day of January 2022.

                                 Davis Hartman Wright LLP
                                 P.O. Box 11320 (28404)
                                 3819 Park Avenue, Suite B
                                 Wilmington, NC 28403
                                 Telephone and Facsimile: (910) 756-4070

By:                                _____

                                 Thomas S. Babel
                                 N.C. State Bar No. 35004
                                 tsb@dhwlegal.com
                                 *Counsel for Plaintiffs Mark Eastham and Peter Spark*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the foregoing **MOTION TO MOVE ACTION FROM INACTIVE STATUS** by the following means:

       ☑  By causing to be delivered to the party(ies) via electronic mail to the electronic mail address indicated below:
           rmccollum@hsfh.com
           jhendren@hendrenmalone.com

This the 12th day of January 2022.

 

_____
Thomas S. Babel
*Counsel for Plaintiffs Mark Eastham and*
*Peter Spark*

STATE OF NORTH CAROLINA        IN THE GENERAL COURT OF JUSTICE
COUNTY OF NEW HANOVER    FILED    SUPERIOR COURT DIVISION
                        22CVS1507

                2023 JUL 27 P 12: 19

MARK EASTHAM and PETER SPARK, )
            NEW HANOVER CTY., C.S.C.
           Plaintiffs, )    **MOTION TO WITHDRAW**
           BY       )    **AS COUNSEL FOR DEFENDANTS**

v.                    )
                        )
                        )
PORT CITY CONTRACTING SERVICES, )
INC., ROBERT P. SHARPE, STONE BAY )
TACTICAL, LLC, and SRS SUPPLY, LLC, )
                        )
           Defendants. )

       NOW COMES counsel for the Defendants Port City Contracting Services, Inc. and Robert

P. Sharpe, Ryan A. McCollum of Howard, Stallings, From, Atkins, Angell & Davis, P.A.

(hereinafter "Counsel"), pursuant to Rule 16 of the General Rules of Practice and hereby moves

the Court for an Order allowing Counsel to withdraw as the attorney of record for the Defendants

on the grounds of just cause.

       In support of said motion, Counsel shows the Court the following:

1. On December 16, 2022, Port City Contracting Services, Inc. ("PCCS") filed a petition for relief under Chapter 7 of the Bankruptcy Code, and Algernon L. Butler, III was appointed as Chapter 7 Trustee to fulfill the duties set forth in 11 U.S.C. § 704;

2. On March 3, 2023, Robert P. Sharpe filed a petition for relief under Chapter 13 of the Bankruptcy Code, and Joseph A. Bledsoe, III was appointed as Chapter 13 Trustee to fulfill the duties set forth in 11 U.S.C. § 1302;

3. The Trustees have determined that it is necessary to employ an attorney as special counsel for the bankruptcy estates of PCCS and Mr. Sharpe and have retained the services of Mr. Richard P. Cook and the law firm of Richard P. Cook PLLC to serve as counsel for the bankruptcy estates of PCCS and Mr. Sharpe;

4. Trustees for Defendants' bankruptcy estates have agreed that special counsel Richard P. Cook is in the best position to represent said bankruptcy estates moving forward;

5. Defendants' bankruptcy estates will not be harmed by the undersigned's withdraw, as both estates have moved to be represented by special counsel Richard P. Cook;

6. Port City Contracting Services, Inc.'s Chapter 7 Trustee, Algernon Butler, III consents to this motion; and

7. Robert P. Sharpe's Chapter 13 Trustee, Joseph A. Bledsoe, III, consents to this motion.

WHEREFORE, the undersigned respectfully prays that an Order be entered allowing Ryan A. McCollum of Howard, Stallings, From, Atkins, Angell & Davis, P.A. to withdraw as counsel of record for Defendants.

This the 25 day of July, 2023.

HOWARD, STALLINGS, FROM,
ATKINS, ANGELL & DAVIS, P.A.,

By: _____

Ryan A. McCollum (State Bar No.: 59392)
Post Office Box 12347
Raleigh, North Carolina 27605
(919) 821-7700
*Attorney for Defendants Port City Contracting Services, Inc. and Robert P. Sharpe*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the foregoing was duly served on the following parties of this action by email and by depositing a copy of same in the United States Mail, addressed to:

| | |
|---|---|
| Thomas S. Babel<br>Equitas Law Partners, LLP<br>330 Military Cutoff Road, Suite A-2<br>Wilmington, NC 28405<br>T: 910-900-8042<br>E: thomas@equitaslp.com<br>*Counsel for Plaintiffs* | Algernon L. Butler, III<br>P.O. Box 38<br>Wilmington, NC 28402<br>T: (910) 762-1908<br>E: albutleriii@butlerbutler.com<br>*Chapter 7 Trustee for Port City Contracting Services, Inc.* |
| Joseph A. Bledsoe, III<br>P.O. Box 1618<br>New Bern, NC 28563<br>T: (252) 633-0074<br>E: jbledsoe@bledsoe13.com<br>*Chapter 13 Trustee for Robert P. Sharpe* | |

This the 25 day of July, 2023

**HOWARD, STALLINGS, FROM,**
**ATKINS, ANGELL & DAVIS, P.A.,**

By: _____

Ryan A. McCollum (State Bar No.: 59392)
Post Office Box 12347
Raleigh, North Carolina 27605
(919) 821-7700
*Attorney for Defendants Port City Contracting Services, Inc. and Robert P. Sharpe*

STATE OF NORTH CAROLINA    F I L    File No. 22 CVS 1507

In the General Court of Justice

New Hanover County    2023 JUL 31  A IP:03    Superior Court Division

NEW HANOVER CO., C.S.C.

*Name of Plaintiff(s)*
**Mark Eastham and Peter Spark, et al**    BY

|  |  |
|---|---|
| **VERSUS** | **ORDER TO**<br>**CLOSE FILE** |

*Name of Defendant(s)*
**Port City Contracting Services, Inc., et al**

It appearing to the undersigned Judge that this action is no longer an active lawsuit, that a trial of the case will probably not be necessary, and that the ends of justice will be best served by declaring the case inactive and removing it from the trial docket;

And the following circumstances support such conclusions:
**Bankruptcy Stay (see attached).**

**IT IS THEREFORE ORDERED** that this case file be closed and the action be removed from the trial docket, without prejudice to the rights of any party to move the court to re-open the file if further action becomes appropriate or necessary.

This the 27th day of July 2023.

Phyllis M. Gorham
Senior Resident Superior Court Judge