**SO ORDERED.**

**SIGNED this 16 day of October, 2023.**

_____

**David M. Warren**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | |
| ROBERT PAUL SHARPE | CASE NO.: 23-00607-5-DMW |
| DEBTOR | CHAPTER 13 |
| | |
| MARK EASTHAM AND PETER SPARK, | |
| Plaintiffs, | ADVERSARY PROCEEDING NO.: |
| v. | 23-00089-5-DMW |
| PORT CITY CONTRACTING SERVICES, INC., ROBERT PAUL SHARPE, STONE BAY TACTICAL, LLC AND SRS SUPPLY, LLC. | |
| Defendants. | |

**ORDER ON MOTION FOR SHOW CAUSE**

THIS COURT, upon proper notice and attendance by Robert Sharpe, Debtor, represented by Richard P. Cook, and John C. Bircher III, representing Mark Eastham and Peter Spark, at the October 5, 2023 session of U.S. Bankruptcy Court, Raleigh, N.C., and upon review of the file and docket in 23-00089-5-DMW and 23-00607-5-DMW, and hearing arguments of counsel and statements from the Debtor, finds and concludes as follows:

1. Robert Paul Sharpe filed a voluntary Petition under Chapter 13 on March 3, 2023, and Joseph A. Bledsoe, III is the duly appointed and serving Trustee. The Chapter 13 Plan remains unconfirmed.

2. The debtor and the Movants were engaged in pre-petition litigation in New Hanover County, which was stayed upon the filing of the Debtor's petition. Movants filed proofs of claim in the Sharpe matter as well as the related corporate chapter 7 debtor, Port City Contracting Services, bearing case number 22-02917-5-DMW.

3. The pre-petition litigation sought, among other things, specific relief from the debtor Sharpe's continuing defamatory acts against both Eastham and Spark. As a result, the court entered a Preliminary Restraining Order.

4. Movants sought and received a Preliminary Restraining Order on September 26, 2022, entered by the Honorable Phyllis M. Gorham which ordered, among other things, that "Sharpe is prohibited from publishing defamatory statements about Eastham or Spark".

5. Subsequent to the Preliminary Restraining Order, state court counsel for Movants was notified by Movants that Mr. Sharpe had again violated the terms of this order, and despite requests for Mr. Sharpe to comply, counsel was forced to file a Motion to Show Cause why Sharpe should not be held in civil contempt of the Preliminary Restraining Order.

6. The Motion for Show Cause was heard at the Oct 6, 2022 calendar, wherein Judge Gorham denied the motion, because Mr. Sharpe had taken down the defamatory postings ahead of the hearing, purging himself of the certain and inevitable contempt order. Upon information and belief, because Sharpe removed the postings before the hearing, Judge Gorham was powerless to sanction Sharpe.

7. Judge Gorham, however, retained jurisdiction over the Preliminary Restraining Order, and specifically stated that she would hear any future violations of the Preliminary Restraining Order.

8. On or about September 13, 2023, after this Court entered an order granting relief from the automatic stay to allow Movants to seek redress before Judge Gorham, counsel for the Movants reached out to the Trial Court Administrator concerning Judge Gorham's availability to hear yet another motion to show cause against the Debtor.

9. After discussing a hearing date with counsel for the Debtor, Movant's counsel was informed that the matter was going to be removed to the bankruptcy

court, and on September 22, it was removed, bearing adversary proceeding case number 23-00089-5-DMW.

10. This Court has jurisdiction over the Debtor concerning the pre-petition Preliminary Restraining Order entered and enforced by Judge Gorham.

11. On September 1, 2023, in what appears to be a violation of the Preliminary Restraining Order entered by Judge Gorham, the debtor, according to Eastham and Spark, directly defamed both Eastham and Spark on his Facebook account, publishing baseless and false allegations, including embezzlement, stealing, destroying work, and "stealing hundreds of thousands of dollars" among other defamatory and false allegations.

12. On Tuesday September 5, bankruptcy counsel for Movants contacted Richard Cook, Sharpe's Chapter 13 counsel, and requested that Cook instruct his client to remove the purportedly defamatory posts that appeared to be violations of the Gorham Order, and refrain from posting about Eastham and Spark in the future.

13. Eastham and Spark allege that they have been defamed and libeled through social media posts, directly impugning their character, their professional reputation, and possibly affecting Mr. Spark's green card status as a UK National. After repeated attempts to have Sharpe remove the postings, Sharpe has failed to do so.

14. The Debtor by removing the subject post on or before 12:00 PM on October 6, 2023, will purge himself of potential contempt and will demonstrate compliance with the Preliminary Restraining Order.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1. The Debtor shall, by 12:00 PM on October 6, 2023, remove any and all postings related to the Movants or litigation surrounding the Debtor's interactions with the Movants or any business interests related to any claims or concerns relative to any pending lawsuits surrounding the Movants.

2. That the Debtor shall not make postings of any nature related to any claims or any lawsuits involving the Movants or face future additional monetary or other court-ordered sanctions.

3. That the Debtor shall not publish any comments, statements, letters, pleadings, emails, texts or any other communication of any nature on any social media platform, including but not limited to legacy media-type platforms (such as

television, radio, etc.) and including but not limited to "X" (Twitter), Facebook, Reddit, Instagram, Tik-Tok, or any other media platform where messages or information may be published on or through the internet.

4. All parties to the litigation shall not publish any information regarding this matter on any social media nor make any postings about this litigation or any matter between the parties in this litigation.

5. That discovery of any postings or statements online as set forth above shall be a violation of this Order, subjecting the Parties to sanctions, including, but not limited to fines, penalties and/or attorney's fees;

6. This order will be in effect until expressly rescinded.

**END OF DOCUMENT**