UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

ROBERT PAUL SHARPE | CASE NO.: 23-00607-5-DMW

DEBTOR | CHAPTER 13

MARK EASTHAM AND PETER SPARK,

Plaintiffs, | ADVERSARY PROCEEDING NO.:

v. | 23-00089-5-DMW

PORT CITY CONTRACTING SERVICES, INC., ROBERT PAUL SHARPE, STONE BAY TACTICAL, LLC AND SRS SUPPLY, LLC.

Defendants.

**MOTION FOR SHOW CAUSE AND REQUEST FOR IMMEDIATE RELIEF**

NOW COMES Mark Eastham and Peter Spark ("Movants"), through counsel, pursuant to this Court's 11 U.S.C. § 105 powers, and requests an Order for the Debtor to appear and Show Cause why he should not be sanctioned violating this Court's order dated October 16, 2023 requiring the Debtor to cease activities defaming Movants. In support of this motion, Movants state as follows:

1. Robert Paul Sharpe filed a voluntary Petition under Chapter 13 on March 3, 2023, and Joseph A. Bledsoe, III is the duly appointed and serving Trustee. The case remains unconfirmed.

2. The Debtor and the Movants were engaged in pre-petition litigation in New Hanover County, which was stayed upon the filing of the Debtor's Petition. Movants filed Proofs of Claim in the Sharpe matter as well as the related corporate Chapter 7 Debtor, Port City Contracting Services, bearing case number 22-02917-5-DMW.

3. On or about September 27, 2023, the Plaintiffs filed a Motion for Show Cause Order in this matter, relating to continued disparaging remarks made by Defendant Debtor Robert Sharpe in violation of a Preliminary Restraining Order entered by the Honorable Phyllis Gorham when the instant matter was under the jurisdiction of the New Hanover Country Superior Court.

4. On or about October 4, 2023, this Court held a hearing, and Defendant Robert Sharpe was present with his attorney, Richard P. Cook.

5. At that hearing, this Court heard arguments of counsel, and also heard directly from Defendant Sharpe, and after hearing statements of counsel and Defendant, this Court entered an Order on Motion for Show Cause (D.E. #10).

6. That Order specifically and explicitly warned the Defendant that:

> 1. The Debtor shall, by 12:00 PM on October 6, 2023, remove any and all postings related to the Movants or litigation surrounding the Debtor's interactions with the Movants or any business interests related to any claims or concerns relative to any pending lawsuits surrounding the Movants.
>
> 2. That the Debtor shall not make postings of any nature related to any claims or any lawsuits involving the Movants or face future additional monetary or other court-ordered sanctions.
>
> 3. That the Debtor shall not publish any comments, statements, letters, pleadings, emails, texts or any other communication of any nature on any social media platform, including but not limited to legacy media-type platforms (such as television, radio, etc.) and including but not limited to "X" (Twitter), Facebook, Reddit, Instagram, Tik-Tok, or any other media platform where messages or information may be published on or through the internet.
>
> 4. All parties to the litigation shall not publish any information regarding this matter on any social media nor make any postings about this litigation or any matter between the parties in this litigation.
>
> 5. That discovery of any postings or statements online as set forth above shall be a violation of this Order, subjecting the Parties to sanctions, including, but not limited to fines, penalties and/or attorney's fees;
>
> 6. This order will be in effect until expressly rescinded.

7. As of this morning, Defendant Sharpe has posted a number of statements and allegations directly concerning this case, the main bankruptcy case, referenced the Chapter 13 Trustee by name, and disparaged one of the Plaintiffs, Peter Spark. See **Exhibit A**.

8. Defendant Sharpe knows that what he posted would be a direct violation of this Court's order, because he mentions in his posting that "I will likely face sanctions by the court for speaking up".

9. The Defendant Sharpe has shown that he is incapable of following orders of this and other courts, and that these Plaintiffs have been the subject of these violations of court orders for more than a year.

10. The violations of the Defendant have caused harm to these Plaintiffs emotionally, professionally and most significantly, monetarily, as they continue to seek redress for their damages through this Court, according to the rules and statutes. The Defendant Sharpe has not followed the rules and has yet to face punishment for his continued flouting proper court process, to the detriment of Plaintiffs.

11. The Movants seek sanctions against the Debtor in an amount set by the Court, but at least in the amount of $2,500 per Movant, and Movants further request that the attorneys' fees and costs associated with the filing of this action be taxed against the Debtor, an accounting of which will be provided upon request by the Court.

WHEREFORE, Movant moves the Court for the following relief:

1. The Court enter an Order holding the Debtor in contempt, and that Debtor be directed to immediately remove any and all social media posts referencing the Movants in any capacity.

2. That the Debtor be ordered to cease future defamatory posts or face future additional monetary or other court-ordered sanctions.

3. That the Court issue a "Gatekeeper" Order directing the Debtor to cease and desist any and all court filings related to the Plaintiffs, Trustees or Counsel involved in the matters before the court, including the Chapter 13 case and the Chapter 7 case called Port City Contracting Services, LLC, case number 22-02917-5-DMW without first seeking permission from this Court prior to filing any pleading.

4. That the costs of this motion be taxed against the Debtor for failing to comply with this Court's October 16 Order.

5. That the Court sanction the Debtor, in addition to the costs and fees associated with the filing of the Motion, an amount not less than $2,500 for each Movant, for a total of at least $5,000.00 for the violations;

6. That the Court schedule a hearing if necessary, at the Court's convenience on these matters.

Dated: 11/15/2023                    s/John C. Bircher III
                                     John C. Bircher III
                                     N.C. State Bar No. 24119
                                     DAVIS HARTMAN WRIGHT LLP
                                     209 Pollock Street
                                     New Bern, NC 28560
                                     Telephone/Facsimile 252-262-7055
                                     Email: jcb@dhwlegal.com

EXHIBIT A



**Robert Sharpe** is 🌷 feeling hopeful with **Donna Buckley** and **14 others** in **Wilmington, NC**.

16h ·

After a fraud report, I have been attacked and silenced for almost 2 years. After I spoke up last month, my neighbor Peter Spark sued me and tried to force me silent. I will no longer allow myself to be abused and silenced.

Truth matters.

We tell veterans to speak up, but no one is really listening. In fact, if you complain when facing disability discrimination, retaliation is almost certain if you have been labeled by PTSD. It is too easy for people to invalidate us by calling us "crazy".

It should not be surprising the VA failed to assist as they originally promised. When realizing my depression was getting bad, it was suggested I ask the county DSS for help since I am a disabled adult. We are supposed to be guaranteed assistance by law.

However, like most of America pretending to care about veterans, we are simply a virtue prop. People love to say "thank you for your service". It has hurt learning how shallow that statement really means in New Hanover County. Discrimination against veterans with PTSD is the norm, not random issue. If you protest how you are treated, they will retaliate.

When I asked county DSS for help, they refused, saying I was not "disabled enough". When I stated I would file a complaint. Sean Dweyer from NC DHHS called CPS as retaliation.

Eventually I was forced into bankruptcy. Peter threatened to bankrupt me when I first tried to stop his abuse, it was one of the reasons I obtained my protective order. Recently, I was sued for saying this order exists. (Attached)

I hired attorneys and even in bankruptcy, regardless of how many times I asked for help stopping the harassment and retaliation, it never came. Eventually I filed a case on my own.

After filing, I was again silenced by Peter, without anyone asking about the truth. Not even an ounce of care was given to the damage to myself or family. My freedom of speech, supposedly protected for whistleblowers, was taken. The system is broken.

I was retaliated by Peter's attorney for filing a civil rights case. Then, the Ch13 trustee tried to take control of my civil rights case illegally. I asked for a meeting so the trustee could understand the fraud, retaliation, and how I was losing my battle with depression. Instead of listening, bankruptcy trustee Joseph A. Bledsoe told me to never email him again.

He then retaliated by threatening to take away my car. As a disabled veteran trying to get help and stop harms to my mental health, this is obscene treatment. I am a father with 4 kids. How am I supposed to go to medical appointment or take care of my family.

I will not be silent and give up my rights. Instead of thanks for my service, I just want to have the same civil rights as anyone else.

I ask all my friends to copy and share. I will likely face sanctions by the court for speaking up. However, I no longer can just be silent and let people hurt myself and my family.



## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies under penalty of perjury that he is over eighteen (18) years of age and the foregoing MOTION FOR SHOW CAUSE was this day served upon the below named persons, parties and/or counsel by mailing, postage prepaid, first class mail, a copy of such instruments to such persons, parties and/or counsel at the address shown below or through electronic means as indicated below.

| | |
|---|---|
| Brian C. Behr, Esquire<br>Bankruptcy Administrator<br>(via CM/ECF) | Jason L. Hendren<br>Attorney for Debtor<br>(via CM/ECF) |
| Algernon L. Butler, III<br>*Chapter 7 Trustee*<br>(via CM/ECF) | Richard P. Cook, Esq.<br>*Attorney for Debtor*<br>(CM/ECF) |
| Robert Paul Sharpe<br>245 Royal Fern Road<br>Wilmington, NC 28412 | Joseph A. Bledsoe, III<br>*Chapter 13 Trustee*<br>(CM/ECF) |

Dated: 11/15/2023

s/John C. Bircher III
John C. Bircher III
N.C. State Bar No. 24119
DAVIS HARTMAN WRIGHT LLP
209 Pollock Street
New Bern, NC 28560
Telephone/Facsimile 252-262-7055
Email: jcb@dhwlegal.com