**SO ORDERED.**

**SIGNED this 17 day of January, 2024.**

_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: |
| PORT CITY CONTRACTING SERVICES, INC. | 22-02917-5-DMW |
| DEBTOR | CHAPTER 7 |

| | |
|---|---|
| MARK EASTHAM and PETER SPARK, | |
| Plaintiffs, | |
| vs. | ADVERSARY PROCEEDING NO.: 23-00089-5-DMW |
| ALGERNON L. BUTLER, III, CHAPTER 7 TRUSTEE FOR PORT CITY CONTRACTING SERVICES, INC., ROBERT P. SHARPE, STONE BAY TACTICAL, LLC, and SRS SUPPLY, LLC, | |
| Defendants, | |

**CONSENT ORDER RESOLVING MOTION FOR SHOW CAUSE ORDER,
FOR PRODUCTION OF DOCUMENTS,
AND FOR TURNOVER OF FUNDS**

THIS MATTER, coming before the Court upon the consent of Algernon L. Butler, III,

Chapter 7 Trustee for Port City Contracting Services, Inc. ("Trustee"), The DaVinci Company,

LLC and DaVinci Aerospace, LLC (collectively "DaVinci"); (Trustee and DaVinci are collectively the "Parties"), in connection with the Trustee's Motion for Show Cause Order Requiring The DaVinci Company, LLC and DaVinci Aerospace, LLC to Appear and Show Cause Why They Should Not Be Sanctioned [Docket Entry No. 15] (the "Motion"). The Trustee, through Special Counsel, previously filed the Motion *Ex Parte* on October 27, 2023. The Court entered an order on October 30, 2023 [D.E. 17] (the "Show Cause Order") requiring DaVinci to appear and show cause why it should not be sanctioned. On November 2, 2023, DaVinci filed a response in opposition to the Motion indicating that it agreed to produce the documents in question provided that the production was ordered pursuant to Fed. R. Bank. P. 2004.

The Trustee and DaVinci have agreed to resolve the Motion through the terms laid out in this Consent Order. The parties have indicated their consent to this Consent Order by the electronic signatures of their counsel below. It also appears to the Court that the terms and relief ordered herein are reasonable and appropriate.

For the purposes of this Order, the term "document" or "documents" shall have the meaning employed in Federal Rule of Civil Procedure 34(a) and Federal Rule of Bankruptcy Procedure 7034, and includes, without limitation, (a) all writings, electronically stored information, data compilations, or tangible items of whatever type, nature or description, whether typed, handwritten, printed, electronically stored, or otherwise; (b) tape or other sound or video recordings, e-mails, computer tapes, discs and other electronic or mechanical recordings, however recorded or reproduced; and (c) information stored in a computer including archived files and backup tapes, whether or not ever printed out or displayed. A "draft" is a separate document from the final text and each non-identical copy is a separate document.

THEREFORE, the Court hereby ORDERS as follows:

1.      Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, on or before January 29, 2023 DaVinci shall produce to counsel for the Trustee the following documents and information in the possession, custody, or control of, or otherwise available to, DaVinci and/or its/their attorneys, agents, officers, employees, and/or any other persons acting on behalf of DaVinci:

      a.      All emails, text messages, chat strings, facsimiles, letters, correspondence, tapes or other sound recordings, and any other written or recorded communications, including attachments ("Communications"), related to or concerning PCCS and/or Robert Sharpe between the dates of July 1, 2021 and December 16, 2022;

      b.      All documents and Communications provided to or received from Mark Eastham or Peter Spark, and/or any attorneys or agents for either one of them, concerning PCCS and/or Robert Sharpe between the dates of July 1, 2021 and December 16, 2022;

      c.      All applications, agreements, statements, Communications, payment histories, Form 1449 submissions and attachments, or other related information, directed or submitted to, or related to or concerning, the U.S. Department of Veterans Affairs between the dates of July 1, 2021 and December 16, 2022, including but not limited to the "OEM Authorized Distributor - Dealer Letter" submitted to the U.S. Department of Veterans Affairs in support of Standard Form 1449 for Solicitation No. 36C77022Q0076; and

      d.      All documents related to or concerning PCCS and/or Robert Sharpe between the dates of July 1, 2021 and December 16, 2022.

      e.      If DaVinci deems any of the documents provided, pursuant to this Rule 2004 Order, to contain proprietary and confidential information, then DaVinci may mark said document as "Confidential." If a document received by the Trustee, from DaVinci, is marked

Confidential (hereinafter "Confidential Document"), then such shall only be reviewed by the Trustee or a professional employed by the Trustee. Any professional who reviews a Confidential Document shall first be required to read this Order and to acknowledge this Order's restrictions as to the use and handling of said Confidential Document and said professional agrees to be bound by this Order. If after review of the Confidential Document the Trustee determines it is necessary for a non-professional to review the Confidential Document or the Trustee disputes that such document should be considered a Confidential Document, then such document shall only be reviewed by a non-professional with the written consent of DaVinci or pursuant to an order of this Court.

2. DaVinci agrees to accept service of this Order by electronic transmission to its counsel through the Court's EC/ECF system, and consents to the jurisdiction of the Court and agrees to be bound by the terms of this Order upon such service and without the requirement or need for a subpoena.

3. The funds currently being held by the Clerk of Superior Court for Guilford County, North Carolina in connection with the civil action captioned <u>The DaVinci Company, LLC and DaVinci Aerospace, LLC v. Port City Contracting Services, Inc. and Robert P. Sharpe</u>, Case No. 22 CVS 2828 (which funds originally constituted property of PCCS and are believed to have been in the gross amount of approximately $74,902.37, and in the net amount of $73,017.31 after deduction of certain expenses) shall be paid to the Trustee with all claims, interests, rights, and defenses of DaVinci, PCCS, and the Trustee therein or with regard thereto to be preserved with the same extent and priority as existed as of the Ch. 7 Petition date of PCCS. This preservation of rights includes, but is not limited to, the claim of security held by DaVinci on said funds. DaVinci and the Trustee request, and the Court orders, that the Clerk of Superior

Court for Guilford County, North Carolina issue a check for the funds payable to: Algernon L. Butler, III, Chapter 7 Trustee for PCCS, 111 N. 5th Avenue, Wilmington, NC 28401. Said funds are to be held by the Trustee pending future orders of this Court

4. Noting contained in this Order shall be deemed a release or waiver of the attorney client privilege of DaVinci.

We Consent:

RICHARD P. COOK, PLLC

/s/ Richard P. Cook
Richard P. Cook
Special Counsel for the Trustee
N.C. State Bar No. 37614
RICHARD P. COOK, PLLC
7036 Wrightsville Ave., Suite 101
Wilmington, NC 28403
Telephone: (910) 399-3458
Email: Richard@CapeFearDebtRelief.com


IVEY, MCCLELLAN, SIEGMUND, BRUMBAUGH & MCDONOUGH

/s/ Charles M. Ivey, III
Charles M. Ivey, III
Attorney for DaVinci
N.C. State Bar No. 8333
Ivey, McClellan, Siegmund, Brumbaugh & McDonough
100 South Elm Street, Suite 500
Greensboro, NC 27401
Telephone: (336) 274-4658
Email: cmi@iveymcclellan.com

END OF DOCUMENT