UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

PORT CITY CONTRACTING
SERVICES, INC.,                              CASE NO. 22-02917-5-DMW
        DEBTOR                               CHAPTER 7


MARK EASTHAM & PETER SPARK,
        PLAINTIFFS

    v.                                       ADVERSARY PROCEEDING
                                                           NO. 23-00089-5-DMW

ROBERT PAUL SHARPE, STONE
BAY TACTICAL, LLC, SRS SUPPLY,
LLC, ALGERNON L. BUTLER, III,
CHAPTER 7 TRUSTEE,
        DEFENDANTS

---

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS**

---

    NOW COME Plaintiffs Mark Eastham ("Eastham") and Peter Spark ("Spark") and in support of their Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7012 of the Federal Rules of Bankruptcy Procedure, Defendants' First and Second Counterclaims bring this Memorandum in Support.

                              I.       INTRODUCTION

    On or about August 5, 2022, Defendants filed their Amended Answer and Counterclaim

wherein Defendants brought breach of fiduciary duty (First Counterclaim) and breach of contract (Second Counterclaim) against Plaintiffs.  (A copy of the Amended Answer and Counterclaim is attached hereto and incorporated herein as Exhibit A).  On September 28, 2022, Plaintiffs filed their Motion to Dismiss and Reply to Amended Counterclaim.  (A copy of the Motion to Dismiss and Reply to Amended Counterclaim is attached hereto and incorporated herein as Exhibit B). Defendants' First Counterclaim is a breach of fiduciary duty claim against Plaintiffs in their position as minority shareholders of Port City Contracting Services, Inc. ("PCCS').  Outside an extreme exception, which must be specifically pled, minority shareholders do not have a fiduciary duty to majority shareholders and do not have such duty to the company of which they hold shares.  Defendants' Second Counterclaim is a breach of contract claim based, again, on Plaintiffs position as minority shareholders of PCCS.  This claim also fails as a matter of law because there is no shareholder agreement that the claim can be based upon and holding shares in company is not a contract.  Accordingly, both the First Counterclaim and Second Counterclaim fail as a matter of law.

## II.    FACTS

In support of their breach of fiduciary duty claim, Defendants assert without any authority that "each equity owner in a business that intends to operate as a SDVOB [Service-Disabled Veteran Owned Business] execute an affirmation of the type required by the United States creates a special relationship of trust and confidence between all shareholders and between each shareholder and the company."  (Exhibit A, ¶25). Defendants allege further, again with no authority, that "[w]here any owner could cripple the company's ability to function as intended by all shareholders by refusing to execute a statement accurately reflecting his or her ownership interest in that company, the shareholders and the company have entrusted each other with

exercising duties of good faith, fair dealing, and loyalty, and thus created fiduciary relationships among them." (Ex. A at ¶25). And, that "consistent with the principle that fiduciary relationships may be created by contract, the relationships between shareholders and the company are contractual in nature." (Ex. A at ¶26). Based on these unsupported allegations, Defendants then assert that when Plaintiffs purportedly failed and refused to execute VA Form 877, which is a form wherein each shareholder has to assert to the VA their interest in the company, they breached their "de facto" fiduciary duties to PCCS and Sharpe[1]. (Ex. A at ¶45)

Defendants breach of contract claim is also based on Plaintiffs alleged refusal to execute VA Form 877. As to the contract that was purportedly breached, Defendants assert, with no authority, that "Sharpe, PCCS, and the Plaintiffs were in a contractual relationship" but fail to identify the contract (Ex. A at ¶49). Defendants next assert that "Plaintiffs owed a duty to Sharpe and PCCS as a shareholder to act in good faith when exercising discretion in their performance of the contact" but again failed to identify the contract. (Ex. A at ¶50). At the time that Plaintiffs allegedly refused to execute VA Form 877, the only relationship between Plaintiffs and Defendants was the Plaintiffs' position as minority shareholders of PCCS and without any further guidance from Defendants assume this is the "contract" Defendants based their claim.

### III. Law and Argument

A. <u>Minority shareholders do not owe a fiduciary duty to majority shareholders</u>.

In order to support a breach of fiduciary duty claim, there must be a fiduciary duty between the parties. *Green v. Freeman*, 367 N.C. 136, 141, 749 SE.2d 262, 268 (2013). "As a general rule, shareholders do not owe a fiduciary duty to each other or to the corporation." *Freese v.*

---

[1] Notably the assertion that Plaintiffs failed and refused to execute VA Form 877 is factually false, and a false fact that Defendants knew at the time of filing the Amended Counterclaim. On or about June 23, 2022, Counsel for Plaintiffs sent an email to counsel for Defendants wherein they agreed to execute VA Form 877. (A copy of the email is attached hereto and incorporated herein as Exhibit C).

*Smith*, 110 N.C. App. 28, 37, 428 S.E.2d 841, 847 (1993). One exception to this rule is the duty of majority shareholders. "It has long been the rule that majority shareholders, by virtue of their majority status, hold control over the corporation and therefore owe a duty to protect the interests of minority shareholders." *Vanguard Pai Lung, LLC. v Moody*, 2019 WL 2526461 at *6 (N.C. Super Ct. June 19, 2019); *Gaines v. Long Mfg., Co.*, 234 N.C. 340, 344, 67 S.E.2d 350, 353 (1951). Minority shareholders do not have such control over the corporation. Accordingly, minority shareholders can only be found to have a fiduciary duty to majority shareholders if through "well-pled facts" it is shown that the minority shareholders exercise "actual domination and control over . . . the [corporation's] directors." *Button v. Level Four Orthotics & Porsethetics, Inc.*, 2020 NCBC 18, 2020 WL 1233425 (N.C. Super Ct., March 13, 2020) (quoting *Corwin v. British Am. Tobacco PLC*, 371 N.C. 605, 617, 821 S.E.2d 729, 738 (2018)). "Actual control exists only when the allegedly controlling shareholder 'exercises such formable voting and managerial power that [it], as a practical matter, [is] no differently situated than if [it], had majority voting control.' . . . As a necessary prerequisite for a minority stockholder's 'power must be so potent that independent directors . . . cannot freely exercise their judgment, fearing retribution.'" *Corwin v. British Am. Tobacco PLC*, 371 N.C. at 616, 821 S.E.2d at 737 (upholding dismissal of breach of fiduciary duty claim brought against minority shareholders) (internal citations removed) (quoting *In re KK Fin Holdings LLC S'holder Litig*, 101 A.3d 980, 993 (Del. Ch. 2014)). In order to survive a motion to dismiss, the claim must contain more than mere bare conclusory allegations. The claim "must contain well plead facts showing that the minority stockholder 'exercised actual domination and control over the directors.'" *Id.* (quoting *In re Mortons Rest. Grp., Inc. S'holders Litig.*, 74 A.3d 656, 664-65 (Del. Ch. 2013).

As alleged in the Counterclaim, Plaintiffs as minority shareholders had a fiduciary duty to

both PCCS, and Sharpe, as majority shareholder, to execute VA Form 877.  First, Plaintiffs as a matter of law do not owe a fiduciary duty to PCCS.  *Freese v. Smith*, 110 N.C. App. 28, 37, 428 S.E.2d 841, 847 (1993).  Second, Plaintiffs, as minority shareholders, also do not owe a fiduciary duty to Sharpe, the majority shareholder.  The only exception to this rule if through well pled facts, the claimant shows that the minority shareholders exercised actual control over the board of directors.  The First Counterclaim fails to meet the pleading standard required for bringing a claim against the Plaintiffs as minority shareholders.  In fact, the First Counterclaim fails to provide any allegations that Plaintiffs exercised actual control over the board of directors for PCCS.  The First Counterclaim should be dismissed.

    B.  <u>There is no contract between Plaintiffs and Defendants that has been breached.</u>

As stated above, the Counterclaim fails to identify any contract between Plaintiffs and PCCS or Sharpe.  This is logical since at the time the Counterclaim was filed, the only contract between Plaintiffs and Defendants, was the Stock Redemption and Release Agreement between Eastham and PCCS.  This agreement is the subject of the Eighth Claim for Relief in the Second Amended Complaint but doesn't create any obligation for Eastham to execute VA Form 877.  Rather, it was an agreement for PCCS to purchase certain shares from Eastham.  Accordingly, when reading the Second Counterclaim it seems that Defendants are basing their claim on the fact that Plaintiffs are minority shareholders of PCCS.

First, the fact that Plaintiffs are minority shareholders of PCCS does not create a contract with Sharpe.  PCCS is not Sharpe, and Sharpe is not PCCS.  Defendants have simply failed to identify any contract between Plaintiffs and Sharpe, and, moreover, any contract that would create an obligation to execute VA Form 877.  Second, holding shares of a corporation does not create a contract between the shareholder and the corporation.  As set forth in the North Carolina

Business Corporation Act, N.C. Gen. Stat.§55, *et seq.*, holding shares in a North Carolina corporation provides the shareholders with rights, not obligations. See N.C. Gen. Stat. §55-6-22 "Liability of Shareholders" ("A purchaser from a corporation of its own shares is not liable to the corporation or its creditors with respect to the shares"). Not surprisingly, and logically, shareholders do not owe a fiduciary duty, or any duty, to the corporation. *Freese v. Smith*, 110 N.C. App. 28, 37, 428 S.E.2d 841, 847 (1993). Again, other than the Stock Redemption Release Agreement, there simply is no contract between Plaintiffs and PCCS, and there is no contract between Plaintiffs and PCCS that would create a duty of Plaintiffs to execute VA Form 877[2]. The Second Counterclaim should be dismissed with prejudice.

## IV.   CONCLUSION

For the reasons set forth herein, the First and Second Counterclaim should be dismissed with prejudice. Defendants have brought two claims that legally and factually are unsound and should be dismissed from this action.

RESPECTFULLY SUBMITTED this the 17th day of April 2024

By:   /s/ Thomas S. Babel
Thomas S. Babel
N.C. State Bar No. 35004
thomas@equitaslp.com
Equitas Law Partners, LLP
330 Military Cutoff Road, Suite A-2
Wilmington, NC 28405
Telephone: (910) 900-8078
Facsimile: (910) 900-8045
*Counsel for Plaintiffs*

---

[2] Frankly, the Second Counterclaim is illogical when considering Plaintiffs investment in PCCS. If the allegations were true, Plaintiffs would be damaging their own investment in PCCS.

/s/ John C. Bircher III
John C. Bircher III
N.C. State Bar No. 24119
jcb@dhwlegal.com
Davis Hartman Wright, LLP
209 Pollock Street
New Bern, NC 28560
Telephone: (252) 262-7055
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the forgoing Memorandum in Support of Motion to Dismiss via email to the addresses below:

richard@capefeardebtrelief.com
albutleriii@butlerbutler.com
wilmingtondiver@gmail.com

Date: 04/17/2024

By:    /s/ Thomas S. Babel
      Thomas S. Babel
      N.C. State Bar No. 35004
      thomas@equitaslp.com
      Equitas Law Partners, LLP
      330 Military Cutoff Road, Suite A-2
      Wilmington, NC 28405
      Telephone: (910) 900-8078
      Facsimile: (910) 900-8045
      *Counsel for Plaintiffs*

      /s/ John C. Bircher III
      John C. Bircher III
      N.C. State Bar No. 24119
      jcb@dhwlegal.com
      Davis Hartman Wright, LLP
      209 Pollock Street
      New Bern, NC 28560
      Telephone: (252) 262-7055
      *Counsel for Plaintiffs*