STATE OF NORTH CAROLINA             IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF NEW HANOVER              FILE NO.: 22-CVS-001507

FILED 2022 SEP 28 A 10:49  NEW HANOVER CO., C.S.C. BY_____

| | |
|---|---|
| MARK EASTHAM and PETER SPARK, <br>     Plaintiffs <br><br> v. <br><br> PORT CITY CONTRACTING SERVICES, INC., ROBERT P. SHARPE, STONE BAY TACTICAL, LLC, and SRS SUPPLY, LLC, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )    **PLAINTIFFS' REPLY TO** <br> )    **AMENDED COUNTERCLAIM** <br> ) <br> ) <br> ) <br> ) <br> ) |

NOW COME Plaintiffs Mark Eastham ("Eastham") and Peter Spark ("Spark") through the undersigned counsel, and bring their Reply to Defendants' Port City Contracting Services, Inc.'s ("PCCS'), and Robert P. Sharpe's ("Sharpe") Amended Counterclaim ("Counterclaim") state and aver as follows:

## MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, the First Counterclaim and Second Counterclaim should be dismissed for failure to state a claim. Pursuant to North Carolina law, shareholders do not owe a fiduciary duty to the corporation. In addition, minority members and/or equal shareholders of a corporation do not owe other shareholders a fiduciary duty. Moreover, Sharpe is the majority shareholder of PCCS and, as such, minority members do not hold a fiduciary duty to majority shareholders. In addition, there is no contract between Plaintiffs and Defendant Sharpe or between Plaintiffs and PCCS to support the Second Counterclaim, which is based on Plaintiffs position as shareholders of PCCS. Pursuant to N.C. Gen. Stat. §6-21.5, Plaintiffs should be awarded their reasonable attorneys' fees

A TRUE COPY CLERK OF SUPERIOR COURT NEW HANOVER COUNTY BY: Patricia M. Cherigo Deputy Clerk of Superior Court

related to this Motion to Dismiss because there is an absence of a justiciable issue of either law or fact raised by the First and Second Counterclaim.

## FIRST AFFIRMATIVE DEFENSE
## FACTS

1.  Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 1 of the Counterclaim. To the extent a response is necessary, based on representations made by PCCS to the Court, Plaintiffs deny the allegations set forth in Paragraph No. 1 of the Counterclaim.

2.  Plaintiffs admit that Sharpe has represented to them that Sharpe was diagnosed with post-traumatic stress disorder. Plaintiffs are without sufficient knowledge to admit or deny the remaining allegations set forth in Paragraph No. 2 of the Counterclaim, and to the extent a response is necessary, deny said allegations.

3.  The allegations set forth in Paragraph No.3 are issues of law that are within the purview of the Court. To the extent a response is necessary, Plaintiffs admit, upon information and belief, and pursuant to 13 CFR 125, Subpart B, the allegations set forth in Paragraph No. 3 of the Counterclaim.

4.  Plaintiffs admit Spark was not a service-disabled veteran. Plaintiffs deny the remaining allegations set forth in Paragraph No. 4 of the Counterclaim.

5.  Plaintiffs admit that Eastham was not a service-disabled veteran and admit that Eastham was responsible for tasks he specifically agreed to oversee or handle directly. Plaintiffs deny the remaining allegations set forth in Paragraph No. 5 of the Counterclaim.

6.  In response to the allegations set forth in Paragraph No. 6 of the Counterclaim, said allegations reference the books and records of PCCS, which are written documents, and

represent the best evidence. To the extent that allegations set forth in Paragraph No. 6 conflict with the written books and records of PCCS, said allegations are denied.

7. Plaintiffs deny the allegations set forth in Paragraph No. 7 of the Counterclaim.

8. Plaintiffs admit that on or about December 31, 2020, Spark, based on the approval of Sharpe, issued a payment on behalf of PCCS to Eastham to cover tax liability for income recognized by Eastham as an owner of membership interest in PCCS when it was a limited liability company. Plaintiffs deny the remaining allegations set forth in Paragraph No. 8 of the Counterclaim.

9. Plaintiffs deny the allegations set forth in Paragraph No. 9 of the Counterclaim.

10. Plaintiffs deny the allegations set forth in Paragraph No. 10 of the Counterclaim.

11. Plaintiffs deny the allegations set forth in Paragraph No. 11 of the Counterclaim.

12. Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 12 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph no. 12 of the Counterclaim.

13. Plaintiffs deny the allegations set forth in Paragraph No. 13 of the Counterclaim.

14. Plaintiffs deny the allegations set forth in Paragraph No. 14 of the Counterclaim.

15. Plaintiffs deny the allegations set forth in Paragraph No. 15 of the Counterclaim and further state that Sharpe approved of said December 31, 2020, payment.

16. Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 16 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph no. 16 of the Counterclaim.

17. Plaintiffs deny the allegations set forth in Paragraph No. 17 of the Counterclaim.

18. Plaintiffs admit that Sharpe terminated their employment with PCCS on or about December 14, 2021, and that Sharpe and PCCS failed and refused to pay Plaintiffs for earned compensation and failed to pay for earned 401(k) matching payments in violation of PCCS ERISA governed plan. Plaintiffs are without sufficient knowledge to admit or deny the remaining allegations set forth in Paragraph No. 18 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the remaining allegations set forth in Paragraph no. 18 of the Counterclaim.

19. Plaintiffs deny the allegations set forth in Paragraph 19 of the Complaint.

20. In response to the allegations set forth in Paragraph No. 20 of the Counterclaim, Plaintiffs admit that after sending Sharpe written correspondence related to certain phones, iPads, and laptop, which included payment and/or setoff for the amounts PCCS and Sharpe owed Plaintiff Spark, and after Sharpe and PCCS acknowledged the request and agreed to allow Spark to purchase the equipment, certain accounts were transferred to Spark's personal name and which have been paid by Spark.

21. Plaintiffs deny the allegations set forth in Paragraph No. 21 of the Counterclaim.

22. Plaintiffs deny the allegations set forth in Paragraph No. 22 of the Counterclaim.

23. Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 23 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph no. 23 of the Counterclaim.

24. Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 24 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph no. 24 of the Counterclaim.

25. In response to the allegations set forth in Paragraph No. 25 of the Counterclaim, Plaintiffs state that said allegations are issues of law within the purview of the Court. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 25 of the Counterclaim.

26. In response to the allegations set forth in Paragraph No. 26 of the Counterclaim, Plaintiffs state that said allegations are issues of law within the purview of the Court. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 26 of the Counterclaim. Plaintiffs further state that there is no contract between Plaintiffs based on their role as shareholders of PCCS and no such claim is supported by fact or the law of North Carolina.

27. Plaintiffs admit that PCCS requested Plaintiffs to execute an incomplete and potentially false document. Plaintiffs further state that they, in writing, specifically requested certain information be provided by PCCS in order for verification of the representations on the form and would execute said form upon production of said information. PCCS, and/or Sharpe, refused to provide the information. Evidence of this exchange between the parties has been provided to the Court during the hearing on Plaintiffs' Motion for Preliminary Injunction, which was granted by the Court. Plaintiffs deny the remaining allegations set forth in Paragraph No. 27 of the Complaint.

28. In response to the allegations set forth in Paragraph No. 28 of the Counterclaim, Plaintiffs state that said allegations are issues of law within the purview of the Court. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 28 of the Counterclaim.

29. In response to the allegations set forth in Paragraph No. 29 of the Counterclaim, Plaintiffs state that said allegations are issues of law within the purview of the Court. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 29 of the Counterclaim.

30. Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 30 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph no. 30 of the Counterclaim.

31. Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 31 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph no. 31 of the Counterclaim.

32. Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 32 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph no. 32 of the Counterclaim.

33. In response to the allegations set forth in Paragraph No. 33 of the Counterclaim, Plaintiffs state that said allegations are issues of law within the purview of the Court. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 33 of the Counterclaim.

34. In response to the allegations set forth in Paragraph No. 34 of the Counterclaim, Plaintiffs state that said allegations are issues of law within the purview of the Court. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 34 of the Counterclaim.

**FIRST COUNTERCLAIM**
(Breach of Fiduciary Duty)

35. Plaintiffs incorporate, as rewritten herein, the allegations, denials, admissions, and averments as set forth in Paragraph No. 1 through 34.

36. In response to the allegations set forth in Paragraph No. 36 of the Counterclaim, Plaintiffs state that said allegations are issues of law within the purview of the Court. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 36 of the Counterclaim.

37. In response to the allegations set forth in Paragraph No. 37 of the Counterclaim, Plaintiffs state that said allegations are issues of law within the purview of the Court. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 37 of the Counterclaim. Plaintiffs further specifically deny that minority shareholders of a North Carolina corporation owe a fiduciary duty to other shareholders of the same corporation or to the corporation itself.

38. In response to the allegations set forth in Paragraph No. 38 of the Counterclaim, Plaintiffs state that said allegations are issues of law within the purview of the Court. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 38 of the Counterclaim. Plaintiffs further specifically deny that minority shareholders of a North Carolina corporation owe a fiduciary duty to other shareholders of the same corporation or to the corporation itself.

39. Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 39 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 39 of the Counterclaim.

40. In response to the allegations set forth in Paragraph No. 40 of the Counterclaim, Plaintiffs state that said allegations are issues of law within the purview of the Court. To the

extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 40 of the Counterclaim.

41. Plaintiffs deny the allegations set forth in Paragraph No. 41 of the Counterclaim.

42. In response to the allegations set forth in Paragraph No. 42 of the Counterclaim, Plaintiffs state that said allegations are issues of law within the purview of the Court. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 42 of the Counterclaim.

43. Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 43 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 43 of the Counterclaim.

44. Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 44 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 44 of the Counterclaim.

45. Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 45 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 45 of the Counterclaim.

46. Plaintiffs deny the allegations set forth in Paragraph No. 46 of the Counterclaim.

47. Plaintiffs deny the allegations set forth in Paragraph No. 47 of the Counterclaim.

## SECOND COUNTERCLAIM
(Breach of Contract)

48. Plaintiffs incorporate, as rewritten herein, the allegations, denials, admissions, and averments as set forth in Paragraph No. 1 through 47.

49. Plaintiffs deny the allegations set forth in Paragraph No. 49 of the Counterclaim.

50. Plaintiffs deny the allegations set forth in Paragraph No. 50 of the Counterclaim.

51. Plaintiffs deny the allegations set forth in Paragraph No. 51 of the Counterclaim.

52. Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 52 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 52 of the Counterclaim.

53. Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 53 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 53 of the Counterclaim.

54. Plaintiffs deny the allegations set forth in Paragraph No. 54 of the Counterclaim.

55. Plaintiffs deny the allegations set forth in Paragraph No. 55 of the Counterclaim.

## THIRD COUNTERCLAIM
(Conversion – Spark)

56. Plaintiffs incorporate, as rewritten herein, the allegations, denials, admissions, and averments as set forth in Paragraph No. 1 through 55.

57. Plaintiffs deny the allegations set forth in Paragraph No. 57 of the Counterclaim.

58. Plaintiffs deny the allegations set forth in Paragraph No. 58 of the Counterclaim.

59. Plaintiffs deny the allegations set forth in Paragraph No. 59 of the Counterclaim.

60. Plaintiffs deny the allegations set forth in Paragraph No. 60 of the Counterclaim.

61. Plaintiffs deny the allegations set forth in Paragraph No. 61 of the Counterclaim.

## FOURTH COUNTERCLAIM
(In the Alternative – Unjust Enrichment)

62. Plaintiffs incorporate, as rewritten herein, the allegations, denials, admissions, and averments as set forth in Paragraph No. 1 through 61.

63. Plaintiffs deny the allegations set forth in Paragraph No. 63 of the Counterclaim.

64. Plaintiffs deny the allegations set forth in Paragraph No. 64 of the Counterclaim.

65. Plaintiffs deny the allegations set forth in Paragraph No. 65 of the Counterclaim.

66. Plaintiffs deny the allegations set forth in Paragraph No. 66 of the Counterclaim.

**FIFTH COUNTERCLAIM**
(Defamation – Eastham)

67. Plaintiffs incorporate, as rewritten herein, the allegations, denials, admissions, and averments as set forth in Paragraph No. 1 through 66.

68. Plaintiffs admit that Eastham communicated with Mary Puncochar on or about July 8, 2022. Plaintiffs deny the remaining allegations set forth in Paragraph No. 68 of the Counterclaim.

69. In response to the allegations set forth in Paragraph No. 69 of the Counterclaim, Plaintiffs state that said claims reference a written document, which is the best evidence. To the extent the allegations set forth in Paragraph No. 69 conflict with the allegations set forth in Paragraph No. 69 of the Counterclaim, said claims are denied.

70. Plaintiffs deny the allegations set forth in Paragraph No. 70 of the Counterclaim.

71. In response to the allegations set forth in Paragraph No. 71 of the Counterclaim, Plaintiffs state that said claims reference a written document, which is the best evidence. To the extent the allegations set forth in Paragraph No. 71 conflict with the allegations set forth in Paragraph No. 71 of the Counterclaim, said claims are denied.

72. Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 72 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 72 of the Counterclaim.

73. In response to the allegations set forth in Paragraph No. 73 of the Counterclaim, Plaintiffs state that said allegations are issues of law within the purview of the Court. To the

extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 73 of the Counterclaim.

74. Plaintiffs deny the allegations set forth in Paragraph No. 74 of the Counterclaim.

75. Plaintiffs deny the allegations set forth in Paragraph No. 75 of the Counterclaim.

76. Plaintiffs deny the allegations set forth in Paragraph No. 76 of the Counterclaim.

77. Plaintiffs admit that a judgment was entered against PCCS for fraud based on the conduct of Sharpe. Plaintiffs deny the remaining allegations set forth in Paragraph No. 77 of the Counterclaim.

78. Plaintiffs deny the allegations set forth in Paragraph No. 78 of the Counterclaim.

79. Plaintiffs deny the allegations set forth in Paragraph No. 79 of the Counterclaim and allegations contain therein conflict with representations made by PCCS and Sharpe to the Court.

80. Plaintiffs deny the allegations set forth in Paragraph No. 80 of the Counterclaim.

81. Plaintiffs deny the allegations set forth in Paragraph No. 81 of the Counterclaim.

82. Plaintiffs deny the allegations set forth in Paragraph No. 82 of the Counterclaim.

83. Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 83 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 83 of the Counterclaim.

84. Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 84 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 84 of the Counterclaim.

85. Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 85 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 85 of the Counterclaim.

86. Plaintiffs deny the allegations set forth in Paragraph No. 86 of the Counterclaim.

87. Plaintiffs deny the allegations set forth in Paragraph No. 87 of the Counterclaim.

88. Plaintiffs deny the allegations set forth in Paragraph No. 88 of the Counterclaim.

89. Plaintiffs deny the allegations set forth in Paragraph No. 89 of the Counterclaim.

90. Plaintiffs deny the allegations set forth in Paragraph No. 90 of the Counterclaim.

91. Plaintiffs deny the allegations set forth in Paragraph No. 91 of the Counterclaim.

92. Plaintiffs are without sufficient knowledge to admit or deny the allegations set forth in Paragraph No. 92 of the Counterclaim. To the extent a response is necessary, Plaintiffs deny the allegations set forth in Paragraph No. 92 of the Counterclaim.

## SECOND AFFIRMATIVE DEFENSE

93. Defendants' Counterclaim should be dismissed in full or in part pursuant to the defense of truth of the statement, opinion, and/or qualified purpose or immunity.

## THIRD AFFIRMATIVE DEFENSE

94. Defendants' Counterclaim should be dismissed in full or in part for lack of consideration.

## FOURTH AFFIRMATIVE DEFENSE

95. Defendants' Counterclaim should be dismissed in full or in part under the doctrines of laches, bad faith, and unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

96. Defendants' Counterclaim should be dismissed in full or in part under the doctrines of estoppel and judicial estoppel.

## SIXTH AFFIRMATIVE DEFENSE

97. Defendants' Counterclaim should be dismissed in full or in part under the Noerr-Pennington exemption and/or the First Amendment to the U.S. Constitution.

WHEREFORE, Plaintiffs pray the Court as follows:

1. That the Counterclaim be dismissed with prejudice;
2. That Defendants be awarded no relief of damages as so sought in the Counterclaim;
3. That Plaintiffs be awarded costs and reasonable attorneys' fees; and
4. For such other relief that this Court deems just and proper.

RESPECTFULLY SUBMITTED, this the 28th day of September 2022.

Davis Hartman Wright LLP
P.O. Box 11320 (28404)
3819 Park Avenue, Suite B
Wilmington, NC 28403
Telephone and Facsimile: (910) 756-4070

By: _____
Thomas S. Babel
N.C. State Bar No. 35004
tsb@dhwlegal.com
*Counsel for Plaintiffs Mark Eastham and Peter Spark*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **Reply to the Amended Counterclaim** by the following means:

☑ By causing to be delivered to the party(ies) via electronic mail to the electronic mail address indicated below:
wcreiss@reissnutt.com

This the 28th day of September 2022.

_____
Thomas S. Babel
*Counsel for Plaintiffs Mark Eastham and Peter Spark*