SO ORDERED.

SIGNED this 1 day of July, 2024.

_____
**David M. Warren**
**United States Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 22-02917-5-DMW |
| PORT CITY CONTRACTING SERVICES, INC. | CHAPTER 7 |
| DEBTOR | |

| | |
|---|---|
| MARK EASTHAM and PETER SPARK<br>PLAINTIFFS<br><br>vs.<br><br>PORT CITY CONTRACTING SERVICES, INC., ROBERT PAUL SHARPE, STONE BAY TACTICAL, LLC, and SRS SUPPLY, LLC<br>DEFENDANTS | ADVERSARY PROCEEDING NO.<br>23-00089-5-DMW |

**ORDER SETTING ASIDE ORDER ON MOTION TO SHOW CAUSE**

This matter comes before the court upon the oral motion of Mark Eastham and Peter Spark ("Plaintiffs") made by counsel during hearings held in this adversary proceeding ("AP") on June 20, 2024 in Wilmington, North Carolina, requesting the court to set aside its Order on Motion to Show Cause ("Show Cause Order") entered on October 16, 2023. John C. Bircher III, Esq.

appeared for the Plaintiffs, Algernon L. Butler III, Esq. ("Trustee") appeared in his capacity as Chapter 7 trustee for Port City Contracting Services, Inc., and Robert Paul Sharpe ("Mr. Sharpe") appeared *pro se*. Charles M. Ivey III, Esq., counsel for DaVinci Company, LLC and DaVinci Aerospace, LLC, and Elizabeth C. Taylor, Esq., counsel for Daniel Shoaf, were also present at the hearings. Based upon the court record of the AP and statements of the parties, the court makes the following findings of fact and conclusions of law:

1. On September 23, 2023, Mr. Sharpe initiated the AP by filing a Notice of Removal of Pending Civil Superior Court Action to the United States Bankruptcy Court for the Eastern District of North Carolina, removing a civil action, File Number 22-CVS-001507 ("Action") from the New Hanover County, North Carolina General Court of Justice, Superior Court Division ("State Court") pursuant to 28 U.S.C. § 1452(a).

2. On October 16, 2023, the court entered the Show Cause Order, directing Mr. Sharpe to remove social media postings and to not make additional social media postings or other publications or communications about the Plaintiffs which would be a violation of a Preliminary Restraining Order entered by the State Court on September 26, 2022.

3. On January 2, 2024, Mr. Sharpe filed a Petition for Writ of Mandamus with the United States Court of Appeals for the Fourth Circuit, requesting a determination that the Show Cause Order violates the United States Constitution and a bar of court-enforcement of the Show Cause Order.

4. On June 20, 2024, the court entered an Order Approving and Authorizing Compromise of Controversy which approves a mediated settlement ("Settlement") of claims and counterclaims in the Action between the Plaintiffs and the Trustee.

5.      After the Settlement, the only matters remaining in the Action for adjudication are claims and a counterclaim between the Plaintiffs and Mr. Sharpe; therefore, the court is remanding the Action to the State Court by separate order to be entered forthwith.

6.      Due to the Settlement and pending remand of the Action to State Court, the Plaintiffs request the court to set aside the Show Cause Order.

7.      The court agrees that it should vacate the Show Cause Order. This is equivalent to the relief sought by Mr. Sharpe in the Writ of Mandamus and will allow the State Court to enforce or reconsider its Preliminary Restraining Order as it deems appropriate; now therefore,

It is ORDERED, ADJUDGED, and DECREED that the Show Cause Order entered on October 16, 2023 (DE #10) be, and hereby is, vacated and set aside.

END OF DOCUMENT