

**SO ORDERED.**

**SIGNED this 1 day of July, 2024.**

_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 22-02917-5-DMW |
| PORT CITY CONTRACTING SERVICES, INC. | CHAPTER 7 |
| DEBTOR | |

| | |
|---|---|
| MARK EASTHAM and PETER SPARK | |
| PLAINTIFFS | |
| vs. | |
| PORT CITY CONTRACTING SERVICES, INC., ROBERT PAUL SHARPE, STONE BAY TACTICAL, LLC, and SRS SUPPLY, LLC | ADVERSARY PROCEEDING NO. 23-00089-5-DMW |
| DEFENDANTS | |

### ORDER REMANDING CIVIL ACTION TO STATE COURT

This matter comes before the court *sua sponte*. Based upon the court records of this adversary proceeding ("AP"), the Chapter 13 bankruptcy case, Case Number 23-00607-5-DMW ("Sharpe Case"), of Robert Paul Sharpe ("Mr. Sharpe"), and the Chapter 7 bankruptcy case, Case Number 22-02917-5-DMW ("PCCS Case"), of Port City Contracting Services, Inc. ("PCCS"), the court makes the following findings of fact and conclusions of law:

1. PCCS initiated the PCCS Case on December 16, 2022, and the court appointed Algernon L. Butler III, Esq. ("Trustee") as Chapter 7 trustee to administer the estate pursuant to 11 U.S.C. § 704.

2. Mr. Sharpe initiated the Sharpe Case on March 3, 2023.

3. On September 23, 2023, Mr. Sharpe initiated the AP by filing in the Sharpe Case a Notice of Removal of Pending Civil Superior Court Action to the United States Bankruptcy Court for the Eastern District of North Carolina, removing a civil action, File Number 22-CVS-001507 ("Action") from the New Hanover County, North Carolina General Court of Justice, Superior Court Division ("State Court") pursuant to 28 U.S.C. § 1452(a).

4. On January 2, 2024, Mr. Sharpe filed in the Sharpe Case a Motion for Voluntary Dismissal pursuant to 11 U.S.C. § 1307(b). On January 5, 2024, the court entered an Order of Voluntary Dismissal, granting this motion and dismissing the Sharpe Case.

5. On January 17, 2024, the court entered in the AP a Consent Order Substituting Trustee as Real Party in Interest and Amending Case Caption which substituted the Trustee for PCCS as a defendant in the Action and changed the AP's association from the dismissed Sharpe Case to the PCCS Case.

6. On June 20, 2024, the court entered in the PCCS Case and in the AP an Order Approving and Authorizing Compromise of Controversy ("Compromise Order") which approves a mediated settlement ("Settlement") of claims and counterclaims[1] in the Action between Mark Eastham and Peter Spark ("Plaintiffs") and the Trustee.

---

[1] Although some of the settled counterclaims were asserted also by Mr. Sharpe, he assigned his interest in those counterclaims to the Trustee pursuant to a Consent Order on Trustees' Joint Application to Employ Special Counsel entered on July 25, 2023 in both the PCCS Case and the Sharpe Case.

7. After the Settlement, the matters remaining in the Action for adjudication are as follows:

    a. Seventh Claim for Relief of Defamation asserted by the Plaintiffs against Mr. Sharpe;

    b. Eleventh Claim for Relief of Abuse of Process asserted by the Plaintiffs against Mr. Sharpe;

    c. Twelfth Claim for Relief of Intentional and Negligent Infliction of Emotional Distress asserted by the Plaintiffs against Mr. Sharpe; and

    d. Fifth Counterclaim of Defamation asserted by Mr. Sharpe against the Plaintiffs and more specifically directed against Mark Eastham.

8. The Action is not a core proceeding within the meaning of 28 U.S.C. § 157(b); however, at the time of removal from the State Court, the Action was presumably "related to" the Sharpe Case and the PCCS Case, giving the court jurisdiction pursuant to 28 U.S.C. § 1334(b). The dismissal of the Sharpe Case followed by the Settlement eradicates any relation to the bankruptcy cases and warrants equitable remand of the Action to the State Court pursuant to 28 U.S.C. § 1452(b).

9. This district recognizes eleven factors to consider when determining whether a removed action should be equitably remanded to a state court: 1) the effect of the action on the administration of the bankrupt estate; 2) the extent to which issues of state law predominate; 3) the difficulty of applicable state law; 4) comity; 5) the relatedness or remoteness of the action to the bankruptcy estate; 6) the existence of a right to a jury trial; 7) prejudice to the party involuntarily removed from state court; 8) judicial economy; 9) *forum non conveniens*; 10) the expertise of the original court; and 11) the possibility of inconsistent results. *Sowell v. U.S. Bank Trust Nat. Ass'n*,

317 B.R. 319, 322-23 (E.D.N.C. 2004) (citing *Blanton v. IMN Fin. Corp.*, 260 B.R. 257, 265 (M.D.N.C. 2001); *Williams v. Shell Oil*, 169 B.R. 684, 692-93 (S.D. Cal. 1994)).

10. All claims and counterclaims asserted in the Action involve exclusively North Carolina law, and although this court is qualified and able to adjudicate the claims and counterclaim remaining after the Settlement, the results will not affect administration of the PCCS Case, thus comity dictates deferring to the State Court. The Plaintiffs, who were involuntarily removed to this court, have indicated a post-Settlement desire to return to the State Court. Given this preference, it is unlikely that the Plaintiffs would consent pursuant to 28 U.S.C. § 157(e) to this court conducting a jury trial, something which has been demanded by the Plaintiffs and by Mr. Sharpe.

11. The following motions are pending in the Action and will be ripe for adjudication by the State Court upon remand:

    a. Restatement of Motion to Dismiss Counterclaims (DE #100) filed by the Plaintiffs on April 17, 2024, to the extent it seeks dismissal of the counterclaim asserted by Mr. Sharpe against the Plaintiff which survived the Settlement;

    b. Motion to Dismiss (DE #107) filed by Mr. Sharpe on May 6, 2024; and

    c. Emergency Motion to Stay (DE #123) filed by Mr. Sharpe on June 10, 2024.[2]

---

[2] Mr. Sharpe filed this Emergency Motion for Stay in the AP; however, it is captioned for the PCCS Case. DaVinci noted this discrepancy in its Response in Objection to Emergency Motion for Stay filed on June 17, 2024 and objects to the extent that Mr. Sharpe is seeking a stay of the Order Approving and Authorizing Compromise of Controversy (DaVinci Entities) ("DaVinci Compromise Order") entered on May 30, 2024 in the PCCS Case pending his appeal of the DaVinci Compromise Order to the United States District Court for the Eastern District of North Carolina ("District Court"). The Trustee filed a Chapter 7 Trustee's Objection to Emergency Motion for Stay on June 18, 2024, joining DaVinci in this concern.

The Emergency Motion to Stay was not filed in the PCCS Case, and the court does not consider it a proper motion for stay of the DaVinci Compromise Order pending appeal. Unless an order is entered by either this court or the District Court staying specifically the DaVinci Compromise Order pursuant to Rule 8007 of the Federal Rules of Bankruptcy Procedure, the DaVinci Compromise Order is not stayed and remains in full force and effect.

12. The court will not delay the completion and closing of the PCCS Case by retaining the Action which now has remote, if any, relation to the PCCS Case; now therefore,

It is ORDERED, ADJUDGED, and DECREED as follows:

1. The Action be, and hereby is, remanded to the State Court; and

2. The Clerk of this court shall mail a certified copy of this Order and record of the AP to the Clerk of the State Court.

END OF DOCUMENT