SO ORDERED.

SIGNED this 17 day of July, 2024.

_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 22-02917-5-DMW |
| PORT CITY CONTRACTING SERVICES, INC. | CHAPTER 7 |
| DEBTOR | |

| | |
|---|---|
| MARK EASTHAM and PETER SPARK<br>PLAINTIFFS<br><br>vs.<br><br>ALGERNON L. BUTLER III, TRUSTEE FOR PORT CITY CONTRACTING SERVICES, INC., ROBERT PAUL SHARPE, STONE BAY TACTICAL, LLC, and SRS SUPPLY, LLC,<br>DEFENDANTS | ADVERSARY PROCEEDING NO.<br>23-00089-5-DMW |

### RECOMMENDATION FOR DISMISSAL OF APPEAL AND
### DEFERRAL OF MOTION FOR CERTIFICATION OF DIRECT APPEAL

This matter comes before the court *sua sponte* upon the Notice of Appeal filed by Robert Paul Sharpe ("Appellant") on July 2, 2024, appealing the Order Remanding Civil Action to State Court ("Remand Order") entered on July 1, 2024, and upon the Motion for Direct Appeal and Designation of Record ("Motion for Certification") filed by the Appellant on July 16, 2024.

In a Memorandum dated July 2, 2024, the court directed the Appellant to file by July 16, 2024 a designation of items to be included in the record on appeal and a statement of issues to be presented pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure. The Appellant failed to comply timely and has not filed the required designation and statement; however, on July 16, 2024, the Appellant filed a Motion for Leave to Use the Original Record on Appeal ("Record Motion"), requesting leave to use the "original record on appeal" in matters arising from this adversary proceeding. The court is unclear about what the Appellant is seeking through the Record Motion but does not interpret the Record Motion to satisfy the requirements of Rule 8009 or as a request to extend the time for complying with Rule 8009.[1] In addition, the Remand Order, which remands this action pursuant to 28 U.S.C. § 1452(b), "is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title." 28 U.S.C. § 1452(b). Accordingly, the court recommends to the United States District Court for the Eastern District of North Carolina ("District Court") that the appeal be dismissed summarily for failure to comply with Rule 8009 and for lack of appellate jurisdiction.

The Motion for Certification requests the court to certify a direct appeal of the Remand Order to the United States Court of Appeals for the Fourth Circuit.[2] Pursuant to Rules 8006(b) and (d) of the Federal Rules of Bankruptcy Procedure, the court will lose jurisdiction over the Motion for Certification on August 1, 2024, when the matter becomes pending in the District Court. Rule 8006(f)(3) provides parties to the appeal with fourteen (14) days to file a response to the Motion for Certification. This time period expires just prior to expiration of the court's ability to certify a

---

[1] The court scheduled a hearing on the Record Motion for August 29, 2024.

[2] The Motion for Certification also contains a request to use the "original record on appeal" which is duplicative of the Record Motion scheduled for hearing on August 29, 2024 and need not be addressed as part of the Motion for Certification.

direct appeal, if warranted. Due to this timing as well as the recommendation for dismissal of the appeal, the court declines to consider the Motion for Certification and defers the matter for consideration by the District Court, should it choose not to dismiss the appeal.

END OF DOCUMENT