IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CONSOLIDATED ORDER

| | |
|---|---|
| ROBERT PAUL SHARPE,<br><br>　　　　Appellant,<br><br>v.<br><br>PETER SPARK, et al.,<br><br>　　　　Appellees. | Case No. 7:24-CV-00556-M |

| | |
|---|---|
| ROBERT PAUL SHARPE,<br><br>　　　　Appellant,<br><br>v.<br><br>PETER SPARK, et al.,<br><br>　　　　Appellees. | Case No. 7:24-CV-00600-M |

| | |
|---|---|
| ROBERT PAUL SHARPE,<br><br>　　　　Appellant,<br><br>v.<br><br>STEPHANIE J. BUTLER, et al.,<br><br>　　　　Appellees. | Case No. 7:24-CV-00729-M |

These matters come before the court on several notices of appeal filed by Appellant, all of which target orders entered by the Bankruptcy Court of this District in two separate adversary

1

proceedings.[1] In Case No. 7:24-CV-556 (the "First Appeal"), Appellant seeks review of an order remanding an adversary proceeding (Case No. 23-AP-00089-5-DMW) to state court. Case No. 7:24-CV-556, DE 1 at 1. In Case No. 7:24-CV-600 (the "Second Appeal"), Appellant seeks review of an order dismissing a separate adversary proceeding (Case No. 24-AP-00035-5-DMW) for lack of subject matter jurisdiction. Case No. 7:24-CV-600, DE 1 at 1. And in Case No. 7:24-CV-729 (the "Third Appeal"), Appellant seeks review of an order denying him in forma pauperis ("IFP") status in the same adversary proceeding that is the subject of the Second Appeal. Case No. 7:24-CV-729, DE 1 at 1.

The First Appeal is subject to dismissal due to Appellant's recurrent disregard of the procedural rules. As to that filing,[2] the Bankruptcy Judge sua sponte recommended that this court dismiss the appeal due to Appellant's failure to file a designation of items to be included in the record on appeal and a statement of the issues to be presented. Case No. 7:24-CV-556, DE 3 at 2. The designation and statement of issues must be filed within 14 days after the filing of a notice of appeal. Fed. R. Bankr. P. 8009(a)(1)(A).

---

[1] Both adversary proceedings are associated with the Chapter 7 bankruptcy proceeding of Port City Contracting Services, Inc., an entity in which Appellant held controlling stock. *See In re Port City Contracting Servs.*, 5:22-BK-2917-DMW, (Bankr. E.D.N.C. 2022)

[2] The court notes the Bankruptcy Court's and Appellees' position that the relevant statute forecloses appellate review of an order from the Bankruptcy Court that remands an action to state court on equitable grounds. *See* DE 2-1 at 1-2; DE 3 at 2; 28 U.S.C. § 1452(b); *Sykes v. Texas Air Corp.*, 834 F.2d 488, 489 (5th Cir. 1987). But the weight of authority suggests that appellate review is only unavailable in "the court of appeals." 28 U.S.C. § 1452(b). "If the bankruptcy court remands a case, an appeal to the district court is permitted." *In re Ramada Inn-Paragould Gen. P'ship*, 138 B.R. 63, 64 (Bankr. E.D. Ark. 1992) (citing legislative history that amendment to Section 1452 "forbid[s] only appeals from the district courts to the courts of appeals, not from bankruptcy courts to the district courts"); *accord In re Maison Royale, LLC*, No. 23-6191, 2024 WL 2510725, at *4 (E.D. La. May 24, 2024); *Ludwig & Robinson, PLLC v. Yelverton L. Firm, PLLC*, No. 11-CV-1452, 2012 WL 12905556, at *2 (D.D.C. May 3, 2012); *In re Gold Messenger, Inc.*, 221 B.R. 259, 261 (D. Colo. 1998); *In re Traylor*, 192 B.R. 255, 257 (M.D. Ala. 1995); *Scherer v. Carroll*, 150 B.R. 549, 551 (D. Vt. 1993); *In re Borelli*, 132 B.R. 648, 649 (N.D. Cal. 1991); *In re GF Corp.*, 127 B.R. 384, 385 (Bankr. N.D. Ohio 1991); *In re Clark*, 127 B.R. 351, 353 (W.D.N.C. 1991) (all concluding that appeal of remand order may be taken to district court). Accordingly, the court finds that it has subject matter jurisdiction over the First Appeal. *Cf. Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 86-87 (1982).

Approximately 70 days after filing his notice of appeal, Appellant filed a designation of items to be included in the record on appeal. Case No. 23-AP-00089-5-DMW, DE 175. Two days later, he added another designation. Case No. 23-AP-00089-5-DMW, DE 177. Four days after that, he filed another designation. Case No. 23-AP-00089-5-DMW, DE 179. All of these filings are deficient because Appellant has failed to identify a single issue to be presented, much less "a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1)(A). This requirement is not gratuitous; it "helps provide the appellee with the scope of the appeal so that the appellee can adequately address and argue the appeal." *In re Dunlap*, No. 3:16-CV-00037, 2017 WL 374915, at *2 (W.D.N.C. Jan. 25, 2017), *aff'd*, 697 F. App'x 176 (4th Cir. 2017).

Appellant's failure to provide notice of any issues to be raised in the First Appeal precludes meaningful review by this court and operates to the prejudice of Appellees. It also constitutes a waiver of any issue he has not raised, which in this case amounts to any issue he could raise. *In re GGM, P.C.*, 165 F.3d 1026, 1031 (5th Cir. 1999). This court recently reminded Appellant that his "failure to comply with Federal Bankruptcy Rule 8009(a)(1)(A)" is grounds for "dismissing the appeal." *Sharpe v. Butler*, No. 7:24-CV-00456, 2024 WL 4182587, at *1 (E.D.N.C. Sept. 13, 2024). Appellant failed to heed that reminder, and his negligent noncompliance with the procedural rules warrants dismissal of the First Appeal. *In re Broadnax*, 122 F. App'x 81, 82 (4th Cir. 2005); *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992).

The Bankruptcy Judge has also recommended that this court dismiss the Second and Third Appeals because Appellant has not paid the requisite filing fee for either appeal. Case No. 7:24-CV-600, DE 12 at 2; Case No. 7:24-CV-729, DE 3 at 2. Rather than dismiss the Second and Third Appeal outright, and out of an abundance of caution, the court will offer Appellant an opportunity to either (1) pay the filing fee for each appeal or (2) show cause why the court should waive

3

payment of the fees. *See* 28 U.S.C. §§ 1915(a)(1) & 1930(f). A statement that Appellant has received IFP status from another court in another case will be insufficient to establish cause, and the court advises Appellant to review the relevant statutes prior to requesting waiver of the filing fees.

Case No. 7:24-CV-556 is DISMISSED, and Appellant SHALL file a response to this order in each of cases 7:24-CV-600 and 7:24-CV-729 on or before October 18, 2024.

SO ORDERED this 10th day of October, 2024.

*Richard E Myers II*

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE